# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-31336-JBS |
| | ) | |
| DVORKIN HOLDINGS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | Hearing Date:  September 27, 2013 |
| | ) | Hearing Time:  10:30 a.m. prevailing CT |

**NOTICE OF CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING
SETTLEMENT AGREEMENT WITH CERTAIN DVORKIN FAMILY MEMBERS AND
FAMILY TRUSTS, GOLDFARB PROPERTIES, LLC, AFTER-WORDS, INC., AND
DH-EK MANAGEMENT CORP. UNDER BANKRUPTCY RULE 9019(A)**

**TO:     ALL PARTIES ON ATTACHED SERVICE LIST**

> **PLEASE TAKE NOTICE** that on **Friday, September 27, 2013, at 10:30 a.m.
prevailing Central Time**, the undersigned shall appear before the Honorable Jack B.
Schmetterer, Bankruptcy Judge of the United States Bankruptcy Court for the Northern District
of Illinois, in the courtroom normally occupied by His Honor, Courtroom 682, at 219 South
Dearborn Street, Chicago, Illinois, and then and there we shall present the **Chapter 11 Trustee's
Motion For Order Approving Settlement Agreement With Certain Dvorkin Family
Members and Family Trusts, Goldfarb Properties, LLC, After-Words, Inc., and DH-EK
Management Corp. Under Bankruptcy Rule 9019(a)**, a copy of which is attached hereto and
herewith served upon you.

Dated:  August 30, 2013

Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 11 Trustee of Debtor's Estate

By:/s/ James B. Sowka
    Gus A. Paloian (6188186)
    gpaloian@seyfarth.com
    James B. Sowka (6291998)
    jsowka@seyfarth.com
    Bret M. Harper (6299968)
    bharper@seyfarth.com
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois  60603
    Telephone:  (312) 460-5000
    *Counsel to Chapter 11 Trustee Gus A. Paloian*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that he caused a true and correct copy of the foregoing

**Notice of Motion and Chapter 11 Trustee's Motion For Order Approving Settlement**

**Agreement With Certain Dvorkin Family Members and Family Trusts, Goldfarb**

**Properties, LLC, After-Words, Inc., and DH-EK Management Corp. Under Bankruptcy**

**Rule 9019(a)** to be served (1) electronically through the Court's Electronic Notice for

Registrants on all persons identified as Registrants on the appended Service List, and (2) via First

Class U.S. Mail, postage prepaid, to those other parties identified on the attached Service List on

this 30th day of August, 2013.


/s/James B. Sowka

**DVORKIN HOLDINGS, LLC**
**Case No.  12-31336**

**CM/ECF ELECTRONIC MAIL DISTRIBUTION**

Samantha Babcock
sbabcock@chuhak.com;
rsaldivar@chuhak.com

Kurt M. Carlson
Counsel for BMO Harris Bank
kcarlson@carlsondash.com;
knoonan@carlsondash.com

Gary I. Blackman
Counsel for Michael Tuchman, Levenfeld
Pearlstein, LLC
gblackman@lplegal.com;
slevandowski@lplegal.com;
druiz@lplegal.com

Michael J. Davis
Counsel for Dvorkin Holdings, LLC
mdavis@archerbay.com;
davislaw80@gmail.com

Jonathan M. Cyrluk
Counsel for Trustee, Gus A. Paloian
cyrluk@carpenterlipps.com;
haas@carpenterlipps.com

Robert M. Fishman
Counsel for Blue Star Gearing, LLC
rfishman@shawfishman.com

Jeffrey W. Finke
Counsel for Albany Bank &Trust N.A.
jwfinke@mindspring.com

Joshua D. Green
Counsel for Dvorkin Holdings, LLC
jgreene@archerbay.com;
llarson@archerbay.com

Matthew T. Gensburg
Counsel for River Source Life Insurance Co.
gensburgm@gtlaw.com;
chidocket@gtlaw.com;
ChiBkyDocket@gtlaw.com;
greenbergc@gtlaw.com;
sullivanka@gtlaw.com

David A. Kallick
Counsel for First Nations Bank
dkallick@tishlerandwald.com

Michael J. Gunderson
Counsel for Focus VI, LLC
mgunderson@gundersontharp.com;
lopez@gundersontharp.com

Gina B. Krol
Counsel for: Francine Dvorkin; Beverly
Dvorkin; Aaron Dvorkin
gkrol@cohenandkrol.com;
jhazdra@cohenandkrol.com;
pmchugh@cohenandkrol.com

David L. Kane
Counsel for First Merit Bank N.A.
dkane@mpslaw.com; dnichols@mpslaw.com;
mpslawllc@gmail.com; jlitwin@mpslaw.com

Patrick S. Layng
Office of the U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

Forrest B. Lammiman
Counsel for First Merit Bank, N.A.
flammiman@mpslaw.com;
dkane@mpslaw.com; srogovin@mpslaw.com;
dnichols@mpslaw.com;
mpslawllc@gmail.com; jlitwin@mpslaw.com

Emily N. Masalski
Counsel for Centier Bank
masalski@dlec.com; Richards@dlec.com;
shump@dlec.com; emasalski@yahoo.com;
stein@dlec.com

David P. Leibowitz
Counsel for Bette Lynn Lavere, Frank Lavere
dleibowitz@lakelaw.com;
czuniga@lakelaw.com; jstorer@lakelaw.com;
ecf@lakelaw.com

Kevin H. Morse
Counsel for Chapter 7 Trustee Ilene F.
Goldstein
khmorse@arnstein.com

Colleen E. McManus
Counsel for BMO Harris Bank
cmcmanus@carlsondash.com;
knoonan@carlsondash.com
jbubacz@carlsondash.com

Marc S. Reiser
Counsel for Blue Star Gearing
mreiser@shawfishman.com;
jhampton@shawfishman.com

Rebecca D. Rosenthal
Counsel for River Source Life
Insurance Co.
rosenthalr@gtlaw.com

Jean Soh
Counsel for ColFin Bulls Funding A, LLC
jsoh@polsinelli.com

Lawrence A. Stein
Counsel for Dvorkin Children's Trust
lstein@huckbouma.com;
lkoster@huckbouma.com

Jerry L. Switzer
Counsel for ColFin Bulls Funding A, LLC
jswitzer@polsinelli.com

William W. Thorsness
Counsel for Asset Liquidators, LLC
wthorsness@vedderprice.com;
ecfdocket@vedderprice.com

Michael L. Tinaglia
Counsel for International Bank of Chicago
mltinaglia@tinaglialaw.com;
jmwretzky@tinaglialaw.com

Stephen G. Wolfe
Office of the U.S. Trustee
steve.g.wolfe@usdoj.gov;
jennifer.r.toth@usdoj.gov

## SERVICE LIST

### VIA UNITED STATES MAIL

Patrick S. Layng
c/o Stephen G. Wolfe
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL  60604

Andrew Baumann
Tishler & Wald
200 S. Wacker Drive, Suite 300
Chicago, IL  60606

North Shore Bank
7800 Lincoln Avenue
Skokie, IL  60077

George E. Sang
Schoenberg Finkel Newman &Rosenberg LLC
222 S. Riverside Plaza, Suite 2100
Chicago, IL  60606

Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

1 Transam Plaza (Oakbrook Terrace) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

1000 N. Halsted LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11 Aurora,
IL 60505

1055 W 175th (Homewood) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11 Aurora,
IL 60505

Dvorkin Holdings, LLC
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

Blue Star Holdings LLC
c/o Michael Tuchman
2 N. LaSalle Street, Suite 1300
Chicago, IL  60602

Dahl & Bonadies, LLC
James E. Dahl
30 N. LaSalle Street, Suite 1500
Chicago, IL  60602

MB Financial Bank, N.A.
Attn:  Mark Kosminskas
6111 N. River Road
Rosemont, IL  60018

Oxford Bank and Trust
1111 W. 22nd Street, Suite 800
Oak Brook, IL  60523

McGrath Lexus of Westmont
500 E Ogden Avenue
Westmont, IL  60559-1228

Toyota Motor Credit Corporation (TMCC)
P.O. Box 8026
Cedar Rapids, IA  52408-8026

Dan Air Holdings, L.L.C.
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

1101 Tower Rd (Schaumburg) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Daniel Dvorkin
1636 Highland Avenue
Lombard, IL 60148

11824 S.W. Highway (Palos Heights) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Daniel G. Dvorkin Insurance Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

1203 Maple (Lisle), LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Daniel G. Dvorkin Revocable Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

1230 S. Highland (Lombard) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Daniel Hyman
Millenium Properties
20 S. Clark St., Suite 630
Chicago, IL 60603

125-165 W. Dundee Road (Buffalo Grove),
LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

DDL Property Limited
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

1275 Davis (Elgin), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Debi Kight
DDL Property
One Trans Am Plaza Dr., Suite 120
Oakbrook Terrace, IL 60181

1426 Washington Avenue LLC
Richard M. Goldwasser
Seth D. Matus
Schoenberg Finkel Newman & Rosenberg
222 S. Riverside Plaza, Suite 2100
Chicago, IL 60606

DH-EK Management Corporation
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

1611 Stewart Street LLC
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Dupage Office Leasing, Inc.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

1920 S. Highland (Lombard), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Dvorkin Children's Trust dated March 5, 1998
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

4

1941 Selmartin (Aurora), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

2150 N. Clybourn (Chicago) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

2200 South Main (Lombard) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

246 E. Janta (Lombard), LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

25210 W. Reed Street (Channahon), LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

328 S. Jefferson (Chicago) SG, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

3330-40 West Dundee (Northbrook) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

444 N. Wabash (Chicago), LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

4949-5001 W. Oakton Residential Financing
(Skokie) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

EIS Kalt LLC
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Epaminodas Karvelas
Christopher Karvelas
Emersons Street Grill, Inc.
113 S. Emerson
Mt. Prospect, IL 60056

Esther Jackson
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Farnsworth (Aurora) Bisel, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Farnsworth (Aurora) Lando LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Flossmoor - Plaza DH Holdings, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Flossmoor Commons (Professional), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Flossmoor Commons (Retail), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Francine Dvorkin Revocable Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

4949-5001 W. Oakton Retail (Skokie) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

560 West Washington (Chicago), L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

606 W. Roosevelt (Chicago), L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

6200 N. Rockwell (Chicago) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

640-650 Lake Street, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

920 Roosevelt (West Chicago), L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

956 N. Neltnor (West Chicago), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

975 Nerge (Roselle) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Aaron Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Frank Lavere
P.O. Box 1017
Lombard, IL 60148

Glenwood Residential, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Golden Holdings, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Goldfarb Properties, LLC
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Greystone Associates, Inc.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Highland Avenue Qualified Personal
Residence Trust
One Trans Am Plaza Drive, Suite 120
Oakbrook Terrace, IL 60181

Inverry Family Trust
Xejjo, LLC
1220 Rudolph Dr., Apt. 2F
Northbrook, IL 60062

Jackie Cullen
1 Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Jackson Trust
Esther/Julianne Jackson
4075 W. Bonanza Drive
Beverly Hills, FL 34465

Aaron's Children's Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Ariel Weissberg
Weissberg & Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605

Auto Gallery Chicago, LLC
Peter Alvarez
12 W. Factory Road
Addison, IL 60101

Ambry Estates Joint Venture (Lynwood), LLC
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

American Equine Insurance Group, LTD.
Michael J. Morrisroe
114 S. Bloomingdale Road
Bloomingdale, IL 60108

Ameriprise Financial Services, Inc.
C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

Barone & Jenkins, P.C.
Anthony G. Barone
635 Butterfield Rd., Suite 145
Oakbrook Terrace, IL 60181

Barry Milowitz
The Milowitz Office
3 Wyldwood
Tarrytown, NY 10591

Beit Dan, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Kinman Enterprises, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Kling Group
Steve Kling
6250 N. River Rd., 11th Floor
Rosemont, IL 60018

Leah - Beverly Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Levenfeld Pearlstein
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

1.      Lynwood DT Investors LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Lynwood Land Company, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

M. Morgan Trust
23123 N. Cardenas
Sun City W, AZ  85375

Matteson, LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Midland Equities
Charles Hold
One Trans Am Plaza Dr., Suite 310, Oakbrook
Terrace, IL 60181

Belmont Financial Group, Inc.
Belmont Bank & Trust
BFKPN Corporate Services Inc.
8250 W. Belmont Avenue
Chicago, IL 60634

Nigel and Ellen Rhodes
1980 W. Downer Place
Aurora, IL 60508

Beverly Dvorkin
700 W. Grand Avenue, Apt. 5
Chicago, IL  60654-5173

North Shore Community Bank & Trust
Lisa J. Pattis, Executive VP
1145 Wilmette Avenue
Wilmette, IL 60091

Beverly Children's Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Northgate Plaza (Aurora), L.L.C.
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Blue Star Gearing, LLC
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Sharyl A. Ross, CPA
Silver, Lerner, Schwartz & Fertel
8707 Skokie Boulevard
Suite 400
Skokie, IL  60077

Blue Star Properties, Inc.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Oak West (Oakbrook Terrace) Office LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Bruce Teitelbaum
Vision Realty
1240 Meadow Road
 Northbrook, IL 60062

Oxford Financial Corporation
Oxford Bank & Trust
Bruce W. Glawe, President & CEO
1111 W. 22nd Street, Suite 800
Oak Brook, IL 60523

BT Holdings, LLC
Rakik Boughadou
1200 Harger Road
Suite 325
Oak Brook, IL 60523

Plaza (Arlington Heights) Office LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Caryn Kolton
c/o Keith Kolton
2929 W. Balmoral
Chicago, IL 60625

Private Bank & Trust Co.
PrivateBank Corp.
James Thompson, Managing Director
The Private Bank and Trust Company
70 W. Madison, Suite 200
Chicago, IL 60602

Caveman Vegas LLC
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Rachel Dvorkin
1653 Pebblebeach Circle
Elgin, IL 60123

Channahon Plaza, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Sterling 18th Street LLC
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Chicago Commercial, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Sierra Office Solutions LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Craig Golden
Blue Star Properties, Inc.
600 W. Van Buren Street, Suite 1000
Chicago, IL 60607

Stoller-Lieberman Holdings
James Stoller
The Building Group
1045 W. Lawrence Avenue
Chicago, IL 60640

Craig Yale
2801 Lakeside Drive
Suite 207
Bannockburn, IL  60015

Steve Kling
6250 N. River Rd., 11th Floor
Rosemont, IL  60018

Crown Construction and Development, Inc.
Craig M. White
225 W. Wacker Drive, Suite 2800
Chicago, IL  60606

Zifco Corporation
Ed Zifkin
56 Skokie Valley Road
Highland Park, IL  60035

Texas 1845 LLC
Michael Mulcaby
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601

David D. O'Sullivan
Springer, Brown, Covey, Gaertner & Davis,
LLC
1755 S. Naperville Road, Suite 200
Wheaton, IL  60189

Chicago Title Land Trust Company as Trustee
for Trusts
C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604
and
Robert Kuzma
10 S. LaSalle, Suite 2750
Chicago, IL 60603

Re:
Land Trust 34383
Land Trust 1636-Y
Land Trust 35383
Land Trust 37330
Land Trust 42454
Land Trust 42470
Land Trust 43314
Land Trust 43994-5
Land Trust 43995
Land Trust 44202
Land Trust 44203
Land Trust 44204
Land Trust 44943
Land Trust 94043
Land Trust 94674
Land Trust 94683
Land Trust 94-6075
Land Trust 94-6298
Land Trust 95-6249
Land Trust 95-6296
Land Trust 95-6457
Land Trust 95-6298
Land Trust 96-6875
Land Trust 97-7440
and Trust 98-6811
Land Trust 98-6875

After-words, Incorporated, an Illinois
corporation
c/o Michael Tuchman
2 N. LaSalle Street, Suite 1300
Chicago, IL  60602

Eatman Holdings, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
and
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

Re:
Chicago Commercial
Cross Creek Office Center
Flossmoor Commons (Professional), L.L.C.
Flossmoor Commons (Retail), L.L.C.
Glen Ellyn Venture Trust 37330
1920 Highland
Matteson
Palos Heights
Selmarten
Trans Am Plaza

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-31336-JBS |
| | ) | |
| DVORKIN HOLDINGS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |
| | ) | |
| | ) | Hearing Date:  September 27, 2013 |
| | ) | Hearing Time:  10:30 a.m. prevailing CT |

**CHAPTER 11 TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT
AGREEMENT WITH CERTAIN DVORKIN FAMILY MEMBERS AND FAMILY
TRUSTS, GOLDFARB PROPERTIES, LLC, AFTER-WORDS, INC., AND
DH-EK MANAGEMENT CORP. UNDER BANKRUPTCY RULE 9019(A)**

Gus A. Paloian, not individually but solely as Chapter 11 trustee ("Trustee") for the

bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), through his

attorneys, moves the Court (the "Motion") for entry of an order under Rule 9019(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the terms of the

certain proposed settlement agreement (the "Settlement Agreement") by and among: (i) Trustee;

(ii) Francine Dvorkin ("Francine"); (iii) Beverly Dvorkin ("Beverly"); (iv) Aaron Dvorkin

("Aaron"); (v) Francine Dvorkin, as Trustee of Dvorkin Children's Trust ("Children's Trust");

(vi) Francine Dvorkin, as Trustee of Beverly Children's Trust ("Beverly Trust"); (vii) Francine

Dvorkin, as Trustee of Aaron Children's Trust ("Aaron Trust"); (viii) Rachel Dvorkin

("Rachel"); (ix) Goldfarb Properties, LLC ("Goldfarb"), (x) After-Words, Incorporated ("After-

Words"), (xi) 444 N. Wabash (Chicago), LLC, and (xii) DH-EK Management Corp. ("DH-EK")

(all of which are collectively referred to herein as the "Parties").  A copy of the Settlement

Agreement[1] in a form substantially similar to that to be executed by the Parties is attached hereto

as **Exhibit 1**.  In support of his Motion, Trustee respectfully states as follows:

## OVERVIEW

1.       On August 7, 2012 ("Petition Date"), Debtor filed its voluntary petition for relief

under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned case (the

"Case").   Prior to the Bankruptcy filing, the Debtor was owned and controlled by Francine and

Daniel Dvorkin, whether directly or indirectly, and operated the Debtor for the benefit of

themselves and their family members as more fully explained below.

### Parties To the Settlement

2.       DH-EK, an Illinois corporation, managed the Debtor and certain properties owned

or controlled by the Debtor.  Francine serves as president for DH-EK.  As such, prior to the

Bankruptcy, Francine served as manager of Debtor in her capacity as president of DH-EK and

received a salary and other benefits in that capacity.

3.       Beverly, Aaron, and Rachel are children of Francine and/or Daniel Dvorkin.

Aaron is also an employee of the one of the Debtor's subsidiaries.  Beverly leases her personal

residence from the Debtor.  The Beverly Children's Trust, Aaron Children's Trust, and

Children's Trust are Illinois trusts for which Francine is the trustee and Beverly and Aaron are

among the beneficiaries and possess certain ownership interests in the Debtor and its related

affiliates.

4.       Goldfarb Properties, LLC ("Goldfarb") is a manager-managed Illinois limited

liability which is owned and controlled by Francine.  444 N. Wabash (Chicago), LLC is an

---

[1] As of the filing date of this Motion, the Parties had not yet fully executed the Settlement Agreement.
The Trustee intends to file a supplement to the extent there are any modifications to the executed version
of the Settlement Agreement.

Illinois limited liability company controlled by Debtor as manager, which owns real property located at 444 N. Wabash, Chicago, Illinois.  After-Words is an Illinois corporation owned by Beverly, which operates a bookstore on property located at 444 N. Wabash, Chicago, IL  (the "Bookstore Property").

### Pre-Petition Transactions

5.      Prior to the Petition Date, Goldfarb received transfers from Debtor of, among other things, beneficial interests in certain land trusts and membership interests in certain Illinois limited liability companies, all of which own real property.

6.      444 N. Wabash (Chicago), LLC and After-Words are party to that certain Indenture of Lease dated April 30, 2012 (the "Bookstore Lease"), for the Bookstore Property. Debtor and Beverly are party to that certain Chicago Unfurnished Apartment Lease dated January 31, 2009 (the "Apartment Lease"), on an apartment located at 700 W. Grand Ave., Chicago, IL, Fifth Floor (the "Apartment Property").  Trustee and 444 N. Wabash (Chicago), LLC filed an adversary complaint against Beverly and After-Words alleging, among other things, that Beverly and/or After-Words received avoidable transfers:  (i) from Debtor in the form of health insurance payments; (ii) from Debtor in the form of a below-market lease on the Apartment Property; and (iii) from 444 N. Wabash (Chicago), LLC in the form of a below-market business lease on the Bookstore Property, Case No. 13-686 (Bankr. N.D. Ill. May 10, 2013) (the "After-Words Complaint").

7.      Trustee filed the following adversary complaints seeking authority to sell property co-owned by Debtor and certain of the Dvorkin family members and family trusts:  (a) Trustee's Complaint To Sell Co-Owned Property Located At 696 E. Roosevelt Rd., Glen Ellyn, Illinois Pursuant To 11 U.S.C. § 363(h), Case No. 13-777 (Bankr. N.D. Ill. May 30, 2013); (b) Trustee's Complaint To Sell Co-Owned Property Located At 3330-3332 N. Clark St., Chicago, Illinois

3

Pursuant To 11 U.S.C. § 363(h), Case No. 13-771 (Bankr. N.D. Ill. May 30, 2013); and (c)

Trustee's Complaint To Sell Co-Owned Property Located At 3336-3342 N. Clark St., Chicago,

Illinois Pursuant To 11 U.S.C. § 363(h), Case No. 13-772 (Bankr. N.D. Ill. May 30, 2013)

(collectively, the "363(h) Complaints").

8.      Trustee also alleges that the Debtor and its related entities hold various other

claims against some or all of Francine, Beverly, Aaron, Rachel, Goldfarb, and DH-EK for causes

of action including but not limited to receipt of fraudulent transfers, fraud, conspiracy to defraud,

and unjust enrichment.

9.      The Parties have engaged in extensive settlement discussions related to the

allegations described above and have agreed, subject to Court approval, to the terms of the

Settlement Agreement in a form substantially similar to that attached hereto as **Exhibit 1**.  The

Settlement Agreement provides for issuance of a limited covenant-not-to-sue in favor of Parties

including France, Beverly, Aaron, Rachel, Goldfarb, and DH-EK in exchange for, among other

things:  (i) transfer of all funds of Goldfarb to the Debtor; (ii) re-conveyance of ownership of

certain land trusts and entities which own real property from Goldfarb to the Debtor; (iii)

cancellation of the Book-Store Lease in favor of a new lease; (iv) conveyance of the right to sell

the real properties subject to the 363(h) Complaints ("Co-Owned Properties") to the Trustee; (v)

dismissal of the pending appeal of the Trustee appointment order; and (vi) dismissal with

prejudice of all proofs of claim filed by the Dvorkins, provided however, this provision does not

apply to any proofs of interest.  The Settlement Agreement will, in part, provide the Estate with a

recovery of approximately $1,700,000 in cash, as well as ownership interests in six (6) land

trusts and limited liability companies whose net value could exceed $3,000,000, permit the

Trustee to sell the Co-Owned Properties at issue in the 363(h) Complaints, while avoiding

litigation expenses. For these reasons and the reasons discussed below, Trustee respectfully requests approval of the Motion and the Settlement Agreement.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois. Venue is proper in this District under 28 U.S.C. § 1409(a). This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

## BACKGROUND

11.     The Debtor commenced the Bankruptcy on August 7, 2012. Loran Eatman ("Mr. Eatman"), vice president of DH-EK Management Corp. ("DH-EK"), signed the petition as the Debtor's authorized individual.

12.     On August 17, 2012, Debtor filed its schedules of assets and liabilities and its statement of financial affairs. *See* Dkt. No. 11. Thereafter, the Debtor filed a set of amended schedules and an amended statement of financial affairs. *See* Dkt. Nos. 20, 21 and 22. According to the amended statement of financial affairs, Francine and several Dvorkin family entities own a controlling interest in the Debtor. Francine is married to Daniel Dvorkin ("Dan").

13.     Dan is currently on trial in a criminal proceeding pending in the United States District Court for the Northern District of Illinois for his alleged involvement in a murder-for-hire plot. *See* Case No. 12 CR 00500, *USA v. Dvorkin*. It appears that the alleged intended victim was involved in a DuPage County lawsuit brought by an entity named Texas 1845, LLC, which resulted in a multimillion dollar judgment against the Debtor and Dan in February of 2012. The docket in *USA v. Dvorkin* indicates Dan and Francine entered into a forfeiture agreement in which they pledged a parcel of real property in Lombard, Illinois in consideration of a $1,000,000.00 bond for Mr. Dvorkin. *See USA v. Dvorkin*, Dkt. No. 20. The Debtor's

5

counsel has represented that Francine terminated Dan's relationship with the Debtor

approximately two weeks after his arrest, and then put Mr. Eatman in control of the Debtor

shortly before the filing of this case.

14.     The Debtor, through its affiliates or related entities, is primarily involved in real

estate investment and management.  The Debtor, either directly or through numerous limited

liability companies and land trusts, possesses, or possessed, ownership interests in as many as

seventy (70) parcels of real property.  *See* Amended Schedule B.

15.      The Trustee filed the After-Words Complaint against Beverly and After-Words

on May 10, 2013 (Dkt. No. 258).  The Trustee filed the 363(h) Complaints against Francine,

Beverly, Aaron, and the family trusts on May 30, 2013 (Dkt. Nos. 272, 273, 276).

## THE SETTLEMENT AGREEMENT

16.     The Parties, through their respective counsel, have engaged in settlement

discussions to resolve the allegations made in the Complaint as well as other potential causes of

action by the Trustee.

17.     To avoid the expense, risk, delay, and burden of further litigation, the Parties have

decided to resolve their disputes through the Settlement Agreement, subject to the Court's

approval.

18.     The significant terms of the Settlement Agreement are as follows[2]:

•   **Goldfarb Related Claims and Assets**.

   •   Transfer of Goldfarb Entities.  The Dvorkins, DH-EK, and Goldfarb shall transfer
       Goldfarb's ownership interests in the Goldfarb Entities to the Debtor.

   •   Transfer of Goldfarb Entity and Goldfarb Property Funds.  The Dvorkins, DH-
       EK, and Goldfarb shall transfer all funds in any bank account held by or for any

---

[2] The following is only a partial summary of the terms of the Settlement Agreement.  All defined terms
have the meaning ascribed to them in the Settlement Agreement.  The terms of the Settlement Agreement,
as executed by the Parties, shall control.

Goldfarb Entity or otherwise related to the Goldfarb Entities or the Goldfarb Properties, to the Debtor.

- <u>Transfer of Goldfarb Funds</u>.  The Dvorkins, DH-EK, and Goldfarb shall transfer all funds in any bank account held by Goldfarb to the Debtor.

- <u>Covenant Not To Sue Regarding Goldfarb Transfers</u>.  Trustee and Debtor shall not sue, or proceed in any manner against, the Dvorkins with respect to any Claim arising from the Goldfarb Distributions, the Goldfarb Transfers, or the Blue Star Gearing Transfers.

- **Co-Owned Properties.**

  - <u>Transfer of Control of the Co-Owned Properties</u>.  The Dvorkins, Children's Trust, Beverly Trust, and Aaron Trust shall transfer authority to the Debtor's bankruptcy estate to sell the Co-Owned Properties (the sale of which may be subject to Bankruptcy Court approval).

  - <u>Sale of the Co-Owned Properties</u>.  Trustee shall use reasonable efforts to effectuate a sale of each Co-Owned Property.

  - <u>Costs of Sale</u>.  All costs associated with the sale of each Co-Owned Property shall be paid in connection with such sales, subject to, as may be necessary, Bankruptcy Court approval.

  - <u>Dismissal of 363(h) Complaints</u>.  Trustee shall dismiss the 363(h) Complaints without prejudice.

- **Appeal**.

  - The Dvorkins, on behalf of all appellants, shall dismiss with prejudice that certain appeal of the Appointment Order, pending as Case No. 12-cv-8782 in the United States District Court for the Northern District of Illinois.

- **Avoidable Transfers to Beverly**.

  - <u>Apartment Property</u>.

    - Upon written notice from Beverly, Trustee, shall file a motion with the Bankruptcy Court seeking authority to sell the Apartment Property to Beverly in the amount equal to that necessary to satisfy the existing first mortgage lien on the Apartment Property.

    - Trustee and Debtor shall not sue, or proceed in any manner, against Beverly with respect to any Claim arising from the below-market Apartment Lease.

- <u>Bookstore Property</u>.

  - The Bookstore Lease shall be terminated.

  - Beverly and After-words shall release and indemnify the Trustee, Debtor, and 444 N. Wabash (Chicago), LLC for any damages or Claims relating to, or arising under, the Bookstore Lease.

  - Trustee, on behalf of 444 N. Wabash (Chicago), LLC, and After-Words shall execute a new lease with respect to the Bookstore Property (the "<u>New Bookstore Lease</u>"), as follows:

    - The New Bookstore Lease shall include a lease term through and including January 31, 2015.

    - The New Bookstore Lease shall include all space currently included in the Bookstore Lease.

    - Rent for the New Bookstore Lease shall be $3,570 per month.

    - The New Bookstore Lease shall include a provision whereby Beverly and After-words release and indemnify the Trustee, Debtor, 444 N. Wabash (Chicago), LLC, and any future landlord for present and future damages, and any other claims, relating to the habitability of the basement space included in the New Bookstore Lease.

- <u>Health Insurance Transfers</u>.  Trustee and Debtor shall not sue, or proceed in any manner, against Beverly with respect to any Claim arising from the payment of health insurance premiums by Debtor.

- <u>After-Words Complaint</u>.  Trustee, on behalf of Debtor and 444 N. Wabash (Chicago), LLC, shall dismiss the After-Words Complaint with prejudice.

- <u>Covenant Not To Sue</u>.  The Trustee, Debtor, and 444 N. Wabash (Chicago), LLC shall not sue, or proceed in any manner, against the Dvorkins or After-Words with respect to any Claim arising from or related to the Bookstore Lease.

- **Avoidable Transfers to Francine**.

  - <u>Covenant Not To Sue Regarding Salary And Benefits From Debtor</u>.  Trustee and Debtor shall not sue, or proceed in any manner, against Francine with respect to salary and benefits received by Francine from Debtor.

  - <u>Car Payments from Debtor</u>.

    - Covenant Not To Sue.  Trustee and Debtor shall not sue, or proceed in any manner, against Francine with respect to transfers from Debtor related to

8

payments made for the benefit of Francine for a 2012 Lexus HS250H ("Lexus").

- Abandonment.  Trustee shall, on behalf of Debtor's estate, promptly abandon any interest in any such Lexus.

- Real Estate Tax Refunds.

    - Limited Covenant Not To Sue.  Trustee shall not sue, or proceed in any manner, against Francine with respect to Real Estate Tax Refunds only to the extent such Real Estate Refunds do not exceed $100,000 in the aggregate.

    - Limited Covenant Not To Sue Regarding Income Tax Refunds.  Trustee shall not sue, or proceed in any manner, against Francine with respect to income tax refunds claimed by Francine attributable to operating losses incurred by Debtor only to the extent such income tax refunds do not exceed $500,000 in the aggregate in the four year period prior to the Petition Date.

- **Avoidable Transfers to Rachel**. Trustee and Debtor shall not sue, or proceed in any manner, against Rachel with respect to Claims arising from payment of health insurance premiums by Debtor.

- **Other Claims**.

    - Limited Covenant Not to Sue.  Trustee and Debtor shall not sue, or proceed in any manner, against Dvorkins, on Claims described with specificity (as to nature and amount of the Claim in a supplement to be provided, if any), provided that, the Other Claims shall not exceed $100,000 for each Dvorkin.

    - Withdrawal of Claims.  The Dvorkins, DH-EK, and Goldfarb shall withdraw with prejudice any and all proofs of claim filed in the Debtor's Bankruptcy and shall not file or assert any further Claims against the Trustee and Debtor; provided however, this provision does not and shall not apply to any equity interests held by the Dvorkins, DH-EK, or Goldfarb in the Debtor or its related entities.

## ARGUMENT

**The Settlement is Fair and Equitable, in the Best Interests of the Estate, and a Valid Exercise of the Trustee's Business Judgment.**

19.      "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  A settlement should be approved if it is fair and equitable and in the best interests of the bankruptcy estate.  *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994).  The decision to approve a settlement is

within a bankruptcy court's discretion. *See Depoister*, 36 F.3d at 586-587 (applying the abuse of discretion standard to affirm the bankruptcy court's approval of a settlement).

20.     In exercising its discretion, relevant factors a bankruptcy court should consider include: "(1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense and inconvenience in delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Patel*, 43 B.R. 500, 504 (N.D. Ill. 1984); *accord Depoister*, 36 F.3d at 586; *In re American Reserve Corp.*, 841 F.2d 159, 161-162 (7th Cir. 1987).

21.     In addition, a bankruptcy court should consider that compromises are favored in bankruptcy:

> The law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.

*In re A & C Properties*, 784 F.2d, 1377, 1381 (9th Cir. 1986); *accord In re Heissinger Resources Ltd.*, 67 B.R. 376, 383 (C.D. Ill. 1986) ("In addition [to the four enumerated factors], the bankruptcy court is to consider that the law favors compromise.").

22.     A bankruptcy court may also apply weight to a trustee's business judgment that the proposed settlement should be approved. *See Depoister*, 36 F.3d at 587; *In re Hessinger Resources Ltd.*, 67 B.R. at 383.

23.     Finally, a bankruptcy court is not required to conduct an evidentiary hearing or a "mini-trial" on the parties' claims and defenses when approving a settlement. *See Depoister*, 36 F.3d at 586 (evidentiary hearing not required); *American Reserve Corp.*, 841 F.2d at 163 (mini-trial not required). Instead, the court is required only "to canvas the issues in order to determine whether the settlement falls below the lowest point in the range of reasonableness." *In re*

*Rimsat, Ltd.*, 224 B.R. 685, 688 (Bankr. N.D. Ind. 1997); *accord In re Energy Co-op., Inc.*, 886

F.2d 921, 929 (7th Cir. 1989).

      24.     In this case, the proposed settlement is fair, equitable, in the best interests of the

Estate, and should be approved for the following reasons:

- First Factor:  The Settlement Agreement transfers to Trustee all of the assets of Goldfarb which the Trustee would be able to recover through avoidance and recovery actions.  The Trustee could not expect significantly greater success from continued litigation;

- Second and Third Factors:   Approval of the Settlement Agreement at this time eliminates the costs and delay associated with further litigation and any post-judgment collection efforts, including elimination of additional administrative expenses in the form of attorneys' fees.  Accordingly, approval of the Settlement Agreement results in a greater recovery to Debtor's creditors[3]; and

- Fourth Factor:  If the Settlement Agreement is approved, the Estate will receive approximately $1,700,000 in cash, as well as, ownership interests in other entities whose value could exceed $3,000,000.  Although the views of creditors are not controlling, creditors will benefit from the settlement which brings all of the assets transferred to Goldfarb into the Estate while avoiding the incurrence of potentially significant additional administrative expenses.[4]

      25.     Under these circumstances, the Trustee has determined, in his business judgment,

that the proposed settlement is fair, equitable, in the best interests of the Estate, and well within

the range of reasonableness for approval under Federal Rule of Bankruptcy Procedure 9019(a).

## NOTICE

      26.     Rule 2002 of the Federal Rules of Bankruptcy Procedure provides that at least

twenty-one (21) days' notice of this Motion must be given to the debtor and all creditors "unless

the court for cause shown directs that notice not be sent."  Fed. R. Bankr. P. 2002(a)(3).

---

[3] *See Depoister*, 36 F.3d at 587 (affirming approval of a settlement where the bankruptcy judge "expressed concern that if the claims were not settled, litigation of the claims would generate substantial legal fees which would deplete the assets of the bankruptcy estate available for the payment of dividends to other creditors.").

[4] *See In re American Reserve Corp.*, 841 F.2d at 161-162 ("The bankruptcy judge should also consider the creditors' objections to the settlement; however, the creditors' views are not controlling."); *In re Hessinger Resources Ltd.*, 67 B.R. at 383 ("it is important to note that a creditor's objection is not controlling and will not prevent approval").

27.     Twenty-one (21) days' notice of this Motion has been given to:  (i) the Office of the United States Trustee; (ii) all creditors of the Estate; (iii) Defendant; and (iv) all parties requesting notice.  The Trustee respectfully requests that the Court find and conclude that such notice is sufficient and that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached to this Motion: (a) approving the Settlement Agreement under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure; and (b) granting any other relief the Court deems just and proper.

Dated:  August 30, 2013                    Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 11 Trustee of  Debtor's Estate

By:/s/ James B. Sowka_____
    Gus A. Paloian (6188186)
    gpaloian@seyfarth.com
    James B. Sowka (6291998)
    jsowka@seyfarth.com
    Bret M. Harper (6299968)
    bharper@seyfarth.com
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois  60603
    Telephone:  (312) 460-5000

    *Counsel to Chapter 11 Trustee Gus A. Paloian*