## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Dvorkin Holdings, LLC, | ) | Case No. 12-31336 |
| | ) | |
| Debtor, | ) | Honorable Jack B. Schmetterer |
| | ) | |
| _____ | ) | |

---

## JOINT CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY
## CHAPTER 11 TRUSTEE AND EQUITY INTEREST HOLDERS

## DATED JANUARY 30, 2015

---

Gus A. Paloian (6188186)
James B. Sowka (6291998)
Bret Harper (6299968)
Seyfarth Shaw LLP
131 South Dearborn Street
Chicago, Illinois  60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

*Attorneys for Chapter 11 Trustee
Gus A. Paloian*

Gina Krol (6187642)
Cohen & Krol
105 W. Madison Street
Suite 1100
Chicago, IL 60602
(312) 368-0300

*Attorney for Francine Dvorkin, Beverly
Dvorkin, and Aaron Dvorkin (collectively the
"Equity Interest Holders")*

# TABLE OF CONTENTS

Page

Article 1 Definition and Construction of Terms .................................................................. 1

    1.1    Definitions................................................................................................ 1
    1.2    Exhibits and Schedules. ........................................................................... 6
    1.3    Rules of Interpretation and Construction................................................. 6

Article 2 Classification of Claims and Interest; Impairment ............................................. 7

    2.1    Summary of Classified Claims and Interest............................................ 7
    2.2    Unclassified Claims. ................................................................................ 7
    2.3    Provisions For Treatment Of Allowed Claims and Interests; Voting...... 8

Article 3 Executory Contracts ............................................................................................ 9

    3.1    Treatment of Executory Contracts and Unexpired Leases. ..................... 9
    3.2    Cure Costs.............................................................................................. 10
    3.3    Assumption or Rejection of Executory Contracts. ................................. 10
    3.4    Rejection Claims..................................................................................... 10

Article 4 Means for Execution of the Joint Plan ............................................................... 11

    4.1    The Effective Date. ................................................................................. 11
    4.2    Conditions to the Effective Date.............................................................. 11
    4.3    Good Faith. ............................................................................................. 11
    4.4    Waiver of Federal Rule of Bankruptcy Procedure 3020(e). ................... 11

Article 5 General Provisions Governing Distribution of Estate Assets Prior To and After
               Effective Plan......................................................................................... 12

    5.1    Distributions Under the Joint Plan.......................................................... 12
    5.2    Place and Manner of Payments or Distributions..................................... 12
    5.3    Undeliverable Distributions.................................................................... 12
    5.4    Treatment of Unclaimed or Undeliverable Distributions. ...................... 12
    5.5    Tax I.D. Number Required. ..................................................................... 12

Article 6 Provisions Governing Objections to Proofs of Claim and Administrative Claims ....... 13

    6.1    Right to Object........................................................................................ 13
    6.2    Deadline for Responding to Claim Objections. ....................................... 13
    6.3    Estimation of Claims.............................................................................. 13
    6.4    Disallowance of Improperly Filed Claims for Distribution Purposes. .... 13

Article 7 Discharge, Release and Extinguishment of Liens, Claims, Interests, and
               Encumbrances ......................................................................................... 14

i

7.1    Released Parties. ........................................................................... 14
7.2    Retention of Rights. ...................................................................... 14
7.3    Discharge of Debtor. ..................................................................... 14
7.4    Injunction Enjoining Actions. ....................................................... 14

Article 8 General Provisions Relating to Reserves for Disputed Claims ..................................... 15

8.1    Distributions on Allowed Claims Only................................................ 15
8.2    Establishment of Disputed Claims Reserve. ........................................ 15

Article 9 Vesting of Assets ............................................................................................... 16

9.1    Vesting of Estate Assets Upon Entry of Confirmation Order................................ 16
9.2    Vesting of Estate Assets in Reorganized Debtor. ...................................... 16
9.3    Identification of Rights and Property To Vest With Reorganized Debtor.............. 16

Article 10 Retention of Jurisdiction ...................................................................................... 16

10.1   Jurisdiction. ................................................................................. 16
10.2   Specific Purposes. ......................................................................... 17
10.3   Bankruptcy Court's Lack of Jurisdiction or Declination to Exercise
       Jurisdiction. ................................................................................. 17

Article 11 General Provisions ............................................................................................. 17

11.1   Notices. ...................................................................................... 17
11.2   Further Action. ............................................................................. 18
11.3   Attachments; Entire Agreement; Severability. ...................................... 18
11.4   Joint Plan Amendments. ................................................................. 18
11.5   Effect of Order Denying Confirmation. ............................................... 19
11.6   Governing Law. ............................................................................. 19
11.7   No Admissions. ............................................................................ 19
11.8   Exemption From Transfer Taxes. ...................................................... 19

Article 12 Substantial Consummation .................................................................................. 19

12.1   Substantial Consummation. ............................................................. 19
12.2   Notice of Effective Date. ................................................................ 19
12.3   Final Decree. ................................................................................ 19

## EXHIBITS

EXHIBIT A -  Executory Contracts Schedule

## INTRODUCTION

Gus A. Paloian, not personally or individually, but solely in his capacity as chapter 11 trustee ("Chapter 11 Trustee") for the bankruptcy estate of Dvorkin Holdings, LLC, and Francine Dvorkin, Beverly Dvorkin, and Aaron Dvorkin (collectively the "Equity Interest Holders") propose this Joint Chapter 11 plan of reorganization pursuant to the provisions of the United States Bankruptcy Code for the resolution of Dvorkin Holding, LLC's outstanding Claims and Interests. Capitalized terms not defined in this Introduction shall have the meanings ascribed to them in Article 1 of the Joint Plan or as otherwise specified in the first paragraph of Section 1.1 below.

All Holders of Claims and Interests are encouraged to read the Joint Plan and any exhibits or supplements attached hereto or filed in conjunction with the Joint Plan in their entirety.

PLEASE READ THE JOINT PLAN CAREFULLY WITH RESPECT TO HOW YOUR RIGHTS MAY BE AFFECTED.

## ARTICLE 1
## DEFINITION AND CONSTRUCTION OF TERMS

1.1   **Definitions**.

All capitalized terms in the Joint Plan shall have the meanings ascribed to them herein. Any capitalized term used in the Joint Plan that is not defined herein or elsewhere in the Joint Plan shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

1.1.1   **Administrative Claim** means any Claim constituting a cost or expense of administration of the Chapter 11 Case under Bankruptcy Code section 503(b) and that is entitled to priority under Bankruptcy Code section 507(a), including, *inter alia*, any actual and necessary expenses of preserving the estate, and all fees and charges assessed against the bankruptcy estate under Chapter 123 of Title 28, United States Code.

1.1.2   **Allowance Date** shall mean the date on which a Disputed Claim becomes an Allowed Claim by Final Order.

1.1.3   **Allowed** means any Claim:

(a)   that has been listed by Debtor in its Schedules as liquidated in amount and not disputed or contingent and for which no contrary Proof of Claim has been filed;

(b)   expressly allowed (i) by a stipulation with Chapter 11 Trustee regarding the amount and nature of such Claim executed before the Confirmation Date and approved by the Bankruptcy Court, (ii) by a stipulation with Chapter 11 Trustee regarding the amount and nature of such Claim executed after the Confirmation Date and, if necessary, approved by the Bankruptcy Court, or (iii) in any contract, instrument, or other agreement entered into or assumed in connection with the Joint Plan;

(c)    related to a rejected executory contract or unexpired lease that is (i) not a Disputed Claim or (ii) has been allowed by a Final Order; or

(d)    a Claim that is allowed pursuant to the terms of a Final Order or the Joint Plan.

An Allowed Interest or Allowed Administrative Claim shall have a correlative meaning.

1.1.4   **Bankruptcy Code** means Title 11 of the United States Code, as amended from time to time and made applicable to the Chapter 11 Case.

1.1.5   **Bankruptcy Court** means the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or in the event such court ceases to exercise jurisdiction over the Chapter 11 Case, such court as may have jurisdiction with respect to the reorganization of Debtor under Chapter 11 of the Bankruptcy Code.

1.1.6   **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, as amended from time to time and made applicable to the Chapter 11 Case.

1.1.7   **Bar Date** means February 27, 2013, which was the deadline established by the Bankruptcy Court for filing Proofs of Claim.

1.1.8   **Cash** means lawful currency of the United States of America.

1.1.9   **Chapter 11 Case** means the chapter 11 case commenced by Debtor on the Petition Date.

1.1.10 **Chapter 11 Trustee** means Gus A. Paloian, not personally or individually, but solely in his capacity as the duly appointed trustee for the Debtor's Estate.

1.1.11 **Claim** shall have the meaning set forth in Bankruptcy Code section 101(5).

1.1.12 **Claimant** means the holder of a Claim.

1.1.13 **Class** means a category of holders of Claims or Interests as classified in the Joint Plan.

1.1.14 **Confirmation Date** means the date upon which the Confirmation Order is entered on the docket of the Chapter 11 Case by the Clerk of the Bankruptcy Court.

1.1.15 **Confirmation Hearing** means the hearing at which the Bankruptcy Court will consider confirmation of the Joint Plan.

1.1.16 **Confirmation Order** means the order of the Bankruptcy Court confirming the Joint Plan.

1.1.17 **Creditor** shall have the meaning set forth in Bankruptcy Code section 101(10).

1.1.18  **Cure Costs** means all payments necessary to cure a default of an Executory Contract pursuant to Bankruptcy Code section 365(b).

1.1.19  **Debtor** means Dvorkin Holdings, LLC.

1.1.20  **Disputed Claim** means

(a)     a Claim that has not been listed by Debtor in its Schedule of Assets and Liabilities or has been listed in the Schedule of Assets and Liabilities at zero, or has been listed in the Schedule of Assets and Liabilities as contingent, unliquidated or disputed and for which no Proof of Claim has been timely filed with the Bankruptcy Court;

(b)     if a Proof of Claim or request for payment of an Administrative Claim has been filed: (i) a Claim for which no corresponding Claim is listed on a Debtor's books and records or in its Schedule of Assets and Liabilities or (ii) a Claim for which corresponding Claim is listed in Debtor's books and records, but the nature or amount of the Claim as asserted in the Proof of Claim varies from the nature and amount of such Claim as it is listed on Debtor's books and record or its Schedule of Assets and Liabilities;

(c)     a Claim for which Debtor has received a written notice advising Debtor that the Holder of such Claim disagrees with Debtor's books and records or its Schedule of Assets and Liabilities with respect to the Allowed amount of such Holder's Claim; or

(d)     a Claim otherwise subject to a formal objection filed in the Chapter 11 Case, a request for estimation filed in the Chapter 11 Case or otherwise disputed by Chapter 11 Trustee, Debtor, or any party-in-interest in accordance with applicable law and which such objection has not been withdrawn, resolved or overruled by a Final Order of the Bankruptcy Court.

1.1.21  **Disputed Claims Reserve** means that certain Cash reserve held by Chapter 11 Trustee as set forth in Section 8.2 of the Joint Plan.

1.1.22  **Distribution(s)** means a distribution of Cash from the Estate on account of an Allowed Claim.

1.1.23  **Effective Date** means the business day designated in writing by Chapter 11 Trustee on which each condition to the occurrence of the Effective Date has been satisfied.

1.1.24  **Encumbrance** means any Lien, charge, mortgage, interest, security interest, claim, option, encumbrance, pledge, hypothecation, right to purchase, deed of trust, equitable interest, beneficial interest, easement, right-of-way, servitude, right of possession, lease tenancy, license, Claim, encroachment, reservation, imperfection of title, condition, interest or restriction of any kind.

1.1.25  **Entity** means an "entity" as defined in Bankruptcy Code section 101(15).

1.1.26  **Estate** means the bankruptcy estate of Debtor.

3

1.1.27 **Estate Assets** means all legal or equitable interests as defined in Bankruptcy Code section 541 or the Joint Plan belonging to the Estate.

1.1.28 **Equity Interest Holders** mean Francine Dvorkin, Beverly Dvorkin and Aaron Dvorkin, their agents, assignees, heirs, trusts, beneficiaries and/or designees, who directly or indirectly through one or more Entities, are the Holders of Interests in the Debtor.

1.1.29 **Executory Contracts** shall mean "executory contracts" and "unexpired leases" as such terms are used within Bankruptcy Code section 365, whether or not scheduled by Debtor.

1.1.30 **Executory Contracts Schedule** means the schedule of Executory Contracts attached to the Plan as Exhibit A as more fully described in Section 3.1 of the Plan.

1.1.31 **Final Order** means an order or judgment of the Bankruptcy Court as entered on the docket in the Chapter 11 Case, or other court of competent jurisdiction, the operation or effect of which has not been stayed, reversed or amended, and as to which order or judgment (or any reversal, modification or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure, may be filed with respect to such order, shall not cause such order not to be a Final Order.

1.1.32 **General Unsecured Claim** means an Unsecured Claim which is not entitled to priority under the Bankruptcy Code.

1.1.33 **Holder** means an Entity holding a Claim or Interest.

1.1.34 **Impaired** means, when used with reference to a Claim or Interest, a Claim or Interest that is Impaired within the meaning of Bankruptcy Code section 1124.

1.1.35 **Initial Distribution** means the payment to Holders of Allowed Claims as described in Section 5.1 of the Plan.

1.1.36 **Interest** means any equity security (as defined in Bankruptcy Code section 101(16)) of Debtor, including, *inter alia*, any rights arising from the issued and outstanding membership interest or the right to purchase membership interest in Debtor.

1.1.37 **Joint Plan** means this Chapter 11 plan of reorganization with respect to Debtor, as amended, modified, or supplemented from time to time, together with all addenda, exhibits, schedules, supplements or other attachments.

1.1.38 **Lien** means a "lien" as defined in Bankruptcy Code section 101(37), and, with respect to any asset, includes, *inter alia*, any mortgage, lien, pledge, charge, security interest or other encumbrance of any kind, or any other type of preferential arrangement that has the practical effect of creating a security interest, in respect of such asset.

1.1.39 **Person** means a "person" as defined in Bankruptcy Code section 101(41) and shall include, *inter alia*, any individual, corporation, general partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, joint venture, government or political subdivision, official committee appointed by the United States Trustee, unofficial committee of creditors or equity interest holders, or other Entity.

1.1.40 **Petition Date** means August 7, 2012, the date of the filing of Chapter 11 Case.

1.1.41 **Priority Tax Claim** means a Claim that is entitled to priority in payment under Bankruptcy Code sections 502(i) and 507(a)(8).

1.1.42 **Professional** means any professional employed in the Chapter 11 Case pursuant to Bankruptcy Code sections 327, 328 or 1103 or any professional or other Entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to Bankruptcy Code section 503(b)(4).

1.1.43 **Professional Fee Claim** means a Claim for compensation or reimbursement of expenses brought pursuant to an application under Bankruptcy Code sections 330 or 331 of a Professional retained in the Chapter 11 Case in accordance with the provisions of Bankruptcy Code section 327, 328, and 1103.

1.1.44 **Proof of Claim** means any proof of Claim filed with the Bankruptcy Court or its duly appointed claims agent with respect to Debtor pursuant to Bankruptcy Code section 501 and Bankruptcy Rules 3001, 3002, and 3003.

1.1.45 **Reorganized Debtor** means the post-confirmation Debtor after the transactions and events occur prior to and on the Effective Date are effectuated pursuant to this Joint Plan, including the vesting of Estate Assets and other rights and powers in the Reorganized Debtor pursuant to, among others, Section 9.1 of the Joint Plan.

1.1.46 **Released Parties**" means Chapter 11 Trustee and each attorney, employee, agent, representative, affiliate, and Professional retained or employed by Chapter 11 Trustee with respect to this Bankruptcy Case in each case whether current or former, thereof, and each direct or indirect subsidiary and affiliate thereof, and each partner or member (or other equity holder), director, officer, employee, agent, heir, trustee, beneficiary, executor, representative, affiliate, attorney, broker, and accountant, in each case whether current or former, thereof, including any employee, agent, representative, assign, successor, predecessor, or initial or immediate or mediate transferee of any of the foregoing.

1.1.47 **Schedules** means the schedules of assets and liabilities, the lists of Holders of Interests, and the statement of financial affairs as amended from time to time and filed by Debtor in the Chapter 11 Case pursuant to Bankruptcy Code section 521 and Bankruptcy Rule 1007.

1.1.48 **Secured Claim** means: (a) any Claim that is secured by a Lien on property in which the Estate has an interest, which Liens are valid, perfected and enforceable under applicable law or by reason of a Final Order, or that is subject to setoff under Bankruptcy Code section 553, to the extent of the value of the creditor's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to

Bankruptcy Code section 506; and (b) any Claim which is Allowed under the Joint Plan as a Secured Claim.

1.1.49 **Substantial Consummation** means the funding of the Initial Distribution to all Holders of Allowed Claims pursuant to Section 12.1 of the Plan.

1.1.50 **Unimpaired Claim** means a Claim that is not Impaired within the meaning of Bankruptcy Code section 1124.

1.1.51 **Unsecured Claim** means a Claim that is not a Secured Claim. The term specifically includes any tort Claims or contractual Claims or Claims arising from damage or harm to the environment and, pursuant to Bankruptcy Code section 506(a), any Claim of a creditor against Debtor to the extent that such Creditor's Claim is greater than the value of the Lien securing such Claim, any Claim for damages resulting from rejection of any Executory Contract pursuant to Bankruptcy Code section 365, and any Claim not otherwise classified under the Joint Plan.

1.1.52 **United States Trustee** means the Office of the U.S. Trustee for Region 11 located in the Northern District of Illinois, as provided for in 28 U.S.C. § 581, *et. seq*.

1.1.53 **U.S. Trustee Fee(s)** means fees payable to the U.S. Trustee as defined in Section 2.2.4.

1.2 **Exhibits and Schedules**.

All exhibits and schedules to the Joint Plan are incorporated into and are a part of the Joint Plan as if set forth in full herein.

1.3 **Rules of Interpretation and Construction**.

For purposes of the Joint Plan, (a) any reference in the Joint Plan to an existing document or exhibit filed or to be filed means that document or exhibit as it may have been or may be amended, modified, or supplemented; (b) unless otherwise specified, all references in the Joint Plan to sections, articles, and exhibits are references to sections, articles, or exhibits to the Joint Plan; (c) the words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Joint Plan in its entirety and not to any particular portion of the Joint Plan; (d) captions and headings contained in the Joint Plan are inserted for convenience and reference only, and are not intended to be part of or to affect the interpretation of the Joint Plan; (e) wherever appropriate from the context, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine, or neutral gender shall include the masculine, feminine, and neutral gender; and (f) the rules of construction outlined in Bankruptcy Code section 102 and in the Bankruptcy Rules shall apply to the Joint Plan. In addition, unless otherwise indicated herein, (i) all references to dollars are to United States dollars and (ii) all amounts set forth in the Joint Plan, including, *inter alia*, with respect to shares, dollar amounts and percentages, shall be subject to rounding and other immaterial changes.

## ARTICLE 2
## CLASSIFICATION OF CLAIMS AND INTEREST; IMPAIRMENT

Article 2 designates the Classes of Claims and Interests and their respective treatment under the Joint Plan.  In accordance with Bankruptcy Code section 1123(a)(l), Administrative Claims, Professional Fee Claims, Priority Tax Claims, and U.S. Trustee Fees have not been classified.   A Claim or Interest is placed in a particular Class for the purpose of receiving distributions pursuant to the Joint Plan only to the extent that such Claim or Interest is an Allowed Claim or Interest in that Class and such Claim or Interest has not been paid, released, or otherwise settled prior to the Effective Date.   Notwithstanding anything to the contrary contained in the Joint Plan, no distribution shall be made on account of any Claim or Interest that is not Allowed

2.1   **Summary of Classified Claims and Interest**.

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 (Secured Claims) | Holders of Secured Claims are Unimpaired under the Joint Plan and are deemed Unimpaired pursuant to 11 U.S.C. §§ 1123(a)(2) and 1124. | Unimpaired Secured Claim Holders will not be entitled to vote pursuant to 11 U.S.C. § 1126(f)(1). |
| Class 2 (Unsecured Claims) | Holders of General Unsecured Claims are Unimpaired under the Joint Plan and are deemed Unimpaired pursuant to 11 U.S.C. §§ 1123(a)(2) and 1124. | Unimpaired General Unsecured Claim Holders will not be entitled to vote on the Joint Plan pursuant to 11 U.S.C. § 1126(f)(1). |
| Class 3 (Interests) | Holders of Interests are Unimpaired under the Joint Plan and are deemed Unimpaired pursuant to 11 U.S.C. §§ 1123(a)(2) and 1124. | Unimpaired Interest Holders will not be entitled to vote on the Joint Plan pursuant to 11 U.S.C. § 1126(f)(1). |

2.2   **Unclassified Claims**.

2.2.1   **Administrative Claims Bar Date**.  All requests for payment of Administrative Claims and applications for payment of Professional Fee Claims shall be filed with the Bankruptcy Court and served upon Chapter 11 Trustee, Debtor, and all other parties in interest no later than seven (7) days prior to the first date set for the Confirmation Hearing ("First Administrative Claims Bar Date"); provided however:  that the deadline for Chapter 11 Trustee and Professionals retained by Chapter 11 Trustee to file requests for payment of Administrative Claims and applications for payment of Professional Fee Claims shall be twenty-eight (28) days after the Effective Date ("Second Administrative Claims Bar Date") or such later deadline as may apply pursuant to an order of the Bankruptcy Court.  Furthermore, all timely filed requests for payment of Administrative Claims and applications for payment of Professional Fee Claims may be supplemented on or before the Second Administrative Claims Bar Date to include any

7

additional amounts that accrued between the First Administrative Claims Bar Date and the Confirmation Date. Except as provided herein, any Administrative Claim or Professional Fee Claim for which an application or request for payment is not filed within such time period shall be discharged and forever barred.

2.2.2   **Objections to Administrative Claims**. All objections to Administrative Claims, including Professional Fee Claims, shall be filed in accordance with Article 6.

2.2.3   **Treatment of Administrative Claims, Including Professional Fee Claims**. Allowed Administrative Claims and Professional Fee Claims incurred through the date of entry of the Final Decree shall be completely and fully satisfied by payment in Cash as set forth in Articles 5 and 6 of the Joint Plan.

2.2.4   **Treatment of Priority Tax Claims**. Allowed Priority Tax Claims shall be completely and fully satisfied by payment of Cash as set forth in Articles 5 and 6 of the Joint Plan.

2.2.5   **U. S. Trustee Fees**. Notwithstanding any other provisions of the Joint Plan to the contrary, the United States Trustee shall be paid the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) ("U.S. Trustee Fees") for pre-confirmation periods in Cash after the Effective Date. In addition, the Estate or Debtor shall pay in Cash all U.S. Trustee Fees for post-confirmation periods based upon all post-confirmation disbursements made by Debtor or the Estate, until the earlier of the closing of this Chapter 11 Case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an order by the Bankruptcy Court dismissing this Case or converting this Case to another chapter under the Bankruptcy Code.

2.3   **Provisions For Treatment Of Allowed Claims and Interests; Voting**.

The timing and procedures for all Distributions specified in this section are governed by Articles 5 and 6 of the Joint Plan to the extent not specified herein. The categories of Claims and Interests listed below classify Claims and Interests for all purposes, including voting, confirmation and distribution, pursuant hereto and pursuant to Bankruptcy Code sections 1122 and 1123(a)(1). The Bar Date for filing Proofs of Claim was February 27, 2013.

2.3.1   **Class 1 - Allowed Secured Claims**.

(a)   Treatment. Allowed Secured Claims in Class 1 shall receive the following treatment:

(i)   *Secured Claims*. Allowed Secured Claims shall receive in full satisfaction, settlement, release and discharge of and in exchange for its Claim, Cash in the Allowed amount of such Secured Claim in accordance with applicable state law Lien priorities as set forth in Articles 5 and 6 of the Joint Plan. In addition, Holders of Allowed Secured Claims shall also receive, with respect to the Allowed amount of the Secured Claim: (y) interest and any reasonable fees, costs or charges in accordance with, and to the extent permissible by, Bankruptcy Code section 506(b); or in the alternative (z) interest at the legal rate as set forth in 28 U.S.C. section 1961 determined as of the Petition Date. In all instances, the

amount of interest shall be calculated from the Petition Date to the date of payment of such Claim.

(b)      Voting.  Claims in Class 1 are Unimpaired under the Joint Plan.  Pursuant to Bankruptcy Code section 1126(f), Claimants within Class 1 are conclusively presumed to have accepted the Joint Plan, and therefore are not entitled to vote to accept or reject the Joint Plan.

2.3.2   **Class 2- Allowed Unsecured Claims**.

(a)      Treatment.   Allowed Unsecured Claims in Class 2 shall receive the following treatment:

(i)      *General Unsecured Claims*.  Each Allowed General Unsecured Claim in Class 2 shall receive, in full satisfaction, settlement, release and discharge of and in exchange for its Claim, Cash in the Allowed amount of such Claim or such other lesser amount which affords Claimant full payment on the Claim, and interest calculated at the legal rate of interest as set forth in 28 U.S.C. section 1961 which rate shall be determined as of the Petition Date and paid based on the actual amount of such Allowed Claim to be paid to Claimant with such interest calculated from the Petition Date to the date of payment as more fully set forth in Articles 5 and 6 of the Joint Plan.

(b)      Voting. Claims in Class 2 are Unimpaired under the Joint Plan.  Pursuant to Bankruptcy Code section 1126(f), Claimants within Class 2 are conclusively presumed to have accepted the Joint Plan, and therefore are not entitled to vote to accept or reject the Joint Plan.

2.3.3   **Class  3 - Interests in Debtor**.

(a)      Treatment.  Allowed Class 3 Interests shall retain their Interests under the Joint Plan.

(b)      Voting. Interests in Class 3 are Unimpaired under the Joint Plan.  Pursuant to Bankruptcy Code section 1126(f), Interest Holders within Class 3 are conclusively presumed to have accepted the Joint Plan, and therefore are not entitled to vote to accept or reject the Joint Plan.

## ARTICLE 3
## EXECUTORY CONTRACTS

Executory Contracts entered into by Debtor prior to the Petition Date, shall be treated as follows:

## 3.1   **Treatment of Executory Contracts and Unexpired Leases**.

To the extent any limited liability company operating agreement, land trust document, corporate resolution, by-law, and similar document or contract to which the Debtor is a party

constitutes an Executory Contract, each such Executory Contract is assumed. All other Executory Contracts are deemed rejected in accordance with the provisions and requirements of Bankruptcy Code sections 365 and 1123. A schedule of all known possible Executory Contracts, the proposed treatment for same, and the proposed payments for Cure Costs and rejection damages is attached hereto as **Exhibit A**.

3.2     <u>**Cure Costs**</u>.

Any counterparty to an Executory Contract who wishes to object to the proposed Cure Costs or otherwise file a Claim asserting Cure Costs shall file such objection or Claim no later than twenty-eight (28) days after Confirmation Date or such Cure Costs shall constitute a Disallowed Claim. Any objections not filed within the time set forth as provided above, are, or will be, forever barred and will not receive any distributions under the Joint Plan. If no applicable objection is timely is made asserting Cure Costs, or if the amount is otherwise agreed to, Chapter 11 Trustee may request the Bankruptcy Court to authorize the assumption of the Executory Contracts at the Confirmation Hearing, with such assumption to be effective upon the Joint Plan's Effective Date, and subject to payment of the applicable Cure Costs, if any. Any timely asserted Cure Costs shall be satisfied, pursuant to Bankruptcy Code section 365(b)(l), by payment of the cure amount in Cash on the later of (a) the Effective Date (or as soon as practicable thereafter), (b) as due in the ordinary course of business or (c) on such other terms as the Counterparties to such Executory Contracts may otherwise agree.

3.3     <u>**Assumption or Rejection of Executory Contracts**</u>.

Each Executory Contract assumed pursuant to this Section 3.1 (or pursuant to other Bankruptcy Court order) shall remain in full force and effect and be fully enforceable in accordance with its terms, except as modified by the provisions of the Joint Plan, or any order of the Bankruptcy Court authorizing and providing for its assumption or applicable law. Entry of the Confirmation Order shall constitute the approval, pursuant to Bankruptcy Code sections 363(b), (f) and (m) and 365(a) and (f), of the assumption or rejection of all Executory Contracts as provided for in Article 3 of the Joint Plan.

3.4     <u>**Rejection Claims**</u>.

Except as the Bankruptcy Court, the Bankruptcy Code or the Bankruptcy Rules establish an earlier deadline with regard to the rejection of particular Executory Contracts, any objection to the proposed rejection damages or other Claims arising out of the rejection of Executory Contracts pursuant to Article 3 must be filed with the Bankruptcy Court and served upon Chapter 11 Trustee no later than twenty-eight (28) days after Confirmation Date or such Cure Costs shall constitute a Disallowed Claim. Any Claims not filed within the time set forth as provided above, are, or will be, forever barred and will not receive any distributions under the Joint Plan. All Claims arising from the rejection of an Executory Contract shall be treated as Class 2 General Unsecured Claims.

## ARTICLE 4
## MEANS FOR EXECUTION OF THE JOINT PLAN

4.1    **The Effective Date**.

The Effective Date shall be the business day designated in writing by Chapter 11 Trustee as filed with the Clerk of the Bankruptcy Court.

4.2    **Conditions to the Effective Date**.

4.2.1    Notwithstanding any other provision of the Joint Plan, the Joint Plan exhibits and/or the Confirmation Order, the Effective Date of the Joint Plan shall not occur unless and until each of the following conditions has been satisfied, or is waived, by Chapter 11 Trustee:

(a)    The Bankruptcy Court shall have made specific findings and/or conclusions of law, each of which shall be expressly set forth in the Confirmation Order, in a form acceptable to Chapter 11 Trustee, including findings and/or conclusions of law to the effect that the Joint Plan satisfies each of the requirements for Confirmation contained in Bankruptcy Code section 1129, is the result of good faith and arm's length negotiations, and is otherwise fair, equitable, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, and other federal or state law to the extent applicable.

(b)    The Confirmation Order is a Final Order.

(c)    The Chapter 11 Trustee shall have completed the Initial Distribution to Holders of Allowed Claims pursuant to Joint Plan Section 5.2 so as to obtain Substantial Confirmation of the Joint Plan.

4.3    **Good Faith**.

Confirmation of the Joint Plan shall constitute a finding that: (a) the Joint Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code, and (b) all solicitations of acceptances or rejections of the Joint Plan have been in good faith and in compliance with applicable provisions of the Bankruptcy Code.

4.4    **Waiver of Federal Rule of Bankruptcy Procedure 3020(e)**.

The Confirmation Order shall include (a) a finding that Fed. R. Bankr. P. 3020(e) shall not apply to the Confirmation Order and (b) authorization for the consummation of the Joint Plan and the transactions contemplated by the Joint Plan immediately after entry of the Confirmation Order.

## ARTICLE 5
## GENERAL PROVISIONS GOVERNING DISTRIBUTION OF
## ESTATE ASSETS PRIOR TO AND AFTER EFFECTIVE PLAN

5.1    **Distributions Under the Joint Plan**.

On such date as determined by Chapter 11 Trustee, but no later than seven (7) days after the Confirmation Order becomes a Final Order, Chapter 11 Trustee shall establish deposit and reserve accounts from which to effectuate Distributions to Claimants, including Holders of Disputed Claims and Claims that are not otherwise yet Allowed Claims.  Chapter 11 Trustee shall make Distributions to Claimants with Allowed Claims no later than the longer of: (a) fourteen (14) days after the Confirmation Order becomes a Final Order ("Initial Distribution"); (b) fourteen (14) days after the date in which a Claim becomes an Allowed Claim, or (c) the date that such Claim would be paid in accordance with any terms and conditions of any agreements or understandings relating thereto between Debtor and the Holder of such Claim.

5.2    **Place and Manner of Payments or Distributions**.

Chapter 11 Trustee shall deliver Distributions to the holders of Allowed Claims via: (a) mail, including U.S. Mail and overnight delivery services, to the Claimant at the address of such Claimant as listed in the Schedules, or listed on any Proof of Claim filed by the Claimant; or (b) wire transfer to the destination that such Claimant shall have specified for payment purposes in a written notice to Chapter 11 Trustee or as filed with the Bankruptcy Court.

5.3    **Undeliverable Distributions**.

If a Distribution to any Claimant is returned as undeliverable, Chapter 11 Trustee shall use reasonable efforts to determine such Claimant's current address and no further Distributions shall be made to such Claimant until a current address is obtained by Chapter 11 Trustee.

5.4    **Treatment of Unclaimed or Undeliverable Distributions**.

If Chapter 11 Trustee cannot locate a Claimant's current address, then such Claimant's Distributions held in an interest-bearing account or fund maintained by Chapter 11 Trustee for purposes of holding such Distributions for a period of one-hundred and eighty (180) days from the date such Distribution was sent to Claimant, during such time Chapter 11 Trustee, shall use reasonable efforts to determine such Claimant's current address.   Any Distribution that is unclaimed after expiration of the one-hundred and eighty (180) days shall revert to Debtor and thus shall be paid by Chapter 11 Trustee to Debtor.

5.5    **Tax I.D. Number Required**.

Each Claimant shall have an affirmative duty to provide Chapter 11 Trustee with its Federal Tax Identification Number.  In lieu of backup withholding, Chapter 11 Trustee may suspend Distribution to any Claimant that has not provided its Federal Tax Identification Number or Social Security Number, as the case may be.

**ARTICLE 6**
**PROVISIONS GOVERNING OBJECTIONS TO PROOFS OF**
**CLAIM AND ADMINISTRATIVE CLAIMS**

6.1     **Right to Object**.

        Unless otherwise ordered by the Bankruptcy Court after notice and a hearing, Chapter 11 Trustee, Debtor, and any other party in interest shall have the right to make and file objections to Proofs of Claim or other applications or motions for allowance and payment of Claims, including Administrative Claims and Professional Fee Claims.  All objections to Proofs of Claim shall be filed no later than fourteen (14) days prior to the first date set for the Confirmation Hearing; provided however, this deadline shall not apply to:  Claims filed after the Bar Date, Cure Costs, rejection damage claims, Administration Claims, and Professional Fee Claims, for which objections may be filed at any time on or before twenty-eight (28) calendar days after the later of: (a) the Effective Date; or (b) the date on which such Claim, motion or application seeking payment was filed with the Bankruptcy Court; *provided, however*, that these deadlines may be extended by the Bankruptcy Court on motion by Chapter 11 Trustee, Debtor, or any other party in interest.

6.2     **Deadline for Responding to Claim Objections**.

        A Claimant whose Claim has been objected to in accordance with Section 6.1, must file with the Court and serve upon Chapter 11 Trustee and Debtor a response to such claim objection within fourteen (14) days after service of any objection to its Claim, which date shall be clearly and conspicuously set forth in any such objection.  Failure to file such a response within the 14-day time period shall be cause for the Bankruptcy Court to enter a default judgment against the non-responding Claimant and to thereby grant the relief requested in the Claim objection.

6.3     **Estimation of Claims**.

        After the Effective Date, Chapter 11 Trustee may request the Bankruptcy Court to estimate any Claim for purposes of Allowance pursuant to Bankruptcy Code section 502(c).

6.4     **Disallowance of Improperly Filed Claims for Distribution Purposes**.

        Subject to Bankruptcy Code section 502(j) and Bankruptcy Rules 3008 and 9006, any Claim for which the filing of a Proof of Claim, application or motion with the Bankruptcy Court is required under the terms of the Bankruptcy Code, the Bankruptcy Rules, any order of the Bankruptcy Court (including one providing for a Bar Date) or the Joint Plan will be disallowed for distribution purposes if and to the extent that such Proof of Claim (or other filing) is not timely and properly made.

# ARTICLE 7
## DISCHARGE, RELEASE AND EXTINGUISHMENT
## OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES

7.1    **Released Parties**.

      **Except as otherwise provided in this Joint Plan, on and after the Effective Date, pursuant to 28 U.S.C. § 1651 and Bankruptcy Code sections 105, 1123(b)(3) and 1123(b)(6), and except as otherwise provided in this Joint Plan or the Confirmation Order, the Released Parties are deemed released, exculpated, and discharged by Debtor, its Estate, and the Holders of all Claims and Interests from any and all Claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that Debtor, its Estate, or Holders of Claims or Interests would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any other Entity, based on, relating to, or in any manner arising from, in whole or in part, (a) the Chapter 11 Case, or (b) the negotiation, formulation or preparation of the Joint Plan, or related agreements, instruments, or other documents, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes a failure to perform the duty to act in good faith (to the extent such duty is imposed by applicable non-bankruptcy law) and where such failure to perform constitutes willful misconduct, gross negligence, or fraud.  The release and discharge set forth herein is granted for good and valuable consideration, including the service of the Released Parties to facilitate the formulation and the implementation of the Joint Plan.**

7.2    **Retention of Rights**.

      Notwithstanding anything to contrary herein, the Reorganized Debtor and its Estate shall retain any rights, defenses or counterclaims with respect to Disputed Claims which Debtor had as of the Effective Date.

7.3    **Discharge of Debtor**.

      Pursuant to Bankruptcy Code section 1141(d), and except as specifically provided in the Joint Plan or in any contract, instrument, or other agreement or document created pursuant to the Joint Plan, the distributions, rights, and treatment that are provided in the Joint Plan shall be in complete satisfaction, discharge, release, effective as of the Effective Date, of all Claims of any nature whatsoever whether known or unknown, liabilities of, Liens on, obligations of, and rights against the Debtor or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Joint Plan on account of such Claims, including demands, liabilities, and causes of action that arose before the Effective Date and regardless of whether the Claim is allowed under Bankruptcy Code section 502 or whether the Holder of the Claim has accepted the Joint Plan.

7.4    **Injunction Enjoining Actions**.

      Except as expressly provided herein, at all times on and after the Entry of the Confirmation Order, Debtor and all Entities who have been, are, or may be holders of Claims

against Debtor arising prior to the Effective Date, shall be enjoined from taking any of the following actions against or affecting Debtor, its Estate, or Estate Assets:  commencing, conducting or continuing in any manner, directly or indirectly any suit, action, or other proceeding of any kind arising before the Confirmation Date against Debtor, its Estate, or property, including any suit, action or other proceeding which might affect the use or enjoyment of any asset or property (including, *inter alia*, all suits, actions, and proceedings that are pending as of the Effective Date, shall be deemed to be withdrawn or dismissed with prejudice); enforcing, levying, attaching, collecting, or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree, or order against Debtor, its Estate, or property, relating to any obligation which arose prior to the Effective Date; creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any Lien or Encumbrance against Debtor, its Estate, or property; asserting any right of subrogation, or recoupment of any kind, directly or indirectly against any obligation due Debtor, its Estate, or property; and proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Joint Plan.

## ARTICLE 8
## GENERAL PROVISIONS RELATING TO RESERVES FOR DISPUTED CLAIMS

8.1     **Distributions on Allowed Claims Only**.

Distributions made by Chapter 11 Trustee under the Joint Plan shall be made only to the Holders of Allowed Claims.  Until a Disputed Claim becomes an Allowed Claim, the Holder of that Disputed Claim shall not receive the consideration otherwise provided to such Claimant under the Joint Plan.

8.2     **Establishment of Disputed Claims Reserve**.

Chapter 11 Trustee shall deposit the Distributions reserved for the Holders of Disputed Claims in a reserve fund called the "Disputed Claims Reserve."  Chapter 11 Trustee shall hold the Disputed Claims Reserve in trust for the benefit of the Holders of Allowed Claims whose Distributions are unclaimed and the Holders of Disputed Claims pending determination of their entitlement thereto under the terms of the Joint Plan.  If a Disputed Claim becomes an Allowed Claim, Chapter 11 Trustee shall release and deliver the Distributions reserved for such Allowed Claims from the Disputed Claims Reserve, together with any earned interest attributable to such Distribution.

## ARTICLE 9
## VESTING OF ASSETS

9.1    **Vesting of Estate Assets Upon Entry of Confirmation Order**.

Except as expressly provided otherwise in the Joint Plan, upon entry of the Confirmation Order all Estate Assets shall remain property of the Estate and shall be free and clear of all Liens, Claims, Encumbrances, and Interests.

9.2    **Vesting of Estate Assets in Reorganized Debtor**.

Within one-hundred and eighty (180) days after the Effective Date or such later deadline as may apply pursuant to order of the Bankruptcy Court, Chapter 11 Trustee shall, pursuant to Bankruptcy Code section 1141(b), prepare, file with the Bankruptcy Court, and serve on all parties in interest a "**Notice of Vesting of Estate Assets in Reorganized Debtor**" which shall vest any and all remaining Estate Assets, including without limitation, all rights of the Estate and Debtor under this Joint Plan, the Confirmation Order, and all other orders entered by the Bankruptcy Court in the Chapter 11 Case on or prior to the Effective Date, and all books and records related to the Estate, which shall be transferred to and vested in the Reorganized Debtor; provided however, no Estate Asset shall vest with the Reorganized Debtor to the extent such Estate Asset may be necessary to satisfy any unpaid:  Allowed Claim, Disputed Claim, Claim which is not yet an Allowed Claim, and Administrative Claim arising with respect to same, or to otherwise fund Administrative Claims reasonably necessary to accomplish full consummation of the Joint Plan and closing of the Chapter 11 Case.

9.3    **Identification of Rights and Property To Vest With Reorganized Debtor**.

The Notice of Vesting of Estate Assets In Reorganized Debtor shall include an identification of such Estate Assets that shall vest in the Reorganized Debtor, or in the alternative, which Estate Assets shall not vest in the Reorganized Debtor, upon issuance of such notice.  The Chapter 11 Trustee shall issue such further notices of vesting of assets as may be necessary to vest any remaining Estate Assets in the Reorganized Debtor.

## ARTICLE 10
## RETENTION OF JURISDICTION

10.1    **Jurisdiction**.

Until the Chapter 11 Case is closed pursuant to Bankruptcy Code section 350, the Bankruptcy Court shall retain the fullest and most extensive jurisdiction permissible, including that necessary to ensure that the purposes and intent of the Joint Plan are carried out.  Except as otherwise provided in the Joint Plan, the Joint Plan exhibits and/or the Confirmation Order, the Bankruptcy Court shall retain jurisdiction to hear and determine all Claims against Debtor, and to adjudicate and enforce all other causes of action which may exist on behalf of Debtor.

10.2   **Specific Purposes**.

In addition to the foregoing, the Bankruptcy Court, even after the this Chapter 11 Case has been closed, shall have jurisdiction to the fullest extent of the law over all matters arising under, arising in, or relating to Debtor's Chapter 11 Case, including proceedings to: ensure that the Joint Plan is carried out; enter such orders as may be necessary or appropriate to implement, consummate, or enforce the provisions of the Joint Plan and all contracts, instruments, releases, indentures and other agreements or documents created in connection with the Joint Plan; consider any modification of the Joint Plan under Bankruptcy Code section 1127; hear and determine all Claims, controversies, suits and disputes against Debtor to the extent permitted under 28 U.S.C. § 1334; enter a final decree in the Chapter 11 Case as contemplated by Bankruptcy Rule 3022; enforce, by injunction or otherwise, the provisions set forth in the Joint Plan, the Confirmation Order, any final decree, and any Final Order that provides for the adjudication of any issue by the Bankruptcy Court; and enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated.

10.3   **Bankruptcy Court's Lack of Jurisdiction or Declination to Exercise Jurisdiction**.

If the Bankruptcy Court concludes that it lacks subject matter jurisdiction or abstains or exercises discretion not to hear any matter within the scope of its jurisdiction, Chapter 11 Trustee, Debtor, Creditors or any other party in interest shall bring all actions regarding the Joint Plan or Debtor's Chapter 11 Case only to a federal or state tribunal of competent jurisdiction situated in Cook County, Illinois.

## ARTICLE 11
## GENERAL PROVISIONS

11.1   **Notices**.

All notices, requests and demands required or permitted hereunder, to be effective, shall solely be set forth in writing unless otherwise expressly provided in the Joint Plan, and shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

| **Chapter 11 Trustee** | **Equity Interest Holders** |
|---|---|
| **Seyfarth Shaw LLP** | Gina B. Krol |
| Gus A. Paloian, Esq. | **Cohen & Krol** |
| James B. Sowka, Esq. | 105 W. Madison St., Suite 1100 |
| Bret Harper, Esq. | Chicago, IL 60602 |
| 131 S. Dearborn St., Suite 2400 | Tel: (312) 368-0300 |
| Chicago, Illinois 60603 | |
| Tel: (312) 460-5000 | |
| Fax: (312) 460-7000 | |

11.2   **Further Action**.

Nothing contained in the Joint Plan shall prevent Chapter 11 Trustee or Debtor from taking such actions as may be necessary to consummate the Joint Plan, even though such actions may not specifically be provided for within the Joint Plan.  Chapter 11 Trustee and Debtor, if and to the extent necessary, may seek such orders, judgments, injunctions, and rulings that it deems necessary to further carry out the intentions and purposes of, and give full effect to the provisions of, the Joint Plan.

11.3   **Attachments; Entire Agreement; Severability**.

11.3.1 All attachments to the Joint Plan are incorporated herein by reference and are intended to be an integral part of this document as though fully set forth in the Joint Plan.  All exhibits to the Joint Plan shall be filed with the Bankruptcy Court no later than seven (7) days before the Confirmation Date.

11.3.2 The Joint Plan and all exhibits thereto set forth the entire agreement and undertakings relating to the subject matter thereof and supersede all prior discussions and documents.   No Entity shall be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof, other than as expressly provided for herein or as may hereafter be agreed to by the parties in writing.  To the extent there is any inconsistency or ambiguity between any term or provision contained in the Joint Plan, on the one hand, and the Disclosure Statement, on the other, the terms and provisions of the Joint Plan shall control.

11.3.3 If any term or provision of this Joint Plan is held by the Bankruptcy Court, prior to or at the time of Confirmation, to be invalid, void or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as so altered or interpreted. In the event of any such holding, alteration, or interpretation, the remainder of the terms and provisions of this Joint Plan may, at the option of Chapter 11 Trustee, remain in full force and effect and not be deemed affected.  However, Chapter 11 Trustee reserves the right not to proceed to Confirmation or consummation of this Joint Plan if any such ruling occurs.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Joint Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

11.4   **Joint Plan Amendments**.

Before the Confirmation Date, Chapter 11 Trustee and Equity Interest Holders may modify, amend or withdraw the Joint Plan, without approval of the Bankruptcy Court.  After the Confirmation Date and subject to approval of the Bankruptcy Court, Chapter 11 Trustee and Equity Interest Holders may jointly amend or modify the Joint Plan to remedy any defect or omission or reconcile any inconsistencies in the Joint Plan or in the Confirmation Order, in such manner that may be necessary to carry out the purposes and intent of the Joint Plan and so long

as it does not materially or adversely affect the rights set forth in the Joint Plan of creditors and other parties in interest.

11.5   **Effect of Order Denying Confirmation**.

If an order denying confirmation of the Joint Plan is entered by the Bankruptcy Court, then the Joint Plan shall be null and void in all respects.

11.6   **Governing Law**.

Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Joint Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Illinois, without giving effect to any conflicts of law principles.

11.7   **No Admissions**.

Notwithstanding anything here and to the contrary, nothing contained in the Joint Plan shall be deemed as an admission by any Entity with respect to any matter set forth herein.

11.8   **Exemption From Transfer Taxes**.

Pursuant to Bankruptcy Code section 1146(c), the sale and transfer of Estate Assets under, in furtherance of, or in connection with the Joint Plan shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

## ARTICLE 12
## SUBSTANTIAL CONSUMMATION

12.1   **Substantial Consummation**.

The Joint Plan shall be deemed substantially consummated immediately on the funding of the Initial Distribution to all Holders of Allowed Claims.

12.2   **Notice of Effective Date**.

Promptly after occurrence of the Effective Date, Chapter 11 Trustee shall file with the clerk of the Bankruptcy Court a notice that the Joint Plan has become effective; *provided, however*, that the failure to file such notice shall not affect the effectiveness of the Joint Plan or the rights or substantive obligations of any Entity hereunder.

12.3   **Final Decree**.

On completion of all Distributions to Holders of Claims and Interests, Chapter 11 Trustee, or with Chapter 11 Trustee's consent, Equity Interest Holders may move for a final decree closing the Chapter 11 Case and requesting such other orders as may be necessary and appropriate.

19

Dated: January 30, 2015
        Chicago, Illinois

Respectfully Submitted:

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 11 Trustee of Debtor's Estate

By:    /s/ James B. Sowka
            Gus A. Paloian (6188186)
            James B. Sowka (6291998)
            Bret Harper (6299968)
            SEYFARTH SHAW LLP
            131 South Dearborn Street
            Chicago, Illinois  60603
            Telephone:  (312) 460-5000
            Facsimile:  (312) 460-7000

*Attorneys for Gus A. Paloian, Chapter 11 Trustee*

THE EQUITY INTEREST HOLDERS

By:    /s/ Gina B. Krol
            Gina B. Krol (6187642)
            105 W. Madison St., Suite 1100
            Chicago, IL 60602
            (312) 368-0300

*Attorney for Francine Dvorkin, Beverly Dvorkin, and
Aaron Dvorkin (collectively the "Equity Interest
Holders")*

18885663v.9