# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-31336-JBS |
| | ) | |
| DVORKIN HOLDINGS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Hearing Date:  March 31, 2015 |
| | ) | Hearing Time:  10:00 a.m. prevailing CT |

## NOTICE OF HEARING ON TRUSTEE'S
## LIMITED OBJECTION TO CLAIM NO. 7 OF ASSET LIQUIDATORS, LLC

To:      See *Attached Service List*

**PLEASE TAKE NOTICE** that on February 25, 2015, Gus A. Paloian, as trustee ("Trustee") of the bankruptcy estate of Dvorkin Holdings, LLC, debtor ("Debtor") filed his Limited Objection ("Objection") To Claim No. 7 Of Asset Liquidators, LLC (the "Claim").  A copy of the Trustee's Objection is attached and hereby served upon you.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Trustee's Objection will be held in Courtroom 644, Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois on **Tuesday, March 31, 2015 at 10:00 a.m.**, at which time and place you may appear and be heard. The hearing may be adjourned from time to time without further notice, other than by announcement of an adjourned date in open court.

You may, but need not, file a written response to Trustee's Objection prior to the aforesaid hearing.  Such written response, if any, should be filed with the Clerk of the United States Bankruptcy Court, at 219 S. Dearborn St., 7th Floor, Chicago, Illinois  60604, with a copy served upon the Trustee's counsel at the address set forth below. If you do not file a response or appear at the hearing, the relief requested may be entered against the claimant.

18996035v.3

Dated:  February 25, 2015         Respectfully  submitted,

GUS A. PALOIAN, not individually  or
personally,  but solely  in  his  capacity  as the
Chapter 11 Trustee of Debtor's Estate

By:/s/  Bret  M. Harper
    Gus  A. Paloian  (6188186)
    James  B. Sowka  (6291998)
    Bret  M. Harper  (6299968)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite  2400
    Chicago,  Illinois   60603
    Telephone:   (312) 460-5000

*Counsel to Chapter 11 Trustee Gus A. Paloian*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on February 25, 2015, he caused a true and correct copy of the **Notice of Hearing on Trustee's Limited Objection To Claim No. 7 Of Asset Liquidators, LLC** to be served (i) via First Class U.S. Mail, postage prepaid, upon Asset Liquidators, LLC, as assignee of Texas 1845, LLC, as successor to Key Equipment Finance, Inc., c/o Michael J. Waters, Esq., and William W. Thorsness, Esq., Vedder Price P.C., 222 North LaSalle Street, Suite 2600, Chicago, Illinois 60601; and (ii) electronically through the Court's CM/ECF electronic noticing system upon all registrants so identified on the appended Service List.

/s/ Bret M. Harper

18996035v.3

**DVORKIN HOLDINGS, LLC**
**Case No. 12-31336**

## CM/ECF ELECTRONIC MAIL DISTRIBUTION

| | |
|---|---|
| **Jonathan E. Aberman** | jaberman@vedderprice.com, ecfdocket@vedderprice.com |
| **Samantha Babcock** | sbabcock@chuhak.com, rsaldivar@chuhak.com |
| **Gary I. Blackman** | gblackman@lplegal.com, nbailey@lplegal.com; ikropiewnicka@lplegal.com |
| **Timothy W. Brink** | tbrink@mpslaw.com, dnichols@mpslaw.com |
| **Kurt M. Carlson** | kcarlson@carlsondash.com, knoonan@carlsondash.com |
| **David Chroust** | david.chroust@icemiller.com, debra.dipisa@icemiller.com |
| **William J. Connelly** | wconnelly@hinshawlaw.com |
| **Jonathan M. Cyrluk** | cyrluk@carpenterlipps.com, haas@carpenterlipps.com |
| **Michael J. Davis** | mdavis@davisgreenelaw.com, davislaw80@gmail.com llarson@davisgreenelaw.com |
| **Jeffrey W. Finke** | jwfinke@mindspring.com |
| **Robert M. Fishman** | rfishman@shawfishman.com, kjanecki@shawfishman.com |
| **Whitney Fogelberg** | wfogelberg@vedderprice.com |
| **Matthew T. Gensburg** | gensburgm@gtlaw.com, chidocket@gtlaw.com; ChiBkyDocket@gtlaw.com; greenbergc@gtlaw.com; sullivanka@gtlaw.com |
| **Joshua D. Greene** | jgreene@davisgreenelaw.com |
| **Michael J. Gunderson** | bankruptcy@chicago.com |
| **David A. Kallick** | dkallick@tishlerandwald.com |
| **David L. Kane** | dkane@mpslaw.com, dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com |
| **Gina B. Krol** | gkrol@cohenandkrol.com, gkrol@cohenandkrol.com; trotman@cohenandkrol.com; jneiman@cohenandkrol.com |
| **Forrest B. Lammiman** | flammiman@mpslaw.com, dkane@mpslaw.com; srogovin@mpslaw.co; dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com |
| **Patrick S. Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **David P. Leibowitz** | dleibowitz@lakelaw.com, czuniga@lakelaw.com; jstorer@lakelaw.com; ECF@lakelaw.com |
| **David S. Makarski** | david.makarski@sfnr.com, Craig.Coleman@sfnr.com; George.Sang@sfnr.com; Seth.Matus@sfnr.com; Adam.Glazer@sfnr.com |
| **Emily N. Masalski** | masalski@dlec.com, emasalski@yahoo.com |
| **Colleen E. McManus** | cmcmanus@carlsondash.com, knoonan@carlsondash.com; kcarlson@carlsondash.com; asharp@carlsondash.com |
| **Kevin H. Morse** | khmorse@arnstein.com |
| **Marc S. Reiser** | mreiser@shawfishman.com, jhampton@shawfishman.com |
| **Jonathan N. Rogers** | jrogers@skdaglaw.com |
| **Rebecca D. Rosenthal** | rosenthalr@gtlaw.com |
| **Peter A. Siddiqui** | peter.siddiqui@kattenlaw.com |

18996035v.3

| | |
|---|---|
| **Jean Soh** | jsoh@polsinelli.com, chicagodocketing@polsinelli.com |
| **Lawrence A. Stein** | lstein@huckbouma.com, lkoster@huckbouma.com |
| **Lawrence A. Stein** | lstein@huckbouma.com, lkoster@huckbouma.com |
| **Peter D. Sullivan** | psullivan@hinshawlaw.com |
| **Jerry L. Switzer** | jswitzer@polsinelli.com, chicagodocketing@polsinelli.com |
| **William W. Thorsness** | wthorsness@vedderprice.com, ecfdocket@vedderprice.com; ahesla@vedderprice.com |
| **Michael Lee Tinaglia** | mltinaglia@tinaglialaw.com, jmwretzky@tinaglialaw.com |
| **John R. Weiss** | jrweiss@duanemorris.com |
| **Stephen G. Wolfe** | steve.g.wolfe@usdoj.gov, jennifer.r.toth@usdoj.gov |

18996035v.3

**VIA UNITED STATES MAIL**

Patrick S. Layng
c/o Stephen G. Wolfe
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL 60604

Michael J. Waters, Esq.
William W. Thorsness, Esq.
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois 60601

18996035v.3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-31336-JBS |
| | ) | |
| DVORKIN HOLDINGS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Hearing Date:  March 31, 2015 |
| | ) | Hearing Time:  10:00 a.m. prevailing CT |

**TRUSTEE'S  LIMITED OBJECTION
TO CLAIM NO. 7 OF ASSET LIQUIDATORS, LLC**

Gus A. Paloian,  not individually  or personally,  but solely in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Dvorkin  Holdings,  LLC (the "Debtor"),  pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy  Procedure ("Bankruptcy Rule") 3007, respectfully  submits this limited  objection (the "Objection")  to the Proof of Claim (the "Proof of Claim") filed  by Asset Liquidators,  LLC, as assignee of Texas 1845, LLC, as successor to Key Equipment Finance, Inc. ("Claimant").  In support of this Objection, the Trustee respectfully  states as follows:

### I.       JURISDICTION

1.       This Court has subject matter jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Internal  Operating Procedure 15(a) of the United  States District Court for the Northern  District of Illinois.

2.       Venue of the above-captioned case (the "Case") and this Objection is proper in this District  pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       This matter is a core proceeding within  the meaning  of 28 U.S.C. § 157(b)(2)(N).

18996035v.3

4.    The predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II.    PROCEDURAL BACKGROUND

5.    On August 7, 2012 ("Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Case. Loran Eatman ("Mr. Eatman"), vice president of DH-EK Management Corp. ("DH-EK"), signed the petition as the Debtor's authorized individual.

6.    On August 17, 2012, the Debtor filed its schedules of assets and liabilities and its statement of financial affairs. *See* Dkt. No. 11. Thereafter, the Debtor filed a set of amended schedules and an amended statement of financial affairs. *See* Dkt. Nos. 20, 21, and 22. According to the amended statement of financial affairs, Francine Dvorkin ("Mrs. Dvorkin") and several Dvorkin family entities own a controlling interest in the Debtor. Mrs. Dvorkin is married to Daniel Dvorkin ("Mr. Dvorkin").

7.    On August 30, 2013, Mr. Dvorkin was convicted in a criminal proceeding in the United States District Court for the Northern District of Illinois for his involvement in a murder-for-hire plot. *See* Case No. 12 CR 00500, *USA v. Dvorkin*.

8.    On October 16, 2012, this Court approved the appointment of Gus A. Paloian as Chapter 11 Trustee in the Case. On November 5, 2012, this Court granted the Trustee's Application to Retain Seyfarth Shaw as His Counsel, Retroactively. *See* Dkt. No. 122.

## III.    FACTUAL BACKGROUND

9.    The Debtor, through its affiliates or related entities, is primarily involved in real estate investment and management. The Debtor, either directly or through numerous limited liability companies and land trusts, possesses, or possessed, ownership interests in approximately

2

18996035v.3

seventy (70) parcels of real property. *See* Amended Schedule B. According to its Amended Schedule H, the Debtor is a codebtor or guarantor of the debt for at least 44 entities.

10.     On February 24, 2012, the Illinois Circuit Court of Du Page County entered in Case No. 2010 L 1249, styled as *Key Equipment Finance, Inc. v. Daniel Dvorkin, et al.* (the "Action"), a judgment order (the "Judgment Order") (i) in favor of Texas 1845, LLC and against Defendants Daniel Dvorkin and Debtor in the amount of $2,753,331.97 for their breach of certain guaranties related to a loan made by Key Equipment Finance to Dan Air II, LLC on February 26, 2008, and (ii) in favor of Texas 1845, LLC and against Defendants Daniel Dvorkin, Debtor, and Dan Air, LLC in the amount of $5,505,960.12 for their breach of certain guaranties related to a loan made by Key Equipment Finance to Dan Air V, LLC on December 11, 2007.

11.     On June 1, 2012, a certain Citation Notice (the "Citation") was served in the Action on the following:  "Francine Dvorkin, Dvorkin Holdings, LLC. 1 Trans Am Plaza Oak Brook Terrace, IL".[1]

12.     On information and belief, on or about July 13, 2012, Texas 1845, LLC ("Texas 1845") assigned to Claimant its rights, title, and interest to the Judgment Order (the "Assignment").

13.     On February 28, 2012, a copy of the Judgment Order was recorded with the Cook County Recorder of Deeds (the "February 2012 Cook County Recordation of Judgment").

14.     Illinois Supreme Court Rule 304(a) provides as follows:

> If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. . . . In the absence of such a finding, any judgment that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties is not enforceable or

---

[1] On or about August 21, 2014, the Trustee discovered the existence of the Citation.

appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties.

Illinois Supreme Court Rule 304(a).

15.     On information and belief, the Judgment Order adjudicated fewer than all the claims or the rights and liabilities of fewer than all the parties to the Action.

16.     On July 19, 2012, a copy of the Judgment Order was recorded with the Cook County Recorder of Deeds (the "July 2012 Cook County Recordation of Judgment").

17.     The February 2012 Cook County Recordation of Judgment and the July 2012 Cook County Recordation of Judgment purport to create judgment liens attaching to Debtor's real property in Cook County, Illinois.

18.     On July 20, 2012, a copy of the Judgment Order was recorded with the DuPage County Recorder of Deeds (the "July 2012 DuPage County Recordation of Judgment").

19.     The Debtor filed for bankruptcy protection on August 7, 2012, within 90 days of the recordings of the July 2012 Cook County Recordation of Judgment, the July 2012 DuPage County Recordation of Judgment, and the service of the Citation.

20.     On August 26, 2013, the Trustee filed in the Debtor's bankruptcy case a motion [Dkt. No. 333] (the "Vincennes Sale Motion") for an order authorizing the sale of certain property located at 4553 S. Vincennes Ave., Chicago, Illinois (the "Vincennes Property"), free and clear of liens, claims, and other encumbrances, with such liens, claims, and encumbrances to attach to the sale proceeds, subject to Trustee's right to challenge any such liens.

21.     The Vincennes Property is located in Cook County, Illinois.

22.     On September 16, 2013, this Court entered its Order Authorizing (I) The Sale Of Real Property Located At 4553 S. Vincennes Ave., Chicago, Illinois Free And Clear Of Liens, Claims, Rights, Interests, Charges, And Encumbrances, And (II) Other Relief [Dkt. No. 343],

4

directing Trustee to consummate the sale of the Vincennes Property free and clear of liens, claims, and other encumbrances, with such liens, claims, and encumbrances to attach to the sale proceeds, subject to Trustee's right to challenge any such liens.

23.     On September 30, 2013, Trustee closed the sale of the Vincennes Property.

24.     Proceeds from the sale of the Vincennes Property are being held in escrow pending the resolution of disputed lien claims against the Vincennes Property.

25.     On April 4, 2014, the Trustee filed in the Debtor's bankruptcy case a motion for an order authorizing the sale of certain property located at 522 East 46th Place, Chicago, Illinois (the "46th Place Property") [Dkt. No. 456], free and clear of liens, claims, and other encumbrances, with such liens, claims, and encumbrances to attach to the sale proceeds, subject to Trustee's right to challenge any such liens.

26.     The 46th Place Property is located in Cook County, Illinois.

27.     On April 25, 2014, this Court entered its Order Authorizing (I) The Sale Of Real Property Located At 522 East 46th Place, Chicago, Illinois Free And Clear Of Liens, Claims, Rights, Interests, Charges, And Encumbrances, And (II) Other Relief [Dkt. No. 464], directing Trustee to consummate the sale of the 46th Place Property free and clear of liens, claims, and other encumbrances, with such liens, claims, and encumbrances to attach to the sale proceeds, subject to Trustee's right to challenge any such liens.

28.     On May 7, 2014, Trustee closed the sale of the 46th Place Property.

29.     Proceeds from the sale of the 46th Place Property are being held in escrow pending the resolution of disputed lien claims against the 46th Place Property.

18996035v.3

30.     On July 21, 2014, the Trustee commenced that certain Adversary Case No. 14-00486-JBS (the "Adversary Case") before this Court by filing and serving a certain Complaint against Claimant.[2]

31.     On September 10, 2014, the Trustee filed in the Adversary Case a certain First Amended Complaint [Dkt. No. 12] seeking, among other things:  (i) a declaratory judgment that the February 2012 Cook County Recordation of Judgment is void as an attempt to enforce the Judgment Order before the Judgment Order was duly enforceable under applicable law and that the February 2012 Cook County Recordation of Judgment does not create any lien, claim, or other encumbrance against the Debtor, the Debtor's property, or any proceeds of the sale of Debtor's property; (ii) avoidance of the July 2012 Cook County Recordation of Judgment as a preferential transfer pursuant to Bankruptcy Code section 547; and (iii) avoidance of the July 2012 DuPage County Recordation of Judgment as a preferential transfer pursuant to Bankruptcy Code section 547.

32.     On September 22, 2014, Claimant filed its Answer to Amended Complaint [Dkt. No. 13].

33.     The next status hearing in the Adversary Proceeding is scheduled before the Honorable Jack B. Schmetterer on April 20, 2015 [Dkt. No. 16].

## IV.     DESCRIPTION OF CLAIM

34.     On November 16, 2012, Claimant filed a Proof of Claim [Claim No. 7] (the "Proof of Claim") (attached hereto as **Exhibit A**) asserting a secured claim in the amount of "no less than $8,259,292.09" (the "Claim").

---

[2]  The Adversary Case is pending before the Honorable Jack B. Schmetterer.

18996035v.3

35.     The Proof of Claim asserts a secured claim against the Debtor arising pursuant to the Judgment Order, the February 2012 Cook County Recordation of Judgment, the July 2012 Cook County Recordation of Judgment, and the July 2012 DuPage County Recordation of Judgment.

## V.     LIMITED OBJECTION TO CLAIM

36.     Trustee objects to the Claim on the limited basis that the Adversary Proceeding seeks avoidance of Claimant's purported liens securing the Claim.  To the extent the Adversary Proceeding results in a judgment avoiding such liens, the Trustee objects to treatment of the Claim as a secured Claim.

## VI.     RESERVATION OF RIGHTS

37.     In the event Claimant produces additional documents or allegations in response to this Objection, the Trustee expressly reserves the right to amend, modify, or supplement this Objection and to file further, additional objections to the Proof of Claim, or to any other claims that have been or that may be asserted against the Estate by Claimant.  Should one or more of the grounds of objection stated herein be overruled and/or dismissed, the Trustee reserves the right to object on other stated grounds or on any other grounds that exist or that may arise during the pendency of this Case.

## VII.     NOTICE AND COMPLIANCE WITH RULE 3007

38.     In accordance with the provisions of Bankruptcy Rule 3007, the Trustee has provided thirty (30) days' notice of the Objection to: (i) Claimant, (ii) the Office of the United States Trustee, and (iii) parties requesting notice in this bankruptcy case. The Trustee respectfully requests that the Court find and conclude that such notice is sufficient and that no other or further notice is required.

18996035v.3

WHEREFORE, the Trustee respectfully requests this Court to enter an order (i) providing

that Claim must be reduced by amounts paid to Claimant in satisfaction of the Note; and

(ii) providing such other and further relief as this Court deems proper.

Dated: February 25, 2015                    Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 11 Trustee of Debtor's Estate

By:/s/ Bret M. Harper
    Gus A. Paloian (6188186)
    James B. Sowka (6291998)
    Bret M. Harper (6299968)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois  60603
    Telephone:  (312) 460-5000

    *Counsel to Chapter 11 Trustee Gus A. Paloian*

8

18996035v.3