**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-31336-JBS |
| | ) | |
| DVORKIN HOLDINGS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Hearing Date: March 31, 2015 |
| | ) | Hearing Time: 10:00 a.m. prevailing CT |

**NOTICE OF HEARING ON TRUSTEE'S
LIMITED OBJECTION TO CLAIM NO. 14 OF COLFIN
BULLS FUNDING A, LLC AND ASM CAPITAL V, L.P. (AS PARTIAL ASSIGNEE)**

To:    See *Attached Service List*

**PLEASE TAKE NOTICE** that on February 25, 2015, Gus A. Paloian, as trustee ("Trustee") of the bankruptcy estate of Dvorkin Holdings, LLC, debtor ("Debtor") filed his Limited Objection ("Objection") To Claim No. 14 Of ColFin Bulls Funding A, LLC And ASM Capital V, L.P. (As Partial Assignee) (the "Claim"). A copy of the Trustee's Objection is attached and hereby served upon you.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Trustee's Objection will be held in Courtroom 644, Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois on **Tuesday, March 31, 2015 at 10:00 a.m.**, at which time and place you may appear and be heard. The hearing may be adjourned from time to time without further notice, other than by announcement of an adjourned date in open court.

You may, but need not, file a written response to Trustee's Objection prior to the aforesaid hearing. Such written response, if any, should be filed with the Clerk of the United States Bankruptcy Court, at 219 S. Dearborn St., 7th Floor, Chicago, Illinois 60604, with a copy served upon the Trustee's counsel at the address set forth below. If you do not file a response or appear at the hearing, the relief requested may be entered against the claimant.

18987651v.1

Dated: February 25, 2015

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 11 Trustee of Debtor's Estate

By:/s/ Bret M. Harper
    Gus A. Paloian (6188186)
    James B. Sowka (6291998)
    Bret M. Harper (6299968)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone: (312) 460-5000

*Counsel to Chapter 11 Trustee Gus A. Paloian*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 25, 2015, he caused a true and correct copy of the **Notice of Hearing of Trustee's Limited Objection To Claim No. 14 Of ColFin Bulls Funding A, LLC And ASM Capital V, L.P. (As Partial Assignee)** and **Trustee's Limited Objection To Claim No. 14 Of ColFin Bulls Funding A, LLC And ASM Capital V, L.P. (As Partial Assignee)** to be served (i) via First Class U.S. Mail, postage prepaid, upon (a) Jerry L. Switzer, Jr., Polsinelli Shughart PC, 161 N. Clark Street, Suite 4200, Chicago, Illinois, (b) Ryan R. Riemer, Colony AMC, 100 N. Sepulveda Blvd., Suite 1900, El Segundo, California 90245, and (c) ASM Capital, 7600 Jericho Turnpike Suite 302, Woodbury, New York 11797; and (ii) electronically through the Court's CM/ECF electronic noticing system upon all registrants so identified on the appended Service List.

/s/ Bret M. Harper

18987651v.1

**DVORKIN HOLDINGS, LLC**
Case No. 12-31336

## CM/ECF ELECTRONIC MAIL DISTRIBUTION

| | |
|---|---|
| **Jonathan E. Aberman** | jaberman@vedderprice.com, ecfdocket@vedderprice.com |
| **Samantha Babcock** | sbabcock@chuhak.com, rsaldivar@chuhak.com |
| **Gary I. Blackman** | gblackman@lplegal.com, nbailey@lplegal.com; ikropiewnicka@lplegal.com |
| **Timothy W. Brink** | tbrink@mpslaw.com, dnichols@mpslaw.com |
| **Kurt M. Carlson** | kcarlson@carlsondash.com, knoonan@carlsondash.com |
| **David Chroust** | david.chroust@icemiller.com, debra.dipisa@icemiller.com |
| **William J. Connelly** | wconnelly@hinshawlaw.com |
| **Jonathan M. Cyrluk** | cyrluk@carpenterlipps.com, haas@carpenterlipps.com |
| **Michael J. Davis** | mdavis@davisgreenelaw.com, davislaw80@gmail.com llarson@davisgreenelaw.com |
| **Jeffrey W. Finke** | jwfinke@mindspring.com |
| **Robert M. Fishman** | rfishman@shawfishman.com, kjanecki@shawfishman.com |
| **Whitney Fogelberg** | wfogelberg@vedderprice.com |
| **Matthew T. Gensburg** | gensburgm@gtlaw.com, chidocket@gtlaw.com; ChiBkyDocket@gtlaw.com; greenbergc@gtlaw.com; sullivanka@gtlaw.com |
| **Joshua D. Greene** | jgreene@davisgreenelaw.com |
| **Michael J. Gunderson** | bankruptcy@chicago.com |
| **David A. Kallick** | dkallick@tishlerandwald.com |
| **David L. Kane** | dkane@mpslaw.com, dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com |
| **Gina B. Krol** | gkrol@cohenandkrol.com, gkrol@cohenandkrol.com; trotman@cohenandkrol.com; jneiman@cohenandkrol.com |
| **Forrest B. Lammiman** | flammiman@mpslaw.com, dkane@mpslaw.com; srogovin@mpslaw.co; dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com |
| **Patrick S. Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **David P. Leibowitz** | dleibowitz@lakelaw.com, czuniga@lakelaw.com; jstorer@lakelaw.com; ECF@lakelaw.com |
| **David S. Makarski** | david.makarski@sfnr.com, Craig.Coleman@sfnr.com; George.Sang@sfnr.com; Seth.Matus@sfnr.com; Adam.Glazer@sfnr.com |
| **Emily N. Masalski** | masalski@dlec.com, emasalski@yahoo.com |
| **Colleen E. McManus** | cmcmanus@carlsondash.com, knoonan@carlsondash.com; kcarlson@carlsondash.com; asharp@carlsondash.com |
| **Kevin H. Morse** | khmorse@arnstein.com |
| **Marc S. Reiser** | mreiser@shawfishman.com, jhampton@shawfishman.com |
| **Jonathan N. Rogers** | jrogers@skdaglaw.com |
| **Rebecca D. Rosenthal** | rosenthalr@gtlaw.com |
| **Peter A. Siddiqui** | peter.siddiqui@kattenlaw.com |
| **Jean Soh** | jsoh@polsinelli.com, chicagodocketing@polsinelli.com |

18987651v.1

| | |
|---|---|
| **Lawrence A. Stein** | lstein@huckbouma.com, lkoster@huckbouma.com |
| **Lawrence A. Stein** | lstein@huckbouma.com, lkoster@huckbouma.com |
| **Peter D. Sullivan** | psullivan@hinshawlaw.com |
| **Jerry L. Switzer** | jswitzer@polsinelli.com, chicagodocketing@polsinelli.com |
| **William W. Thorsness** | wthorsness@vedderprice.com, ecfdocket@vedderprice.com; ahesla@vedderprice.com |
| **Michael Lee Tinaglia** | mltinaglia@tinaglialaw.com, jmwretzky@tinaglialaw.com |
| **John R. Weiss** | jrweiss@duanemorris.com |
| **Stephen G. Wolfe** | steve.g.wolfe@usdoj.gov, jennifer.r.toth@usdoj.gov |

**VIA UNITED STATES MAIL**

Patrick S. Layng
c/o Stephen G. Wolfe
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL 60604

Ryan R. Riemer
Colony AMC
100 N. Sepulveda Blvd.
Suite 1900
El Segundo, California 90245

Jerry L. Switzer, Jr.
Polsinelli Shughart PC
161 N. Clark Street
Suite 4200
Chicago, Illinois

ASM Capital
7600 Jericho Turnpike
Suite 302
Woodbury, New York 11797

18987651v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-31336-JBS |
| | ) | |
| DVORKIN HOLDINGS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Hearing Date: March 31, 2015 |
| | ) | Hearing Time: 10:00 a.m. prevailing CT |

**TRUSTEE'S LIMITED OBJECTION TO CLAIM NO. 14 OF COLFIN
BULLS FUNDING A, LLC AND ASM CAPITAL V, L.P. (AS PARTIAL ASSIGNEE)**

Gus A. Paloian, not individually or personally, but solely in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Dvorkin Holdings, LLC (the "Debtor"), pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3007, respectfully submits this limited objection (the "Objection") to the Proof of Claim (the "Proof of Claim") filed by ColFin Bulls Funding A, LLC ("ColFin") and subsequently partially assigned to ASM Capital V, L.P. ("Assignee," and together with ColFin, the "Claimants"). In support of this Objection, the Trustee respectfully states as follows:

### I.  JURISDICTION

1. This Court has subject matter jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "Case") and this Objection is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(N).

18987651v.1

4. The predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

## II. PROCEDURAL BACKGROUND

5. On August 7, 2012 ("Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Case. Loran Eatman ("Mr. Eatman"), vice president of DH-EK Management Corp. ("DH-EK"), signed the petition as the Debtor's authorized individual.

6. On August 17, 2012, the Debtor filed its schedules of assets and liabilities and its statement of financial affairs. *See* Dkt. No. 11. Thereafter, the Debtor filed a set of amended schedules and an amended statement of financial affairs. *See* Dkt. Nos. 20, 21, and 22. According to the amended statement of financial affairs, Francine Dvorkin ("Mrs. Dvorkin") and several Dvorkin family entities own a controlling interest in the Debtor. Mrs. Dvorkin is married to Daniel Dvorkin ("Mr. Dvorkin").

7. On August 30, 2013, Mr. Dvorkin was convicted in a criminal proceeding in the United States District Court for the Northern District of Illinois for his involvement in a murder-for-hire plot. *See* Case No. 12 CR 00500, *USA v. Dvorkin*.

8. On October 16, 2012, this Court approved the appointment of Gus A. Paloian as Chapter 11 Trustee in the Case. On November 5, 2012, this Court granted the Trustee's Application to Retain Seyfarth Shaw as His Counsel, Retroactively. *See* Dkt. No. 122.

## III. FACTUAL BACKGROUND

9. The Debtor, through its affiliates or related entities, is primarily involved in real estate investment and management. The Debtor, either directly or through numerous limited liability companies and land trusts, possesses, or possessed, ownership interests in approximately

2

seventy (70) parcels of real property. *See* Amended Schedule B. According to its Amended Schedule H, the Debtor is a codebtor or guarantor of the debt for at least 44 entities.

## IV.   DESCRIPTION OF CLAIM

10. On November 15, 2012, ColFin filed a Proof of Claim [Claim No. 14] (the "Proof of Claim") (attached hereto as **Exhibit A**) in the total amount of $3,504,767.25 (exclusive of costs, expenses and attorneys' fees incurred by ColFin), asserting secured claims for amounts due pursuant to certain Loans (defined hereinafter) (the "Claim").

A. Lombard Loan

11. Debtor and Chicago Title Land Trust Company, successor to North Star Trust Company, successor to U.S. Bank, N.A., successor to First Colonial Trust Company, as Trustee (the "Lombard Trustee") under Trust Agreement dated November 1, 1992 and known as Trust No. 1636-Y ("Trust 1636-Y") are each borrowers pursuant to that certain promissory note in favor of ColFin the original amount of $1,350,000.00 (as amended, the "Lombard Loan").

12. The Lombard Loan is secured by a certain junior mortgage (as amended, the "Lombard Junior Mortgage") dated March 19, 2001, granting to ColFin a mortgage on real property commonly known as 2200 South Main Street, Lombard, Illinois (the "Lombard Parcel").

13. On June 17, 2013, the Bankruptcy Court entered an order approving a certain settlement between the Trustee and, among others, Blue Star Gearing, LLC, pursuant to which the Debtor's affiliate, DH Mortgage Holder, LLC, obtained that certain promissory note, senior mortgage ("Lombard Senior Mortgage"), and related loan documents with respect to the Lombard Parcel. As of January 31, 2015, the total amount of the outstanding indebtedness secured by the Lombard Senior Mortgage was approximately $1,032,485.16.

3

14. Title to the Lombard Parcel is held by Trust 1636-Y. Debtor holds 50% of the beneficial interests in Trust 1636-Y. The other holders of beneficial interests in Trust 1636-Y are: B.T. Holdings, L.L.C. (40%); Ellen Rhodes and Nigel Rhodes (collectively 5%); Francine R. Dvorkin, as Trustee of Aaron Children's Trust u/a/d 3/28/98 (2.5%); and Francine R. Dvorkin as Trustee of Beverlee Children's Trust u/a/d 3/28/98 (2.5%). Debtor holds the power of direction for Trust 1636-Y.

15. In connection with the operation of the Lombard Parcel, 2200 SMSL maintains and holds title to an operating account (the "Lombard Operating Account") into which rents and other revenues of the Lombard Parcel are deposited and from which expenses relating to the Lombard Parcel are paid. Mr. Eatman is the manager of 2200 SMSL.

B. Lynwood Loan

16. Lynwood LLC is the borrower pursuant to that certain Mortgage Note in favor of ColFin in the original amount of $2,850,000.00 (as amended, the "Lynwood Loan," and together with the Lombard Loan, the "Loans").

17. The Lynwood Loan is secured by that certain Mortgage and Security Agreement (as amended, the "Lynwood Mortgage") dated February 28, 2005, granting to ColFin a mortgage on certain residential lots located in the Ambry Estates Subdivisions in Lynwood, Illinois (the "Lynwood Parcels," and collectively with the Lombard Parcel, the "Parcels").

18. Title to the Lynwood Parcels is held by Lynwood LLC and Lynwood DT LLC (collectively, the "Lynwood Entities").

19. Lynwood LLC is a manager-managed, Illinois limited liability company. Debtor owns 50% of the membership interests in Lynwood DT LLC. The other 50% of the membership

4

18987651v.1

interests are owned by L&N Real Estate Development, LLC. DH-EK is the manager of Lynwood LLC.

20. Lynwood DT LLC is a manager-managed, Illinois limited liability company. Debtor owns 50% of the membership interests in Lynwood DT LLC. The other 50% of the membership interests are owned by B.T. Holdings, L.L.C. DH-EK is the manager of Lynwood DT LLC.

21. The Debtor, among others, executed a certain Guaranty, dated February 28, 2005 (the "Lynwood Guaranty"), obligating the Debtor to guaranty the amounts due under the Lynwood Loan.

C. Settlement Agreement

22. On June 6, 2014, the Trustee filed his Motion For Order Approving Settlement Agreement With Colfin Bulls Funding A, LLC And Debtor-Related Entities Under Bankruptcy Rule 9019(a) [Dkt. No. 482].

23. The significant terms of that certain Settlement Agreement (the "Settlement Agreement") are as follows:

> i. Listing and Sale of the Lombard Parcel. ColFin consents to the sale of the Lombard Parcel free and clear of the Lombard Junior Mortgage, with the Lombard Junior Mortgage to be paid at closing of the Lombard Sale to the extent funds are available; provided, however, that ColFin must agree to the proposed gross sale price of the Lombard Parcel.
>
> ii. Costs of Lombard Parcel Sale. The closing costs for the proposed sale of the Lombard Parcel shall be paid from the Lombard Operating Account; provided, however, that a carveout from the Lombard Operating account shall be created in an amount sufficient to pay (a) third party claims against the Lombard Parcel and (b) $35,000 to be used to fund the reasonable and direct costs and professional fees relating to any post-sale operations and wind-up of the Lombard Parcel, Land Trust 1636-Y, and 2200 SMSL.
>
> iii. ColFin Redemption Option. ColFin shall have the right to credit bid to purchase the Lombard Parcel in an amount agreed to by Trustee, ColFin, and a broker retained to sell the Lombard Parcel. If the ColFin exercises its

5

redemption option, ColFin must pay to the Debtor, in cash, the outstanding amounts due under the Lombard Senior Mortgage.

      iv.    <u>Amendment of Proof of Claim - Lombard Loan</u>. Pursuant to an agreed order, the Proof of Claim shall be allowed against the Estate on account of the Lombard Loan in the amount of $1,007,098.63. The allowed claim shall be secured by ColFin's interest in the Lombard Parcel arising under the Lombard Junior Mortgage, and ColFin shall be entitled to receive the net proceeds of the sale of the Lombard Parcel, after payment of closing costs relating thereto and senior liens, claims, and encumbrances, including the Lombard Senior Mortgage. If such net sale proceeds exceed $1,007,098.63, ColFin shall be entitled to receive and retain such excess Lombard Junior Proceeds on account of (a) its pre-petition costs, expenses and attorneys' fees relating to the Lombard Loan not currently included in the amount of the Allowed Lombard Claim, and (b) its post-petition interest, costs, expenses, and attorneys' fees relating to the Lombard Loan, both in amount as agreed by the Trustee and ColFin or as otherwise set by order of the Court.

      v.    <u>Deed in Lieu of Foreclosure for the Lynwood Parcels</u>. Once the Settlement Agreement is effective, the Trustee shall cause title to the Lynwood Parcels to be transferred to ColFin.

      vi.    <u>Amendment of Proof of Claim - Lynwood Loan</u>. Pursuant to an agreed order, the Proof of Claim shall be allowed against the Estate on account of the Lynwood Loan in the amount of $1,250,000.00 (the "<u>Lynwood Claim</u>").

      vi.    <u>Termination</u>. The Settlement Agreement terminates automatically on April 13, 2015, 270 days after the Effective Date of the Settlement Agreement, if the Lombard Parcel has not been sold by that date.

24. On July 1, 2014, the Court entered its Order Approving Trustee's Settlement Agreement With Colfin Bulls Funding A, LLC And Debtor-Related Entities Under Bankruptcy Rule 9019(a) [Dkt. No. 496].

<u>D. Assignment of Claim</u>

25. On November 18, 2014, Colfin partially assigned its Claim to Assignee pursuant to that certain Claim Purchase Agreement (the "<u>Claim Purchase Agreement</u>") (attached hereto as **Exhibit B**).

26. The Claim Purchase Agreement provides for the transfer of the Lynwood Claim to Assignee. (*See* Claim Purchase Agreement, p. 1.)

6

27. The Claim Purchase Agreement does not appear to transfer the portion of the Claim relating to the Lombard Loan.

28. On December 4, 2014, Claimants filed notice of the Claim Purchase Agreement [Dkt. No. 550].

### V. OBJECTION TO CLAIM

29. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [i]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that
>
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured...

11 U.S.C. § 502(b)(1).

30. If the Settlement Agreement becomes effective, Claimants shall be obligated pursuant to the Settlement Agreement to consent to an agreed order reducing the Claim to the total amount of $2,250,098.63, composed of $1,007,098.63, on account of the Lombard Loan, and $1,250,000.00, on account of the Lynwood Loan.

31. Trustee hereby objects to the Claim solely to the extent that the Claimants are obligated to reduce the Claim pursuant to the Settlement Agreement.

### VI. RESERVATION OF RIGHTS

32. In the event Claimant produces additional documents or allegations in response to this Objection, the Trustee expressly reserves the right to amend, modify, or supplement this Objection and to file further, additional objections to the Proof of Claim, or to any other claims that have been or that may be asserted against the Estate by Claimant. Should one or more of the grounds of objection stated herein be overruled and/or dismissed, the Trustee reserves the right

to object on other stated grounds or on any other grounds that exist or that may arise during the pendency of this Case.

## VII. NOTICE AND COMPLIANCE WITH RULE 3007

33. In accordance with the provisions of Bankruptcy Rule 3007, the Trustee has provided thirty (30) days' notice of the Objection to: (i) each Claimant, (ii) the Office of the United States Trustee, and (iii) parties requesting notice in this bankruptcy case. The Trustee respectfully requests that the Court find and conclude that such notice is sufficient and that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests this Court to enter an order (i) providing that, upon the effectiveness of the Settlement Agreement, the Proof of Claim must be reduced as set forth therein; and (ii) providing such other and further relief as this Court deems proper.

Dated: February 25, 2015              Respectfully submitted,

                                      GUS A. PALOIAN, not individually or
                                      personally, but solely in his capacity as the
                                      Chapter 11 Trustee of Debtor's Estate

                                      By: /s/ Bret M. Harper
                                          Gus A. Paloian (6188186)
                                          James B. Sowka (6291998)
                                          Bret M. Harper (6299968)
                                          SEYFARTH SHAW LLP
                                          131 South Dearborn Street, Suite 2400
                                          Chicago, Illinois 60603
                                          Telephone: (312) 460-5000

                                      *Counsel to Chapter 11 Trustee Gus A. Paloian*

8

18987651v.1