**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-31336 |
| | ) | |
| DVORKIN HOLDINGS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | |
| | ) | Hearing Date:  March 31, 2015 |
| | ) | Hearing Time:  10:00 a.m. prevailing CT |

**NOTICE OF HEARING ON TRUSTEE'S OBJECTION**
**TO CLAIM NO. 9 OF ASM CAPITAL IV, L.P. SEEKING**
**REDUCTION OF THE ALLOWED AMOUNT OF THE CLAIM**

To:    See *Attached Service List*

      **PLEASE TAKE NOTICE** that on February 25, 2015, Gus A. Paloian, as trustee ("Trustee") of the bankruptcy estate of Dvorkin Holdings, LLC, debtor ("Debtor") filed his Objection ("Objection") to Claim No. 9 of ASM Capital IV, L.P. (the "Claim").  A copy of the Trustee's Objection is attached and hereby served upon you.

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Trustee's Objection will be held in Courtroom 644, Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois on **Tuesday, March 31, 2015 at 10:00 a.m.**, at which time and place you may appear and be heard.  The hearing may be adjourned from time to time without further notice, other than by announcement of an adjourned date in open court.

      You may, but need not, file a written response to Trustee's Objection prior to the aforesaid hearing.  Such written response, if any, should be filed with the Clerk of the United States Bankruptcy Court, at 219 S. Dearborn St., 7th Floor, Chicago, Illinois  60604, with a copy served upon the Trustee's counsel at the address set forth below.  If you do not file a response or appear at the hearing, the relief requested may be entered against the claimant.

18964894v.2

Dated: February 25, 2015

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 11 Trustee of Debtor's Estate

By: /s/ Bret M. Harper
    Gus A. Paloian (6188186)
    James B. Sowka (6291998)
    Bret M. Harper (6299968)
    SEYFARTH SHAW LLP
    131 South Dearborn Street, Suite 2400
    Chicago, Illinois 60603
    Telephone: (312) 460-5000

*Counsel to Chapter 11 Trustee Gus A. Paloian*

18964894v.2

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 25, 2015, he caused a true and correct copy of the **Notice of Hearing of Trustee's Objection to Claim No. 9 of ASM Capital IV, L.P. Seeking Reduction of the Allowed Amount of the Claim** and **Trustee's Objection to Claim No. 9 of ASM Capital IV, L.P. Seeking Reduction of the Allowed Amount of the Claim** to be served (i) via First Class U.S. Mail, postage prepaid, upon (i) ASM Capital IV, L.P., 7600 Jericho Turnpike, Suite 302, Woodbury, NY 11797; and (ii) electronically through the Court's CM/ECF electronic noticing system upon all registrants so identified on the appended Service List.

/s/ Bret M. Harper

18964894v.2

**DVORKIN HOLDINGS, LLC**
Case No. 12-31336

## CM/ECF ELECTRONIC MAIL DISTRIBUTION

| | |
|---|---|
| **Jonathan E. Aberman** | jaberman@vedderprice.com, ecfdocket@vedderprice.com |
| **Samantha Babcock** | sbabcock@chuhak.com, rsaldivar@chuhak.com |
| **Gary I. Blackman** | gblackman@lplegal.com, nbailey@lplegal.com; ikropiewnicka@lplegal.com |
| **Timothy W. Brink** | tbrink@mpslaw.com, dnichols@mpslaw.com |
| **Kurt M. Carlson** | kcarlson@carlsondash.com, knoonan@carlsondash.com |
| **David Chroust** | david.chroust@icemiller.com, debra.dipisa@icemiller.com |
| **William J. Connelly** | wconnelly@hinshawlaw.com |
| **Jonathan M. Cyrluk** | cyrluk@carpenterlipps.com, haas@carpenterlipps.com |
| **Michael J. Davis** | mdavis@davisgreenelaw.com, davislaw80@gmail.com llarson@davisgreenelaw.com |
| **Jeffrey W. Finke** | jwfinke@mindspring.com |
| **Robert M. Fishman** | rfishman@shawfishman.com, kjanecki@shawfishman.com |
| **Whitney Fogelberg** | wfogelberg@vedderprice.com |
| **Matthew T. Gensburg** | gensburgm@gtlaw.com, chidocket@gtlaw.com; ChiBkyDocket@gtlaw.com; greenbergc@gtlaw.com; sullivanka@gtlaw.com |
| **Joshua D. Greene** | jgreene@davisgreenelaw.com |
| **Michael J. Gunderson** | bankruptcy@chicago.com |
| **David A. Kallick** | dkallick@tishlerandwald.com |
| **David L. Kane** | dkane@mpslaw.com, dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com |
| **Gina B. Krol** | gkrol@cohenandkrol.com, gkrol@cohenandkrol.com; trotman@cohenandkrol.com; jneiman@cohenandkrol.com |
| **Forrest B. Lammiman** | flammiman@mpslaw.com, dkane@mpslaw.com; srogovin@mpslaw.co; dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com |
| **Patrick S. Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **David P. Leibowitz** | dleibowitz@lakelaw.com, czuniga@lakelaw.com; jstorer@lakelaw.com; ECF@lakelaw.com |
| **David S. Makarski** | david.makarski@sfnr.com, Craig.Coleman@sfnr.com; George.Sang@sfnr.com; Seth.Matus@sfnr.com; Adam.Glazer@sfnr.com |
| **Emily N. Masalski** | masalski@dlec.com, emasalski@yahoo.com |
| **Colleen E. McManus** | cmcmanus@carlsondash.com, knoonan@carlsondash.com; kcarlson@carlsondash.com; asharp@carlsondash.com |
| **Kevin H. Morse** | khmorse@arnstein.com |
| **Marc S. Reiser** | mreiser@shawfishman.com, jhampton@shawfishman.com |
| **Jonathan N. Rogers** | jrogers@skdaglaw.com |
| **Rebecca D. Rosenthal** | rosenthalr@gtlaw.com |

18964894v.2

| | |
|---|---|
| **Peter A. Siddiqui** | peter.siddiqui@kattenlaw.com |
| **Jean Soh** | jsoh@polsinelli.com, chicagodocketing@polsinelli.com |
| **Lawrence A. Stein** | lstein@huckbouma.com, lkoster@huckbouma.com |
| **Lawrence A. Stein** | lstein@huckbouma.com, lkoster@huckbouma.com |
| **Peter D. Sullivan** | psullivan@hinshawlaw.com |
| **Jerry L. Switzer** | jswitzer@polsinelli.com, chicagodocketing@polsinelli.com |
| **William W. Thorsness** | wthorsness@vedderprice.com, ecfdocket@vedderprice.com; ahesla@vedderprice.com |
| **Michael Lee Tinaglia** | mltinaglia@tinaglialaw.com, jmwretzky@tinaglialaw.com |
| **John R. Weiss** | jrweiss@duanemorris.com |
| **Stephen G. Wolfe** | steve.g.wolfe@usdoj.gov, jennifer.r.toth@usdoj.gov |

**VIA UNITED STATES MAIL**

| | |
|---|---|
| Patrick S. Layng | ASM Capital IV, L.P. |
| c/o Stephen G. Wolfe | 7600 Jericho Turnpike |
| Office of the U.S. Trustee, Region 11 | Suite 302 |
| 219 S. Dearborn Street, Room 873 | Woodbury, NY 11797 |
| Chicago, IL  60604 | |

18964894v.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 12-31336 |
| | ) |
| DVORKIN HOLDINGS, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Pamela S. Hollis |
| | ) |
| | ) Hearing Date: March 31, 2015 |
| | ) Hearing Time: 10:00 a.m. prevailing CT |

**TRUSTEE'S OBJECTION
TO CLAIM NO. 9 OF ASM CAPITAL IV, L.P. SEEKING
REDUCTION OF THE ALLOWED AMOUNT OF THE CLAIM**

Gus A. Paloian, not individually or personally, but solely in his capacity as Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Dvorkin Holdings, LLC (the "Debtor"), pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully submits this objection (the "Objection") to the Proof of Claim of ASM Capital IV, L.P. ("Claimant"), seeking reduction of the allowed amount of the claim. In support of this Objection, the Trustee respectfully states as follows:

**I.    JURISDICTION**

1. This Court has subject matter jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "Case") and this Objection is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(N).

4. The predicates for the relief requested herein are 11 U.S.C. § 502 and Bankruptcy Rule 3007.

18964894v.2

## II.    PROCEDURAL BACKGROUND

5.    On August 7, 2012 ("Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the Case. Loran Eatman ("Mr. Eatman"), vice president of DH-EK Management Corp. ("DH-EK"), signed the petition as the Debtor's authorized individual.

6.    On August 17, 2012, the Debtor filed its schedules of assets and liabilities and its statement of financial affairs. *See* Dkt. No. 11. Thereafter, the Debtor filed a set of amended schedules and an amended statement of financial affairs. *See* Dkt. Nos. 20, 21, and 22. According to the amended statement of financial affairs, Francine Dvorkin ("Mrs. Dvorkin") and several Dvorkin family entities own a controlling interest in the Debtor. Mrs. Dvorkin is married to Daniel Dvorkin ("Mr. Dvorkin").

7.    On August 30, 2013, Mr. Dvorkin was convicted in a criminal proceeding in the United States District Court for the Northern District of Illinois.

8.    On October 16, 2012, this Court approved the appointment of Gus A. Paloian as Chapter 11 Trustee in the Case. On November 5, 2012, this Court granted the Trustee's Application to Retain Seyfarth Shaw as His Counsel, Retroactively. *See* Dkt. No. 122.

## III.    FACTUAL BACKGROUND

A.    Proof of Claim and Transfer of Claim.

9.    On November 14, 2012, Albany Bank & Trust Co., N.A. ("Albany Bank") filed a claim against the Estate in the amount of $5,582,520.29 [Claim No. 9-1].

10.    On November 15, 2013, Albany Bank filed an amended claim in the amount of $5,582,520.29 [Claim No. 9-2] (the "Proof of Claim"). A copy of the Proof of Claim is attached hereto as **Exhibit A**.

2

18964894v.2

11. On December 20, 2013, Albany Bank transferred its claim to Claimant pursuant to that certain ASM Capital - Claim Purchase Agreement (the "Claim Transfer Agreement") (attached hereto as **Exhibit B**).

12. The Claim Transfer Agreement provided for the transfer of the Claim from Albany to Claimant for the purchase price of $868,576.12 (the "Claim Purchase Price"). (*See* Claim Transfer Agreement, p. 1.)

13. The Claim Transfer Agreement contains a representation that the "Claim Amount" is in an amount not less than $3,232,520.00. (*Id*.) The Claim Purchase Price was calculated as a certain percentage (26.87%) of such "Claim Amount." (*Id*.)

14. The Claim Transfer Agreement includes a special provision entitled "Claim Subsequently Allowed for an Amount Higher than Claim Amount" which provides for an additional payment from Claimant to Albany in the event that the Proof of Claim is allowed for an amount greater than $3,232,520.00. (*Id*., p. 2.)

15. On January 21, 2013, Claimant filed notice of the transfer of the Claim [Dkt. Nos. 415, 427].

B. Debtor's Guarantees to Albany.

16. The Proof of Claim relates to the following guarantees (each, a "Guaranty," and collectively, the "Guarantees"): (i) that certain Guaranty from Debtor, dated January 15, 2008, obligating Debtor to guaranty the obligations of 11824 S.W. Highway (Palos Heights), LLC to Albany (the "Palos Guaranty"), (ii) that certain Guaranty from Debtor, dated February 2, 2009, obligating Debtor to guaranty the obligations of Matteson, LLC to Albany (the "Matteson Guaranty"), and (iii) that certain Guaranty from Debtor, dated September 20, 2011, obligating Debtor to guaranty the obligations of 4949-5001 W. Oakton Residential Finance (Skokie), LLC

3

18964894v.2

to Albany (the "Oakton Guaranty" and together with the Palos Guaranty and Matteson Guaranty, the "Guarantees"). The Guarantees are attached hereto as **Group Exhibit C**.

17. Each Guaranty provides: "All payments received from the Debtor, or on account of the indebtedness from whatsoever source, shall be taken and applied as payment in gross, and this guaranty shall apply to and secure any ultimate balance that shall remain owing the Bank." (*See* Palos Guaranty, p. 1.)

C.   Sale of Palos Real Property.

18. On July 31, 2012, Albany commenced an action in the Illinois Circuit Court of Cook County, Case No. 12 CH 29323 (the "Palos Foreclosure Action"), against 11824 S.W. Highway (Palos Heights), LLC ("Palos"), as well as certain other defendants, to collect on Palos's obligations to Albany through foreclosure on certain real property owned by Palos (the "Palos Real Property").

19. On September 4, 2013, the Circuit Court in the Palos Foreclosure Action entered an Order Approving Report of Sale and Distribution, Confirming Sale, and Order of Possession (the "Palos Foreclosure Order") (attached hereto as **Exhibit D**). The Palos Foreclosure Order approved the purchase of the Palos Real Property by Albany for a credit bid of $1,500,000, and entered a deficiency judgment against Palos in the amount of $1,438,682.69. Prior to reduction of the credit bid amount, the total judgment amount against Palos was $2,938,262.69 (the "Palos Judgment Amount").

20. On information and belief, the Palos Judgment Amount included amounts owed for interest accruing from the Petition Date through September 4, 2013, the date of the Palos Foreclosure Order (the "Palos Post-Petition Interest Amount").

4

21.     On or about March 27, 2014, Albany sold the Palos Property, resulting in net proceeds paid to Albany in the amount of $1,566,223.01 (the "Palos Sale Proceeds"). (*See* Closing Statement, attached hereto as **Exhibit E**).

D.     Sale of Matteson Real Property.

22.     On August 8, 2012, Albany commenced an action in the Illinois Circuit Court of Cook County, Case No. 12 CH 30421 (the "Matteson Foreclosure Action"), against Matteson, LLC ("Matteson"), as well as certain other defendants, to collect on Matteson's obligations to Albany through foreclosure on certain real property owned by Matteson (the "Matteson Real Property").

23.     On August 19, 2013, the Circuit Court in the Matteson Foreclosure Action entered an Order Approving Report of Sale and Distribution, Confirming Sale, and Order of Possession (the "Matteson Foreclosure Order") (attached hereto as **Exhibit F**). The Matteson Foreclosure Order approved the purchase of the Matteson Real Property by Albany for a credit bid of $350,000, and entered a deficiency judgment against Palos in the amount of $888,156.78. Prior to reduction of the credit bid amount, the total judgment amount against Matteson was $1,238,156.78 (the "Matteson Judgment Amount").

24.     On information and belief, the Matteson Judgment Amount included amounts owed for interest accruing from the Petition Date through August 19, 2013, the date of the Matteson Foreclosure Order (the "Matteson Post-Petition Interest Amount").

25.     On or about May 21, 2014, Albany sold the Matteson Property, resulting in net proceeds paid to Albany in the amount of $289,577.88 (the "Matteson Sale Proceeds"). (*See* Closing Statement, attached hereto as **Exhibit G**).

E.     Sale of Oakton Real Property.

5

18964894v.2

26. On October 4, 2012, Albany commenced an action in the Illinois Circuit Court of Cook County, Case No. 12 CH 37334 (the "Oakton Foreclosure Action"), against 4949-5001 W. Oakton Residential Finance (Skokie), LLC ("Oakton"), as well as certain other defendants, to collect on Oakton's obligations to Albany through foreclosure on certain real property owned by Oakton (the "Oakton Real Property").

27. On August 8, 2013, the Circuit Court in the Oakton Foreclosure Action entered an Order Approving Report of Sale and Distribution, Confirming Sale, and Order of Possession (the "Oakton Foreclosure Order") (attached hereto as **Exhibit H**). The court approved the purchase of the Oakton Real Property by Albany for a credit bid of $500,000, and entered a deficiency judgment against Oakton in the amount of $1,594,252.41. Prior to reduction of the credit bid amount, the total judgment amount against Oakton was $2,094,252.41 (the "Oakton Judgment Amount").

28. On information and belief, the Oakton Judgment Amount included amounts owed for interest accruing from the Petition Date through August 8, 2013, the date of the Oakton Foreclosure Order (the "Oakton Post-Petition Interest Amount" and collectively with the Palos Post-Petition Interest Amount and the Matteson Post-Petition Interest Amount, the "Post-Petition Interest Amounts").

29. Albany subsequently sold the Oakton Property in separate condominium parcels, resulting in net proceeds paid to Albany in the amount of $1,250,297.24 (the "Oakton Sale Proceeds"). (*See* Closing Statements, attached hereto as **Exhibit I**).

## IV. OBJECTION TO CLAIM

A. Claimant Is Not Entitled To Recover More Than The Outstanding Amount Owed For Its Allowed Claim.

30. Section 502(b) of the Bankruptcy Code provides in pertinent part:

> [i]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that
>
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured...

11 U.S.C. § 502(b)(1).

31. Each Guaranty provides that "all payments received … on account of the indebtedness from whatsoever source, shall be taken and applied as payments in gross, and the guaranty shall apply to and secure any ultimate balance that shall remain owing to [Albany]."

32. The sum of the Palos Judgment Amount ($2,938,262.69), the Matteson Judgment Amount ($1,238,156.78) and the Oakton Judgment Amount ($2,094,252.41) is $6,271,091.88 (the "Total Guaranteed Obligation").

33. In satisfaction of those judgment amounts, Albany subsequently recovered the Palos Sale Proceeds ($1,566,223.01), the Matteson Sale Proceeds ($289,577.88), and the Oakton Sale Proceeds ($1,250,297.24), for a total recovery of $3,106,098.13 (the "Sale Proceeds").

34. The Claim must be reduced to prevent Claimant from making a recovery on its Claim from both the Sale Proceeds and payment on its claim in this Case.

35. Albany recovered the Sale Proceeds from the sale of properties securing the obligations guaranteed by the Debtor. Recovery from the sale of collateral securing the debts guaranteed by the Debtor constitutes payments received "on account of the indebtedness from whatsoever source" under the plain language of each Guaranty.

36. Because Albany recovered the Sale Proceeds "on account of the indebtedness" guaranteed by the Debtor, the Total Guaranteed Obligation should be reduced by Albany's recovery of the Sale Proceeds. Therefore, the Claim should be reduced and allowed in the

amount of $3,164,993.75.  *See In re Kaid*, 472 B.R. 1, 11 (Bankr. E.D. Mich. 2012) (reducing guaranty claim by amount recovered on account of principal obligation).

37. Allowing Claimant to recover on its Claim for amounts Albany has already recovered by receipt of the Sale Proceeds would constitute a double recovery and unjust enrichment under Illinois law, *see Raintree Homes, Inc. v. Vill. Of Long Grove*, 807 N.E.2d 439, 445 (Ill. 2004), and the equitable doctrines underlying the Bankruptcy Code.  *See Young v. Higbee Co.*, 324 U.S. 204, 210 (1945) ("[H]istorically, one of the prime purposes of the bankruptcy law has been to bring about a ratable distribution among creditors of a bankrupt's assets; to protect the creditors from one another.").

38. Moreover, federal bankruptcy law proscribes double recoveries by creditors collecting from a debtor's co-obligor outside of bankruptcy.  *See Nuveen Mun. Trust v. WithumSmith Brown*, 692 F.3d 283, 296 (3d Cir. 2012) (interpreting *Ivanhoe Bldg. & Loan Assn. v. Orr*, 295 U.S. 243 (1935)); *In re F.W.D.C., Inc.* 158 B.R. 523, 528 (Bankr. S.D. Fla. 1993).

B. <u>Claimant Is Not Entitled To Apply Payments From Co-Obligors To Post-Petition Interest.</u>

39. Bankruptcy Code section 502(b)(2) provides that a claim shall not be allowed "to the extent that . . . [it] is for unmatured interest[.]"  11 U.S.C. § 502(b)(2).

40. The Bankruptcy Code bars Claimant from including the Post-Petition Interest Amounts in the Claim, notwithstanding the fact that such amounts were technically applied against the co-obligations of third parties.  *Nat'l Energy & Gas Transmission, Inc. v. Liberty Elec. Power, LLC (In re Nat'l Energy & Gas Transmission, Inc.)*, 492 F.3d 297 (4th Cir. 2007) ("*In re Nat'l Energy*").

41. In *In re Nat'l Energy*, a claimant sought to recover against the debtor after collecting from a non-debtor co-obligor in an amount equal to the full amount of the claim

8

against the debtor. *Id*. at 301-303. The claimant asserted that the payment by the non-debtor co-obligor was applied first to interest, and then to principal. *Id*. Because the payment was applied first to interest, the co-obligor's payment did not satisfy the full amount of the principal. *Id*. The claimant asserted the remaining principal amount due against the debtor. *Id*.

42. The Fourth Circuit Court of Appeals denied the claim because it found that the amounts asserted against the debtor constituted an impermissible claim for post-petition interest. *Id*. at 303 ("We must . . . look behind [claimant's] claim here to find that the claim really constitutes post-petition interest disguised as unpaid principal."). The Court held that "[r]egardless of how [claimant] classifies [co-obligor's] payment for its own purposes, we must 'sift the circumstances surrounding' the claim to determine the reality of the transaction for purposes of the bankruptcy proceeding." *Id.* at 302 (citing *Smith v. Robsinson*, 343 F.2d 793, 801 (4th Cir. 1965)). The court found it was compelled to "view [claimant's] claim . . . as disallowed post-petition interest no matter how [claimant] chooses to classify it." *Id*.

43. The Fourth Circuit in *In re Nat'l Energy* grounded its construction of the claim on equitable principles. It found that the "general purpose" of Bankruptcy Code section 502(b) is "to ensure the fair allocation of assets between creditors[.]" *Id*. at 303 (internal quotations omitted). The Fourth Circuit determined that allowing a claimant to allocate the application of payments from co-obligors in such a way that the claimant effectively recovers post-petition interest on its claim against the debtor conflicts with this core purpose of the Bankruptcy Code.

44. Importantly, the Fourth Circuit in *In re Nat'l Energy* determined that classification of third party co-obligor payments as interest payments must be disallowed on equitable grounds notwithstanding any contractual terms to the contrary. *See id.* at 303-304 (J. Wilson, concurring).

9

18964894v.2

45. The facts pertinent to this Objection exactly parallel *In re Nat'l Energy*. Claimant received post-Petition Date payments on Debtor's guaranty obligation from the disposition of the Palos, Matteson, and Oakton Real Property. Such payments were credited first against interest owed by Palos, Matteson, and Oakton, and thereafter against principal. Such application of payment is an inequitable, self-serving tactic intended to allow Claimant to collect *de facto* post-petition interest from the Debtor. For these reasons, the Claim must be reduced by the Post-Petition Interest Amounts.

C. <u>Reduction of Claim</u>.

46. The Total Guaranteed Obligation ($6,271,091.88) must be reduced by (i) the Sale Proceeds ($3,106,098.13) and (ii) the Post-Petition Interest Amounts. Such recovery is in line with the equities and the expectations of Claimant and Albany set forth in the Claim Transfer Agreement, wherein Claimant purchased the Claim for only $868,576.12, based on an expected allowed Claim Amount of $3,232,520.00.

## V. RESERVATION OF RIGHTS

47. In the event Claimant produces additional documents or allegations in response to this Objection, the Trustee expressly reserves the right to amend, modify, or supplement this Objection and to file further, additional objections to the Proof of Claim, or to any other claims that have been or that may be asserted against the Estate by Claimant. Should one or more of the grounds of objection stated herein be overruled and/or dismissed, the Trustee reserves the right to object on other stated grounds or on any other grounds that exist or that may arise during the pendency of this Case.

## VI. NOTICE AND COMPLIANCE WITH RULE 3007

48. In accordance with the provisions of Bankruptcy Rule 3007, the Trustee has provided thirty (30) days' notice of the Objection to: (i) Claimant, (ii) the Office of the United

States Trustee, and (iii) parties requesting notice in this bankruptcy case.  The Trustee respectfully requests that the Court find and conclude that such notice is sufficient and that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests this Court to enter an order (i) allowing the Proof of Claim in a reduced amount; and (ii) providing such other and further relief as this Court deems proper.

Dated:  February 25, 2015

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 11 Trustee of Debtor's Estate

By: /s/ Bret M. Harper
   Gus A. Paloian (6188186)
   James B. Sowka (6291998)
   Bret M. Harper (6299968)
   SEYFARTH SHAW LLP
   131 South Dearborn Street, Suite 2400
   Chicago, Illinois  60603
   Telephone:  (312) 460-5000

   *Counsel to Chapter 11 Trustee Gus A. Paloian*

11