IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-31336-JPC |
| | ) | |
| DVORKIN HOLDINGS, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | |

**ORDER CONFIRMING JOINT AMENDED PLAN OF CHAPTER 11 TRUSTEE AND EQUITY INTEREST HOLDERS AND GRANTING RELATED RELIEF**

**THIS MATTER COMING TO BE HEARD** upon the hearing on confirmation of the Amended Joint Chapter 11 Plan of Reorganization Dated March 31, 2015 ("Joint Amended Plan")[1] (Dkt. No. 659) proposed by Gus A. Paloian, not personally or individually, but solely as Chapter 11 trustee ("Trustee") for the bankruptcy estate (the "Estate") of Dvorkin Holdings, LLC ("Debtor") and Francine Dvorkin, Beverly Dvorkin, and Aaron Dvorkin (collectively referred to as the "Equity Interest Holders," and together with Trustee, "Plan Proponents"), due and proper notice of the confirmation of the Joint Amended Plan having been provided as required by Rule 2002(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); this Court having previously approved the adequacy of the Plan Proponents' Joint Disclosure Statement To Accompany Amended Joint Chapter 11 Plan of Reorganization Dated March 31, 2015 (the "Disclosure Statement") on May 7, 2015 (Dkt. No. 730); on June 26, 2015, Plan Proponents filed the Amendment to the Joint Amended Plan of Reorganization and Exhibit Thereto ("Plan Amendment") (Dkt. No. 778) and the Ballot Report and Declaration of Gus A. Paloian in Support of Confirmation of the Joint Amended Chapter 11 Plan of Reorganization Proposed by Chapter 11 Trustee and Equity Interest Holders (Dkt. No. 779) ("Ballot Report and Declaration"); this Court having considered the Joint Amended Plan, Disclosure Statement, Plan Amendment, Ballot Report and Declaration, and the entire record in this bankruptcy case; this Court having heard and considered the statements of the United States Trustee, counsel to the Plan Proponents and counsel to various creditors appearing at the hearing on Confirmation of the Plan; and this Court being fully advised in the premises:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. Exclusive Jurisdiction; Venue; Core Proceeding. This Court has jurisdiction over the Debtor's bankruptcy case pursuant to Sections 157 and 1334 of Title 28, of the United States Code. Venue is proper pursuant to Sections 1408 and 1409 of Title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to Section 157(b)(2)(L) of Title 28

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Joint Amended Plan.

1

of the United States Code, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. **Judicial Notice.** This Court takes judicial notice of the docket and the official claims register of the Debtor's bankruptcy case maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered, or adduced at the hearings held before this Court during the pendency of the Debtor's bankruptcy case.

3. **Voting.** Pursuant to the Trustee's motion to approve the Estate's settlement agreement with Asset Liquidators, LLC, (Dkt. No. 761) presented for hearing and approved by the Court on June 30, 2015, Asset Liquidators, LLC is an impaired secured creditor under the Joint Amended Plan and Plan Amendment with an Allowed Secured Claim in the amount of $9,000,000.00. Consistent with the Bankruptcy Court's ruling in the order dated May 7, 2015, (Dkt. No. 730), all other classes of creditors are unimpaired under the Joint Amended Plan and the Plan Amendment and, thus, are not entitled to vote on the Joint Amended Plan and Plan Amendment.

4. **Transmittal of Materials.** In accordance with Bankruptcy Rule 3017(d), the Bankruptcy Court entered an order dated May 26, 2015 (Dkt. No. 742) excusing the Plan Proponents from transmitting and serving the Disclosure Statement and the Joint Amended Plan on all creditors. Nevertheless, in compliance with the Bankruptcy Code, Bankruptcy Rules of Civil Procedure and Local Bankruptcy Rules of Civil Procedure, Plan Proponents did serve copies of the Confirmation Hearing Notice, the Notice of Bar Date to File Administrative Claims, and Notice of Assumption or Rejection of Executory Contracts via First Class U.S. Mail on May 27, 2015 (Dkt. Nos. 746, 747, 748) on all creditors, parties in interest, and counterparties under executory contracts. On June 26, 2015, Plan Proponents served the Plan Amendment and Ballot Report and Declaration on all parties of record. No further notice is required.

5. **Releases.** The Joint Amended Plan and Plan Amendment include the following release provisions (see the Joint Amended Plan for more details):

> ... on and after the Effective Date, pursuant to 28 U.S.C. § 1651 and Bankruptcy Code sections 105, 1123(b)(3) and 1123(b)(6), the Chapter 11 Trustee and each attorney, employee, agent, representative, affiliate, and Professional retained or employed by Chapter 11 Trustee with respect to this Bankruptcy Case in each case whether current or former, thereof, and each direct or indirect subsidiary and affiliate thereof, and each partner or member (or other equity holder), director, officer, employee, agent, heir, trustee, beneficiary, executor, representative, affiliate, attorney, broker, and accountant, in each case whether current or former, thereof, including any employee, agent, representative, assign, successor, predecessor, or initial or immediate or mediate transferee of any of the foregoing, are deemed released, exculpated, and discharged by Debtor, its Estate, and the Holders of all Claims and Interests from any and all Claims, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing

2

or hereinafter arising, in law, equity, or otherwise, that Debtor, its Estate, or Holders of Claims or Interests would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any other Entity, based on, relating to, or in any manner arising from, in whole or in part, (a) the Chapter 11 Case, or (b) the negotiation, formulation or preparation of the Amended Joint Plan, or related agreements, instruments, or other documents, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes a failure to perform the duty to act in good faith (to the extent such duty is imposed by applicable non-bankruptcy law) and where such failure to perform constitutes willful misconduct, gross negligence, or fraud.

6. Plan Compliance with the Bankruptcy Code. The Joint Amended Plan and Plan Amendment comply with the applicable provisions of the Bankruptcy Code and the requirements of Section 1129(a) of the Bankruptcy Code with respect to the confirmation of the plan.

7. Objections. Pursuant to the settlement agreements between the Estate and Asset Liquidators, LLC, on the one hand, and the Estate and ASM Capital IV, LP, and ASM Capital V, LP on the other (Dkt. Nos. 766, 776), all objections and opposition to the Joint Amended Plan, Plan Amendment, and Disclosure Statement filed by Asset Liquidators, LLC, on the one hand, and ASM Capital IV, L.P. and ASM Capital V, L.P. on the other (Dkt. Nos. 684, 690, 701, 709, and 712), are withdrawn. Furthermore, all oral and written objections to confirmation of the Joint Amended Plan, Plan Amendment, and Disclosure Statement asserted by Colfin Bulls Funding A, LLC ("Colfin") (Dkt. No. 769) and FirstMerit Bank N.A. (Dkt. No. 685) are overruled for the reasons stated on the record. With respect to Colfin's objection to Joint Amended Plan § 6.4, which provides for disallowance of late-filed proofs of claim, the Court overrules such objection because: (a) the Court hereby adopts the reasoning set forth in *In re Xpedior, Inc.*, 354 B.R. 210, 225-227 (Bankr. N.D. Ill. 2006); (b) the Court finds and concludes that disallowance of a claim is not a form of impairment for plan confirmation purposes; and (c) such objection is premature in that the Trustee has not, to date, relied on Joint Amended Plan § 6.4 as a basis for any of the Estate's objections to Colfin's proof of claim (Claim 14-1) or amended proof of claim (Claim No. 14-2). Any and all remaining written and oral objections to the Joint Amended Plan and Plan Amendment are hereby overruled.

8. Retention of Jurisdiction. The Court shall have and retain continuing and exclusive jurisdiction, in accordance with the provisions of the Joint Amended Plan, the Plan Amendment, and sections 105(a) and 1142 of the Bankruptcy Code, to the fullest extent permissible, with respect to all maters arising from or related to the implementation of this Confirmation Order.

9. Conflicts Between Confirmation Order and Joint Amended Plan and Plan Amendment. The failure to specifically include any particular provision of the Joint Amended Plan or the Plan Amendment in this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of this Court that the Joint Amended, as amended by the Plan Amendment, is confirmed in its entirety and incorporated herein by reference. To the extent of any inconsistency between the provisions of the Joint Amended Plan and Plan Amendment, on

the one hand, and this Confirmation Order on the other, the terms contained in this Confirmation Order shall govern.

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

A. All written and oral objections to the Joint Amended Plan, all exhibits thereto, the Plan Amendment, and each of their provisions is overruled. The Joint Amended Plan, all exhibits thereto, the Plan Amendment, and each of their provisions are hereby confirmed under section 1129 of the Bankruptcy Code. The terms of the Joint Amended Plan, the exhibits thereto, and the Plan Amendment are incorporated by reference into, and are an integral part of, the Joint Amended Plan and this Confirmation Order;

B. All injunction, release, and discharge provisions provided in the Joint Amended Plan and Plan Amendment, including but not limited to those described in paragraph 5 above, are approved and granted for good and valuable consideration, including the service of the Released Parties (as defined in the Joint Amended Plan) to facilitate the formulation and the implementation of the Amended Joint Plan and the Plan Amendment.

C. Entry of this Confirmation Order constitutes approval, pursuant to Bankruptcy Code sections 363(b), (f) and (m) and 365(a) and (f), of the assumption or rejection of all Executory Contracts as provided for in Article 3 of the Amended Joint Plan, as amended by the Plan Amendment as set forth in **Exhibit A** to this Confirmation Order, including proposed payments for Cure Costs, if any, and Rejection Damages, if any.

D. Except as the Bankruptcy Court, the Bankruptcy Code or the Bankruptcy Rules established an earlier deadline with regard to the rejection of particular Executory Contracts, any and all objections to the proposed Rejection Damages or other Claims arising out of the rejection of Executory Contracts or Cure Costs arising out of the assumption of Executory Contracts must be filed with the Bankruptcy Court and served upon Chapter 11 Trustee no later than twenty-eight (28) days entry of this Confirmation Order. Any Claims not timely filed will be forever barred and will not receive any distributions under the Amended Joint Plan and the Plan Amendment.

E. Trustee is hereby authorized and directed to execute, deliver, file or record all records all documents and to take all action necessary or appropriate to implement, effectuate and consummate any and all transactions contemplated in the Joint Amended Plan and the Plan Amendment, without further application to or order of this Court.

F. Trustee is hereby authorized and directed to enter into any agreements and to do and perform all acts to make, execute and deliver all instruments and documents and to pay all fees and other amounts, which may be required to implement and effectuate the Joint Amended Plan and the Plan Amendment.

4

    G.    A post-confirmation status hearing shall be held before this Court on September 22, 2015 at 1:30 p.m.

    H.    There shall be no stay of the effectiveness of this order as required under Bankruptcy Rule 3020(e) or otherwise. There is no just reason for delay, and this Confirmation Order shall constitute entry of a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure and Bankruptcy Rules 7054 and 9021.

    I.    In compliance with Bankruptcy Rule 3020(c)(2), the Plan Proponents shall serve notice of entry of this Confirmation Order via First Class U.S. Mail to the debtor, the trustee, creditors, equity security holders, counterparties to executory contracts identified in **Exhibit A**, other parties in interest, and any identified entity subject to an injunction provided for in the plan against conduct not otherwise enjoined under the Code, within seven (7) days of entry of this Confirmation Order which shall identify the deadline for objections to the proposed payments for Cure Costs, if any, and Rejection Damages, if any.

ENTERED: JUN 3 0 2015

                                                    HONORABLE JACQUELINE P. COX
                                                    UNITED STATES BANKRUPTCY JUDGE

**Prepared By:**
James B. Sowka (6291998)
Seyfarth Shaw, LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
jsowka@seyfarth.com
Telephone: (312) 460-5000

Attorneys for Gus A. Paloian, Chapter 11 Trustee

5

# EXHIBIT A

## EXHIBIT A - PART 1
## EXECUTORY CONTRACTS TO BE ASSUMED

| EXECUTORY CONTRACT | COUNTER PARTIES TO EXECUTORY CONTRACT | CONTACT INFORMATION | PROPOSED CURE COST |
|---|---|---|---|
| Amended and Restated Operating Agreement of 1 Transam Plaza (Oakbrook Terrace), L.L.C. dated 12/31/05 | Dvorkin Holdings, L.L.C.; Eatman Holdings, LLC; Focus V, L.L.C., Focus Investments and Advisory Services, LLC; Greystone Holdings, L.L.C.; Greg G. Yale; Steven Kling; and B.T. Holdings, L.L.C.; | (1) Eatman Holdings, L.L.C. c/o DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181; (2) Focus VI, LLC, Focus Investments Eric Rossi, Manager 10526 Cermack Rd., Suite 210, Westchester, IL 60164; (3) Greystone Holdings, LLC Baruch Schur, Manager 7247 St. Louis Skokie, IL 60076; (4) Craig Yale 2801 Lakeside Dr. Bannockburn, IL 60015; (5) Kling Group, Steve Kling, Frances Prock, Colliers B&K 6250 N. River Rd., 11th Fl. Rosemont, IL 60018; and (6) BT Holdings, LLC c/o Law Offices of Ilene F. Goldstein 850 Central Avenue, Suite 200 Highland Park, IL 60035 | $0.00 |
| Operating Agreement of 125-165 Dundee Road (Buffalo Grove), L.L.C. | Dvorkin Holdings, L.L.C.; Esther Jackson, as Trustee of the Jackson Family Trust u/a/d 8-1-96, as amended; Francine R. Dvorkin as Trustee of the Aaron Children's Trust u/a/d March 5, 1998; and Francine R. Dvorkin as Trustee of the Beverly Children's Trust u/a/d March 5, 1998 | (1) Jackson Trust c/o Esther/Julianne Jackson 4075 W. Bonanza Drive Beverly Hills, FL 34465; (2) Aaron Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181; and (3) Beverly Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181 | $0.00 |
| Operating Agreement of 1203 Maple (Lisle), L.L.C. dated 12/18/11 | Dvorkin Holdings, L.L.C.; Frank C. LaVere, Trustee under the Frank C. LaVere Revocable Trust u/t/a April 19, 1999; Daniel Hyman; and Nels Holdings, LLC | (1) Frank LaVere P.O. Box 1017 Lombard, IL 60148; (2) David P. Leibowitz (LaVere Counsel) Lakelaw Kenosha 420 W. Clayton St. Waukegan, IL 60085-4216; (3) Daniel J. Hyman, President Millennium Properties R/E 200 W. Madison, 36th Floor Chicago, IL 60606; and (4) Nels - Nigel/Ellen Rhodes 1980 Downer Place Aurora, IL 60508 | $0.00 |
| Amended and Restated Operating Agreement of 25210 W. Reed (Channahon), L.L.C. dated 01/01/10 | Dvorkin Holdings, L.L.C.; and Francine R. Dvorkin as Trustee of the Aaron Children's Trust u/a/d March 5, 1998 | Aaron Children's Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181 | $0.00 |
| Operating Agreement of Chicago Commercial, L.L.C. dated 12/08/00 | Dvorkin Holdings, L.L.C.; and Eatman Holdings, L.L.C. | Eatman Holdings, L.L.C. c/o DDL Property One Trans Am Plaza Dr., Suite 120, Oakbrook Terrace, IL 60181 | $0.00 |

## EXHIBIT A - PART 1
## EXECUTORY CONTRACTS TO BE ASSUMED

| EXECUTORY CONTRACT | COUNTER PARTIES TO EXECUTORY CONTRACT | CONTACT INFORMATION | PROPOSED CURE COST |
|---|---|---|---|
| First Amendment to Downers Drive, L.L.C. Operating Agreement dated 12/07/07 | Dvorkin Holdings, LLC; LCW Holdings, Inc; and Eatman Holdings, LLC | (1) LCW Holdings, Inc c/o Joseph H. Horowitz, Reg. Agent 1776 S. Naperville Rd., Bldg 203 Wheaton, IL 60187 (2) Eatman Holdings, L.L.C. c/o DDL Property One Trans Am Plaza Dr., Suite 120, Oakbrook Terrace, IL 60181 | $0.00 |
| Second Amended and Restated Operating Agreement of Dvorkin Holdings, L.L.C. dated 05/15/08 | Francine Dvorkin Revocable Trust; Eis Kalt, L.L.C. Francine R. Dvorkin as Trustee of the Aaron Children's Trust u/a/d March 5, 1998; and Francine R. Dvorkin as Trustee of the Beverly Children's Trust u/a/d March 5, 1998 | (1) Francine Dvorkin Revocable Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181; and (2) Eis Kalt, LLC c/o Corporation Service Company 2711 Centerville Road, Suite 400 Wilmington, DE 19808; (3) Aaron Children's Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181; and (4) Beverly Children's Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181 | $0.00 |

**EXHIBIT A - PART 2**
**EXECUTORY CONTRACTS TO BE REJECTED**

| EXECUTORY CONTRACT | COUNTER PARTIES TO EXECUTORY CONTRACT | CONTACT INFORMATION | PROPOSED CURE COST |
|---|---|---|---|
| Operating Agreement of 246 E. Janta (Lombard), L.L.C. dated 02/18/11 | Dvorkin Holdings, LLC; BT Holdings; Esther Jackson, as Trustee of the Arthur Jackson Revocable Trust; Frank C. LaVere, as Trustee of the Frank C. LaVere Revocable Trust d 04/19/99; Bette Lynn LaVere, at Trustee of the Bette Lynn LaVere Revocable Trust d 04/19/99; and Francine Dvorkin, as Trustee of the Dvorkin Living Trust d 03/05/98 | (1) BT Holdings, LLC c/o Law Offices of Ilene F. Goldstein, 850 Central Avenue, Suite 200 Highland Park, IL 60035; (2) Jackson Trust c/o Esther/Julianne Jackson 4075 W. Bonanza Dr. Beverly Hills, FL 34465; and (3) Frank and Bette LaVere Trusts P.O. Box 1017 Lombard, IL 60148; (4) David P. Leibowitz (LaVere Counsel) Lakelaw Kenosha 420 W. Clayton St. Waukegan, IL 60085-4216; and (5) Dvorkin Living Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181 | $0.00 |
| Operating Agreement of 444 N. Wabash (Chicago), L.L.C. | Dvorkin Holdings, L.L.C.; Daniel Hyman; and Frank C. LaVere, as Trustee of the Frank C. LaVere Revocable Trust d 04/19/99 | (1) Daniel J. Hyman, President Millennium Properties R/E 200 W. Madison, 30th Floor Chicago, IL 60606; (2) Frank and Bette LaVere Trusts P.O. Box 1017 Lombard, IL 60148; and (3) David P. Leibowitz (LaVere Counsel) Lakelaw Kenosha 420 W. Clayton St. Waukegan, IL 60085-4216 | $0.00 |
| Operating Agreement of 560 W. Washington (Chicago), L.L.C. dated 01/01/07 | Craig Golden; Golden Holdings, L.L.C.; Daniel Derman; Miriam Derman; and Scott Goodman. | (1) Craig Golden, Golden Holdings c/o Blue Star Properties 600 West Van Buren St., Suite 1000 Chicago, Illinois 60607; (2) Scott Goodman c/o Sterling Bay 1040 W Randolph Dr. Chicago, IL 60607; (3) Daniel Derman 9333 Avery Evanston, IL 60203; and (4) Miriam Derman 9463 Central Park Evanston, IL 60203 | $0.00 |
| Second Amended and Restated Operating Agreement of 606 W. Roosevelt (Chicago), L.L.C. dated 04/30/08 | Craig Golden; Goodman Holdings, LLC; Golden Holdings, LLC; and Patrick O'Connor | (1) Craig Golden, Golden Holdings c/o Blue Star Properties 600 W. Van Buren, Suite 1000 Chicago, IL 60607; (2) Goodman Holdings c/o Sterling Bay 1040 W Randolph Chicago, IL 60607; and (3) Patrick O'Connor c/o Sterling Bay 1040 W Randolph Chicago, IL 60607 | $0.00 |

## EXHIBIT A - PART 2
## EXECUTORY CONTRACTS TO BE REJECTED

| EXECUTORY CONTRACT | COUNTER PARTIES TO EXECUTORY CONTRACT | CONTACT INFORMATION | PROPOSED CURE COST |
|---|---|---|---|
| Second Amended and Restated Operating Agreement of 640 - 650 Lake Street, L.L.C. | Craig Golden; Golden Holdings, LLC; Scott Goodman; Nigel Rhodes; and Patrick O'Connor | (1) Craig Golden, Golden Holdings c/o Blue Star Properties 600 W. Van Buren, Suite 1000 Chicago, IL 60607; (2) Scott Goodman c/o Sterling Bay 1040 W Randolph Dr. Chicago, IL 60607; (3) Nigel Rhodes 1980 West Downer Place Aurora, IL 60503; and (4) Patrick O'Connor c/o Sterling Bay 1040 W Randolph Dr. Chicago, IL 60607 | $0.00 |
| Operating Agreement 920 Roosevelt (West Chicago), L.L.C. dated 02/19/04 | Dvorkin Holdings, L.L.C.; Francine R. Dvorkin as Trustee of the Beverly Children's Trust u/a/d March 5, 1998; and Francine R. Dvorkin as Trustee of the Sol Beverly Trust u/a/d March 26 1997 | (1) Beverly Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181; and (2) Sol Beverly Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181 | $0.00 |
| Amended and Restated Operating Agreement of 956 Neltnor (West Chicago), L.L.C. | Dvorkin Holdings, L.L.C.; Midland Equities, L.L.C.; and Francine R. Dvorkin as Trustee of the Aaron Children's Trust u/a/d March 5, 1998 | (1) Charles Hold, Manager Midland Equities, L.L.C. One Trans Am Plaza Dr., Suite 310 Oakbrook Terrace, IL 60181; and (2) Aaron Trust One Trans Am Plaza Drive, Suite 120 Oak Brook Terrace, IL 60181 | $0.00 |
| Second Amended & Restated Operating Agreement of 975 Nerge (Roselle), L.L.C. dated 03/01/06 | Dvorkin Holdings, L.L.C.; and Eatman Holdings, L.L.C. | Eatman Holdings, L.L.C. c/o DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181 | $0.00 |
| First Amendment to Amended and Restated Operating Agreement of 1000 N. Halsted, L.L.C. dated 09/26/14 | Dvorkin Holdings, L.L.C; and Golden Holdings | Golden Holdings c/o Blue Star Properties 600 W. Van Buren, Suite 1000 Chicago, IL 60607 | $0.00 |
| Operating Agreement of 1055 W. 175th (Homewood), L.L.C. dated 01/10/01 | Dvorkin Holdings, L.L.C; and Focus II, L.L.C | Focus II, L.L.C. c/o Eric Rossi 10526 Cermack Rd., Suite 210, Westchester, IL 60164 | $0.00 |
| Operating Agreement of 1101 Tower Road (Schaumburg), L.L.C. | Dvorkin Holdings, L.L.C.; Esther Jackson Trustee Arthur J. Jackson GST Exempt Marital Trust; Esther Jackson Trustee Esther Jackson Revocable Trust ; and Esther Jackson and Julianne L. Jackson, Co-Trustees Jackson Family Trust | Jackson Trusts c/o Esther/Julianne Jackson 4075 W. Bonanza Dr. Beverly Hills, FL 34465 | $0.00 |
| Amended and Restated Operating Agreement of 1275 Davis (Elgin), L.L.C. dated 08/22/07 | Dvorkin Holdings, L.L.C., and Elgin Davis II, LLC | Elgin Davis II, LLC c/o Steven Kling, Kling Group Colliers B&K 6250 N. River Rd., 11th Fl. | $0.00 |

Page 2 of 5

**EXHIBIT A - PART 2**
**EXECUTORY CONTRACTS TO BE REJECTED**

| EXECUTORY CONTRACT | COUNTER PARTIES TO EXECUTORY CONTRACT | CONTACT INFORMATION | PROPOSED CURE COST |
|---|---|---|---|
| Operating Agreement of 1611 Stewart (Chicago), L.L.C. dated 12/18/03 | Dvorkin Holdings, L.L.C.; Scott Goodman; Craig Golden; Andrew Gloor; Patrick O'Connor; and Fidelity Capital Investments, LLC | (1) Craig Golden c/o Blue Star Properties 600 W. Van Buren, Suite 1000 Chicago, IL 60607; (2) Scott Goodman c/o Sterling Bay 1040 W Randolph Dr. Chicago, IL 60607; (3) Andrew Gloor c/o Sterling Bay 1040 W Randolph Dr. Chicago, IL 60607 (4) Patrick O'Connor c/o Sterling Bay 1040 W Randolph Dr. Chicago, IL 60607; and (5) Fidelity Capital Investments, LLC c/o Michael Shectman, President 853 North Elston Ave. Chicago, IL 60642 | $0.00 |
| Operating Agreement of 1920 S. Highland (Lombard), L.L.C. | Dvorkin Holdings, L.L.C.; Eatman Holdings; Debi Kight; and Jack Cullen | (1) Eatman Holdings c/o DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181; (2) Debi Kight c/o DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181; and (3) Jacki Cullen c/o DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181 | $0.00 |
| Operating Agreement of 2150 N. Clybourn (Chicago), L.L.C. dated 10/18/11 | Dvorkin Holdings, L.L.C.; Stoller-Lieberman Holdings, LLC; Sue Feldman Declaration of Trust; Zifco Corporation | (1) Stoller-Lieberman Holdings c/o James Stoller, The Building Group, 1045 W. Lawrence Ave. Chicago, IL 60640; (2) Sue Feldman Declaration of Trust, c/o Susan Feldman 1151 Linden Ave. Highland Park, IL 60035; and (3) Zifco Corporation c/o Edward Zifkin 1151 Linden Ave. Highland Park, IL 60035 | $0.00 |
| First Amendment to the Amended and Restated Operating Agreement of 11824 S.W. Highway (Palos Heights), L.L.C. dated 01/09/08 | Dvorkin Holdings, L.L.C.; and Eatman Holdings, L.L.C. | Eatman Holdings, L.L.C. c/o DDL Property One Trans Am Plaza Dr., Suite 120, Oakbrook Terrace, IL 60181 | $0.00 |
| Operating Agreement of Ambry Estates Joint Venture (Lynwood), L.L.C. dated 04/22/09 | Lynwood Land Company, L.L.C. (Dvorkin Teitelbaum); and JL Ambry Estates, LLC (Chittaro, Wozniak) | (1) Lynwood Land Company, LLC c/o Steven D. Titiner, Reg. Agent 1700 N. Farnsworth Avenue, Suite 11 Aurora, IL 60525; and (2) JL Ambry Estates, L.L.C. c/o William J. Mitchell, Reg. Agent 1515 E. Woodfield Rd., Suite 250 Schaumburg, IL 60173 | $0.00 |

## EXHIBIT A - PART 2
## EXECUTORY CONTRACTS TO BE REJECTED

| EXECUTORY CONTRACT | COUNTER PARTIES TO EXECUTORY CONTRACT | CONTACT INFORMATION | PROPOSED CURE COST |
|---|---|---|---|
| Operating Agreement of Channahon Plaza, L.L.C. dated 03/22/04 | Dvorkin Holdings, L.L.C.; Aaron Dvorkin; and Focus VI, LLC | (1) Focus VI, LLC, L.L.C. Eric Rossi 10526 Cermack Rd., Suite 210 Westchester, IL 60164; (2) Aaron Dvorkin 24446 South Tonka Channahon, IL 60410 | $0.00 |
| Operating Agreement of Clinton Corridor, L.L.C. dated 12/01/09 | Dvorkin Holdings, L.L.C.; Daniel G. Dvorkin; and Richmare Partners - Phase IV Limited Partnership | Richmare Partners - Phase IV Limited Partnership c/o Blue Star Properties Attn: Craig Golden 600 W. Van Buren, Suite 1000 Chicago, IL 60607 | $0.00 |
| First Amendment to Operating Agreement of Flossmoor Commons (Professional), L.L.C. dated 04/05/06 | Dvorkin Holdings, L.L.C.; Eatman Holdings, L.L.C.; and Inverrary Family Trust | (1) Eatman Holdings, L.L.C. DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181; and (2) Susan Gertler as Trustee of Inverry Family Trust 1220 Rudolph Dr., Apt 2F Northbrook, IL 60062 | $0.00 |
| First Amendment to Second Amended and Restated Operating Agreement of Flossmoor Commons (Professional), L.L.C. dated 10/31/05 | Dvorkin Holdings, L.L.C.; Eatman Holdings, L.L.C.; and Inverrary Family Trust | (1) Eatman Holdings, L.L.C. DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181; and (2) Susan Gertler as Trustee of Inverry Family Trust 1220 Rudolph Dr., Apt 2F Northbrook, IL 60062 | $0.00 |
| Operating Agreement of Glenwood Residential, L.L.C. dated 01/10/08 | Dvorkin Holdings, L.L.C.; Eatman Holdings L.L.C.; and DHMI, Inc. | (1) Eatman Holdings, L.L.C. DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181; and (2) DHMI, Inc. c/o Mark T. Rodriguez, Reg. Agent 364 Pennsylvania Avenue Glen Ellyn, IL 60137 | $0.00 |
| Amended and Restated Limited Liability Company Operating Agreement of Matteson, L.L.C. dated 07/24/01 | Dvorkin Holdings, L.L.C.; and Eatman Holdings | Eatman Holdings, L.L.C. DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181 | $0.00 |
| Operating Agreement of Sierra Office Solutions, L.L.C. dated 09/20/00 | Dvorkin Holdings, L.L.C.; and Loran Eatman | Loran Eatman DDL Property One Trans Am Plaza Dr., Suite 120 Oakbrook Terrace, IL 60181 | $0.00 |

## EXHIBIT A - PART 2
## EXECUTORY CONTRACTS TO BE REJECTED

| EXECUTORY CONTRACT | COUNTER PARTIES TO EXECUTORY CONTRACT | CONTACT INFORMATION | PROPOSED CURE COST |
|---|---|---|---|
| Amended and Restated Operating Agreement of Sterling 18th Street, L.L.C. dated 07/20/12 | Riverplace, L.L.C.; MSS Property Investments, L.L.C.; and Craig Golden | (1) Craig Golden c/o Blue Star Properties 600 West Van Buren St., Suite 1000 Chicago, Illinois 60607; (2) Riverplace, L.L.C. c/o Scott Goodman Sterling Bay 1040 W Randolph Dr. Chicago, IL 60607; and (3) MSS Property Investments, LLC c/o Michael Sheetman 853 North Elston Ave. Chicago, IL 60642 | $0.00 |
| Nicor Gas - gas service for 1223 Maple Ave., Lisle, IL Account No. 18-47-21-5618-3 | Nicor Gas Dvorkin Holdings LLC | Nicor Legal Correspondence P.O. Box 190 Aurora, IL 60507 | $0.00 |
| Com Ed - electric service for 479 Business Ctr Unit 113, Mt. Prospect, IL Account No. 4561611063 | Com Ed Dvorkin Holdings LLC | Com Ed c/o Exelon Corporation Attn: Legal Correspondence PO Box 805398 Chicago, IL 60680-5398 | $0.00 |
| Com Ed - electric service for 479 Business Ctr Unit 112, Mt. Prospect, IL Account No. 4561601058 | Com Ed Dvorkin Holdings LLC | Com Ed c/o Exelon Corporation Attn: Legal Correspondence PO Box 805398 Chicago, IL 60680-5398 | $0.00 |