**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Case No. 12-31336 |
| | ) | |
| **DVORKIN HOLDINGS, LLC,** | ) | Chapter 11 |
| | ) | |
| **Debtor.** | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date:  November 30, 2017 |
| | ) | Hearing Time: 9:30 a.m. |

**COVER SHEET FOR SECOND AND FINAL APPLICATION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION TO CHAPTER 11 TRUSTEE, GUS A. PALOIAN
FOR THE PERIOD OF JULY 1, 2015 THROUGH NOVEMBER 6, 2017**

Name of Applicant:                    Gus A. Paloian, Not Individually, But Solely As The
                                      Chapter 11 Trustee

Authorized to Provide
Professional Services to:             The Estate

Date of Order Authorizing
Employment:                           October 16, 2012

Period for which Compensation
and Reimbursement is Sought:          July 1, 2015 through November 6, 2017

Amount of Final Fees Sought:          $ 172,370.82

Amount of Final Expense               $        0.00
Reimbursement Sought:

Amount of Final Compensation Sought:  $1,007,106.54

Amount of Final Expense
Reimbursement Sought:                 $        0.00

This is an:        Final        X   Interim Application

| | | | | TRUSTEE'S PRIOR INTERIM FEE APPLICATIONS IN CHAPTER 11 CASE | | |
|---|---|---|---|---|---|---|
| Interim App. | Filing Date & Docket Number(s) | Interim Period Covered | Total Fees Requested & [Allowed] | Total Expenses Requested & [Allowed] | Aggregate Allowed Fees & Expenses | Fees & Expenses Paid to Date |
| 1st | 7/8/15 [808] | 10/16/12 - 6/30/15 | $834,735.72 [$834,735.72] | $0.00 [0.00] | $834,735.72 | $834,735.72 |
| | | | | **TOTAL** | $834,735.72 | $834,735.72 |

Dated:  November 9, 2017

Respectfully submitted,
GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 11 Trustee of the Debtor's Estate,

By:/s/ Bret M. Harper
    Gus A. Paloian (06188186)
    Bret M. Harper (6299968)
    SEYFARTH SHAW LLP
    233 S. Wacker Drive, Suite 8000
    Chicago, Illinois 60606
    Telephone:  (312) 460-5000
    Facsimile:  (312) 460-7000
    gpaloian@seyfarth.com
    bharper@seyfarth.com

    *Counsel to Chapter 11 Trustee*
    *Gus A. Paloian*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Case No. 12-31336 |
| | ) | |
| **DVORKIN HOLDINGS, LLC,** | ) | Chapter 11 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| **Debtor.** | ) | Hearing Date:  November 30, 2017 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF SECOND AND FINAL APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION TO CHAPTER 11 TRUSTEE,
GUS A. PALOIAN FOR THE PERIOD  OF JULY 1, 2015
THROUGH NOVEMBER 6, 2016 AND HEARING**

TO:     PARTIES ON ATTACHED GENERAL SERVICE LIST

**PLEASE TAKE NOTICE** that on November 9, 2017, Gus A. Paloian, not individually,

but solely as the Chapter 11 Trustee ("Trustee") of the above-referenced bankruptcy estate

("Estate") filed his **Second and Final Application for Compensation the Period From July 1,**

**2015 Through November 6, 2017** (the "Application") with the United States Bankruptcy Court

for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court").  In the

Application, Trustee seeks final compensation in the amount of $206,739.32.  Notice of the

Application is being served upon:  (A) the Office of the United States Trustee, in care of Stephen

Wolfe, Esq.; (B) administrative and priority claimants and parties-in-interest; and (C) all

CM/ECF notice recipients.  All other entities may obtain copies of the Application upon request

to:  Ms. Jennifer M. McManus, Seyfarth Shaw LLP, 233 South Wacker Drive, Suite 8000,

Chicago, Illinois 60606; jmcmanus@seyfarth.com.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will

be held before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge for the United

States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in the courtroom

normally occupied by Her Honor, Courtroom 680, located at 219 South Dearborn Street,

Chicago, Illinois 60604, on **Thursday, November 30, 2017, at 9:30 a.m. prevailing Central**

**Time**, or as soon thereafter as the undersigned counsel may be heard.

Dated: November 9, 2017

Respectfully submitted,
GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 11 Trustee of the Debtor's Estate,

By: /s/ James B. Sowka _____
Gus A. Paloian (06188186)
Bret M. Harper (6299968)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
gpaloian@seyfarth.com
bharper@seyfarth.com

*Counsel to Chapter 11 Trustee*
*Gus A. Paloian*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on this 9th day of November, 2017, pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), she caused a copy of the attached:

1.     **Second and Final Application for Allowance and Payment of Compensation to Chapter 11 Trustee, Gus A. Paloian for the Period of July 1, 2015 Through November 6, 2017** to be served (1) electronically upon those parties who receive notice through the ECF system, which parties are so noted on the attached Service List; and (2) via Second Class U.S. Mail, postage prepaid, upon Patrick S. Layng c/o Stephen G. Wolfe, Office of the U.S. Trustee, Region 11, 219 S. Dearborn Street, Room 873, Chicago, IL  60604; and

2.     **Notice of Second and Final Application for Allowance and Payment of Compensation to Chapter 11 Trustee, Gus A. Paloian for the Period of July 1, 2015 Through November 6, 2017 and Hearing** to be served via Second Class U.S. Mail, postage prepaid, upon each of the parties so noted on the attached Service List.


/s/ Bret M. Harper                              
Bret M. Harper

35841951v.1

**DVORKIN HOLDINGS, LLC**
**Case No. 12-31336**

## CM/ECF ELECTRONIC MAIL DISTRIBUTION

| | |
|---|---|
| Jonathan E. Aberman | jaberman@vedderprice.com, ecfdocket@vedderprice.com |
| R. Scott Alsterda | rsalsterda@nixonpeabody.com |
| Samantha Babcock | sbabcock@chuhak.com; rsaldivar@chuhak.com |
| Gary I. Blackman | gblackman@lplegal.com; slevandowski@lplegal.com; druiz@lplegal.com |
| Timothy W. Brink | timothy.brink@dlapiper.com; docketingchicago@dlapiper.com; william.guthrie@dlaiper.com |
| Kurt M. Carlson | kcarlson@carlsondash.com, knoonan@carlsondash.com |
| David Chroust | david.chroust@icemiller.com |
| William J. Connelly | wconnelly@hinshawlaw.com; psullivan@hinshawlaw.com |
| Jonathan M. Cyrluk | cyrluk@carpenterlipps.com; haas@carpenterlipps.com |
| Michael J. Davis | mdavis@archerbay.com; davislaw80@gmail.com; jgreene@archerbay.com; llarson@archerbay.com |
| Jeffrey W. Finke | jwfinke@mindspring.com |
| Robert M. Fishman | rfishman@shawfishman.com |
| Whitney Fogelberg | wfogelberg@vedderprice.com |
| Matthew T. Gensburg | gensburgm@gtlaw.com; rosenthalr@gtlaw.com chidocket@gtlaw.com; ChiBkyDocket@gtlaw.com; greenbergc@gtlaw.com; sullivanka@gtlaw.com |
| Joshua D. Greene | jgreene@davisgreenelaw.com |
| Michael J. Gunderson | mgunderson@gundersontharp.com; lopez@gundersontharp.com |
| David A. Kallick | dkallick@tishlerandwald.com |
| Robin K. Kish | rkish@kdaolaw.com |
| David L. Kane | dkane@mpslaw.com; dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com |

| | |
|---|---|
| Gina B. Krol | gkrol@cohenandkrol.com; jhazdra@cohenandkrol.com; pmchugh@cohenandkrol.com |
| Forrest B. Lammiman | flammiman@mpslaw.com; dkane@mpslaw.com; srogovin@mpslaw.com; dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |
| David P. Leibowitz | dleibowitz@lakelaw.com; czuniga@lakelaw.com; jstorer@lakelaw.com; ecf@lakelaw.com |
| Emily N. Masalski | masalski@dlec.com, emasalski@yahoo.com |
| Colleen E. McManus | cmcmanus@carlsondash.com; kcarlson@carlsondash.com; knoonan@carlsondash.com; jbubacz@carlsondash.com |
| Kevin H. Morse | khmorse@arnstein.com |
| Paul T. Musser | paul.musser@kattenlaw.com |
| Matthew A. Olins | maolins@duanemorris.com |
| Marc S. Reiser | mreiser@shawfishman.com; jhampton@shawfishman.com |
| Thomas M. Paris | tp@tomparislaw.com |
| Rebecca D. Rosenthal | rosenthalr@gtlaw.com |
| Peter A. Siddiqui | peter.siddiqui@kattenlaw.com |
| Jean Soh | jsoh@polsinelli.com; jswitzer@polsinelli.com |
| Lawrence A. Stein | lstein@huckbouma.com; lkoster@huckbouma.com |
| Peter D. Sullivan | psullivan@hinshawlaw.com |
| Jerry L. Switzer | jswitzer@polsinelli.com, chicagodocketing@polsinelli.com |
| William W. Thorsness | wthorsness@vedderprice.com; ecfdocket@vedderprice.com |
| Michael L. Tinaglia | mltinaglia@tinaglialaw.com; jmwretzky@tinaglialaw.com |
| John R. Weiss | jrweiss@duanemorris.com |
| Stephen G. Wolfe | steve.g.wolfe@usdoj.gov; jennifer.r.toth@usdoj.gov |

35841951v.1

## SERVICE LIST

## VIA UNITED STATES MAIL

Patrick S. Layng
c/o Stephen G. Wolfe
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL  60604

Tishler & Wald (not deliverable at this address)
200 S. Wacker Drive, Suite 3000
Chicago, IL  60606

North Shore Bank
7800 Lincoln Avenue
Skokie, IL  60077

Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

1 Transam Plaza (Oakbrook Terrace) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

1000 N. Halsted LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

1055 W 175th (Homewood) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

1101 Tower Rd (Schaumburg) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Dvorkin Holdings, LLC
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

A-Plus Plumbing, Inc.
733 W. Estes Avenue
Schaumburg, IL  60193

Blue Star Holdings LLC
c/o Michael Tuchman
2 N. LaSalle Street, Suite 1300
Chicago, IL  60602

Dahl & Bonadies, LLC
James E. Dahl
30 N. LaSalle Street, Suite 1500
Chicago, IL  60602

MB Financial Bank, N.A.
Attn:  Mark Kosminskas
6111 N. River Road
Rosemont, IL  60018

McGrath Lexus of Westmont
500 E Ogden Avenue
Westmont, IL  60559-1228

Toyota Motor Credit Corporation (TMCC)
P.O. Box 8026
Cedar Rapids, IA  52408-8026

Dan Air Holdings, L.L.C.
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

35841951v.1

11824 S.W. Highway (Palos Heights) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Daniel Dvorkin
1636 Highland Avenue
Lombard, IL  60148

1203 Maple (Lisle), LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Daniel G. Dvorkin Insurance Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

1230 S. Highland (Lombard) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Daniel G. Dvorkin Revocable Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

125-165 W. Dundee Road (Buffalo Grove),
LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Daniel Hyman
Millenium Properties
200 W. Madison Avenue, 36th Floor
Chicago, IL  60606

1275 Davis (Elgin), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

DDL Property Limited
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

1611 Stewart Street LLC
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL  60602

Debi Kight
DDL Property
One Trans Am Plaza Dr., Suite 120
Oakbrook Terrace, IL  60181

1920 S. Highland (Lombard), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Department of the Treasury
Internal Revenue Service
P.O. Box  7346
Philadelphia, PA  19101-7346

1941 Selmartin (Aurora), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

DH-EK Management Corporation
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

2150 N. Clybourn (Chicago) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Dupage Office Leasing, Inc.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL  60602

2200 South Main (Lombard) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

246 E. Janta (Lombard), LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

25210 W. Reed Street (Channahon), LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

328 S. Jefferson (Chicago) SG, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

3330-40 West Dundee (Northbrook) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

444 N. Wabash (Chicago), LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

4949-5001 W. Oakton Residential Financing
(Skokie) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

4949-5001 W. Oakton Retail (Skokie) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

560 West Washington (Chicago), L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Dvorkin Children's Trust dated March 5, 1998
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

EIS Kalt LLC
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

Epaminodas Karvelas
Christopher Karvelas
Emersons Street Grill, Inc.
113 S. Emerson
Mt. Prospect, IL  60056

Esther Jackson
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Farnsworth (Aurora) Bisel, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Farnsworth (Aurora) Lando LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Flossmoor - Plaza DH Holdings, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Flossmoor Commons (Professional), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Flossmoor Commons (Retail), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

606 W. Roosevelt (Chicago), L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

6200 N. Rockwell (Chicago) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

640-650 Lake Street, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

920 Roosevelt (West Chicago), L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

956 N. Neltnor (West Chicago), L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

975 Nerge (Roselle) LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Aaron Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Aaron's Children's Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Ariel Weissberg
Weissberg & Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605

Francine Dvorkin Revocable Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Glenwood Residential, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Golden Holdings, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Goldfarb Properties, LLC
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Greystone Associates, Inc.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Highland Avenue Qualified Personal
Residence Trust
One Trans Am Plaza Drive, Suite 120
Oakbrook Terrace, IL 60181

Inverarry Family Trust
1220 Rudolph Dr., Apt. 2F
Northbrook, IL 60062

Jackie Cullen
1 Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Jackson Trust
Esther/Julianne Jackson
4075 W. Bonanza Drive
Beverly Hills, FL 34465

11

Auto Gallery Chicago, LLC
Peter Alvarez
12 W. Factory Road
Addison, IL  60101

Ambry Estates Joint Venture (Lynwood), LLC
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL  60602

American Equine Insurance Group, LTD.
Michael J. Morrisroe
114 S. Bloomingdale Road
Bloomingdale, IL  60108

Ameriprise Financial Services, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

Barone & Jenkins, P.C.
Anthony G. Barone
635 Butterfield Rd., Suite 145
Oakbrook Terrace, IL  60181

Barry Milowitz
The Milowitz Office
3 Wyldwood
Tarrytown, NY  10591

Beit Dan, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Belmont Financial Group, Inc.
Belmont Bank & Trust
BFKPN Corporate Services Inc.
8250 W. Belmont Avenue
Chicago, IL  60634

Beverly Dvorkin
700 W. Grand Avenue, Apt. 5
Chicago, IL  60654-5173

Kinman Enterprises, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Steve Kling
Colliers International
6250 N. River Road, Suite 11-100
Rosemont, IL  60018

Leah - Beverly Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

Levenfeld Pearlstein
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL  60602

Lynwood DT Investors LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Lynwood Land Company, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

M. Morgan Trust
23123 N. Cardenas
Sun City W, AZ  85375

Matteson, LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL  60505

Midland Equities
Charles Hold
One Trans Am Plaza Drive
Suite 310
Oakbrook Terrace, IL  60181

Beverly Children's Trust
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

Blue Star Gearing, LLC
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Blue Star Properties, Inc.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Bruce Teitelbaum
1363 Shermer Rd., Ste. 212
Northbrook, IL 60062

BT Holdings, LLC
Rakik Boughadou
1200 Harger Road
Suite 325
Oak Brook, IL 60523

Caryn Kolton
c/o Keith Kolton
2929 W. Balmoral
Chicago, IL 60625

Channahon Plaza, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Chicago Commercial, L.L.C.
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Nigel and Ellen Rhodes
1980 W. Downer Place
Aurora, IL  60508

North Shore Community Bank & Trust
c/o Robert J. Huguelet Jr., PC
10749 Winterset Drive
Orland Park, IL  60467

Northgate Plaza (Aurora), L.L.C.
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

BDO USA LLP
Sharyl A. Ross, CPA
9500 Bryn Mawr Ave., Suite 300
Rosemont, IL  6018-5257

Oak West (Oakbrook Terrace) Office LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Oxford Bank & Trust
Attn:  Devon J. Eggert
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL  60606

Plaza (Arlington Heights) Office LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Private Bank & Trust Co.
PrivateBank Corp.
James Thompson, Managing Director
The Private Bank and Trust Company
70 W. Madison, Suite 200
Chicago, IL 60602

13

Craig Golden
Blue Star Properties, Inc.
600 W. Van Buren Street, Suite 1000
Chicago, IL 60607

Craig Yale
2801 Lakeside Drive
Suite 207
Bannockburn, IL  60015

Texas 1845 LLC
Michael Mulcaby
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601

Star Park LLC
c/o Richard M. Goldwasser
Schoenberg Finkel Newman & Rosenberg
222 S. Riverside Plaza, Suite 2100
Chicago, IL  60606

Schaumburg Bank & Trust Company
c/o Samantha Licker
Garfield & Merel, Ltd.
180 N. Stetson, Suite 1300
Chicago, IL  60601

Dyek-O'Neal, Inc. returned undel. as addressed
P.O. Box 13370
Arlington, TX  76094

Rachel Dvorkin
undeliverable as addressed
1653 Pebblebeach Circle
Elgin, IL 60123

Sterling 18th Street LLC
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602

Sierra Office Solutions LLC
Steven D. Titiner
1700 N. Farnsworth Avenue, Suite 11
Aurora, IL 60505

Stoller-Lieberman Holdings
undeliverable as addressed
James Stoller
The Building Group
1045 W. Lawrence Avenue
Chicago, IL 60640

Zifco Corporation
Ed Zifkin
513 Central Avenue, Suite 400
Highland Park, IL  60035

David D. O'Sullivan
Springer, Brown, Covey, Gaertner & Davis, LLC
1755 S. Naperville Road, Suite 200
Wheaton, IL  60189

14

Chicago Title Land Trust Company as Trustee
for Trusts
C T Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604
and
Robert Kuzma
10 S. LaSalle, Suite 2750
Chicago, IL 60603

Re:
Land Trust 34383
Land Trust 1636-Y
Land Trust 42470
Land Trust 43314
Land Trust 44203
Land Trust 44204
Land Trust 94-6075
Land Trust 95-6296

John Robert Weiss
DUANE MORRIS LLP
190 S. LaSalle St., Suite 3700
Chicago, IL 60603-3433

Eatman Holdings, L.L.C.
Michael J. Tuchman
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
and
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL  60181

Re:
Chicago Commercial
Cross Creek Office Center
Flossmoor Commons (Professional), L.L.C.
Flossmoor Commons (Retail), L.L.C.
Glen Ellyn Venture Trust 37330
1920 Highland
Matteson
Palos Heights
Selmarten
Trans Am Plaza

Loran Eatman
Dvorkin Holdings, LLC
One Trans Am Plaza Drive
Suite 120
Oakbrook Terrace, IL 60181

15

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Case No. 12-31336 |
| | ) | |
| **DVORKIN HOLDINGS, LLC,** | ) | Chapter 11 |
| | ) | |
| **Debtor.** | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date:  November 30, 2017 |
| | ) | Hearing Time: 9:30 a.m. |

**SECOND INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT**
**OF COMPENSATION TO CHAPTER 11 TRUSTEE, GUS A. PALOIAN**
**FOR THE PERIOD OF JULY 1, 2015 THROUGH NOVEMBER 6, 2017**

Pursuant to 11 U.S.C. §§ 326, 330, 331, 503(a) and (b), 506(c), and 507(a)(2), and

Federal Rule of Bankruptcy Procedure 2016, Gus A. Paloian, not individually, but solely as the

Chapter 11 Trustee ("Trustee") of the above-referenced bankruptcy estate ("Estate") hereby files

his Second and Final Application for Compensation (the "Application") for services rendered

during the period July 1, 2015 Through November 6, 2017 (the "Application Period").  In

support of this Application, Trustee respectfully states as follows:

**INTRODUCTION**

1.     Trustee makes this Application pursuant to:  (i) Sections 326, 330, 331, 503(a)

and (b), 506(c), and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through

1330, as amended (the "Bankruptcy Code");  (ii) Rule 2016 of the Federal Rules (the "Rules") of

Bankruptcy Procedure;  (iii) certain applicable provisions of the Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as

adopted by the Office of the United States Trustee;  (iv) Rule 5082-1 of the Local Bankruptcy

35841951v.1

Rules for the United States Bankruptcy Court for the Northern District of Illinois; and (v) other applicable case law discussed herein.

2.      Congress revised the standards for compensation of trustees through enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *See In re Salgado-Nava* (9th Cir. BAP 2012). Based upon the BAPCPA amendments, and the facts and circumstances of this case, the Trustee seeks compensation in an amount equal to the commission set forth pursuant to Bankruptcy Code section 326(a).

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

4.      This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(a) of the United States District Court for the Northern District of Illinois.

5.      Venue is proper under 28 U.S.C. §§ 1408 and 1409. Consideration of this Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).

6.      Fees sought in this Application are for services rendered by the Trustee in his capacity as Chapter 11 Trustee.

## BACKGROUND

7.      On August 7, 2012, the Debtor initiated this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and, during the onset of the case, remained in possession and control of its assets and operated its business under §§ 1107 and 1108 of the Code as debtor-in-possession. Loran Eatman ("Mr. Eatman"), vice president of DH-EK Management Corp., ("DH-EK") signed the petition as the Debtor's authorized individual.

8.      On August 17, 2012, the Debtor filed its schedules of assets and liabilities and its statement of financial affairs. *See* Dkt. No. 11. Five days after that, the Debtor filed a set of amended schedules and an amended statement of financial affairs. *See* Dkt. Nos. 20, 21 and 22.

35841951v.1

According to the amended statement of financial affairs, Francine Dvorkin ("Mrs. Dvorkin") and several Dvorkin family entities own a controlling interest in the Debtor as more fully described below.  Mrs. Dvorkin is married to Daniel Dvorkin ("Mr. Dvorkin").

9.    The Debtor, through its subsidiaries or related entities, is primarily involved in commercial real estate investment and management. The Debtor, through one or more limited liability companies and land trusts, at one time possessed ownership interests in approximately seventy (70) parcels of real property.  These real properties include developed and undeveloped parcels.  The developed parcels consist of office, retail, industrial, and residential properties in Chicago and the surrounding suburbs.

10.    The Debtor listed in its amended Schedule B ownership interests in more than 40 partnerships and joint ventures, all of which are limited liability companies (the "Nondebtor LLCs").  The Debtor also disclosed beneficial interests in 14 land trusts ("Land Trusts").  According to its amended Schedule H, the Debtor was a co-debtor or guarantor of the debt for at least 44 entities, most of which appear to be Non-Debtor LLCs or Land Trusts.

11.    In addition to the Dvorkin family's ownership interests in the Debtor, public records indicate Mrs. Dvorkin occupies a significant management position in DH-EK.  According to the Illinois Secretary of State's website, Mrs. Dvorkin is the president of DH-EK, the company which employs Mr. Eatman and is managing member of the Debtor.  The Secretary of State's website also indicates that Mr. Eatman serves as registered agent for both DH-EK and the Debtor.  Upon information and belief, Mr. Dvorkin played a role in managing the Debtor's business affairs prior to the commencement of this case.

12.    Mr. Dvorkin was indicted and convicted in a proceeding pending in the United States District Court for the Northern District of Illinois for his alleged involvement in a murder

35841951v.1

for hire plot.  *See* Case No. 12 CR 00500, *USA V. Dvorkin.*The Debtor's counsel has represented

that Mrs. Dvorkin terminated Mr. Dvorkin's relationship with the Debtor approximately two

weeks after his arrest, and then put Mr. Eatman in control of the Debtor shortly before the filing

of this case.

13.     In its Statement of Financial Affairs, the Debtor listed the following members

("Members") with ownership interests in the Debtor: (i) EIS KALT, LLC with a 27.778%

ownership interest; (ii) Francine Dvorkin Irrevocable Trust with a 5% ownership interest; (iii)

Beverly Trust with a 33.6111% ownership interest; and (iv) Aaron Trust with a 33.6111%

ownership interest.  *See* Dkt. No. 11, at p. 38.  The Members of the Debtor are owned, or

otherwise controlled by Francine Dvorkin, Aaron Dvorkin, and Beverly Dvorkin (the "Equity

Interest Holders").

14.     On August 24, 2012, the U.S. Trustee filed a Motion to Appoint Chapter 11

Trustee.  *See* Dkt. No. 29.  On August 29, 2012, creditor SecondMerit Bank, N.A. filed its

Motion to Appoint Chapter 11 Trustee.  *See* Dkt. No. 32.  On October 1, 2012, the Court granted

the U.S. Trustee's Motion to Appoint a Chapter 11 Trustee.  *See* Dkt. No. 80.

15.     On October 3, 2012, The U.S. Trustee filed its Motion for Approval of the

Appointment of Gus A. Paloian as Chapter 11 Trustee.  *See* Dkt. No. 83.  On October 16, 2012,

the Bankruptcy Court entered the Order approving the appointment of Gus A. Paloian as Chapter

11 Trustee.  *See* Dkt. No. 96.

16.     On October 18, 2012, the Trustee filed the Application of Chapter 11 Trustee Gus

A. Paloian to Employ Seyfarth Shaw LLP as His Counsel Retroactively (the "Employment

Application").  The terms of Seyfarth's employment are memorialized in the Employment

Application.  *See* Dkt. No. 104.

35841951v.1

17.     On November 5, 2012, the Court entered its order authorizing the employment of Seyfarth to render services to the Trustee that are necessary and beneficial to administering the Estate (the "Retention Order").  *See* Dkt. No. 122.  On February 15, 2013, the Trustee filed his Amended Application to Clarify Scope of Employment of Seyfarth Shaw LLP (the "Amended Employment Application"), which the Court approved on February 28, 2013 (the "Amended Retention Order" and, with the Retention Order, collectively the "Seyfarth Retention Orders"). *See* Dkt. No. 215.

18.     Since the Petition Date, certain Creditors of the Debtor or Creditors of Affiliates of the Debtor moved for and obtained relief from the automatic stay in order to foreclose upon real property.  In addition, the Chapter 11 Trustee filed numerous motions for the approval of the sale of real property, whether owned directly by the Debtor or by the Debtor's Affiliates.  These sales benefitted the Debtor's Estate in two ways.  First, the real property sales resulted in the payment of mortgages against the real properties which reduced related Secured Claims and/or guaranty Claims against the Estate.  Second, the Debtor's Estate received any net sale proceeds from the sales of the real properties.

19.     The Chapter 11 Trustee settled several adversary proceedings which resulted in the collection of settlement proceeds for the Estate and reductions of liabilities against the Estate.

20.     On March 31, 2015, the Trustee and the Equity Interest Holders (collectively, the "Plan Proponents") filed their Amended Joint Chapter 11 Plan of Reorganization (Dkt Nos. 659) (the "Plan"), and on June 26, 2015, the Plan Proponents filed an amendment to the Plan, Dkt. No. 778.

21.     The Plan provides for 100% distributions to general unsecured creditors and allows holders of equity interests to retain their interests in the Debtor.

35841951v.1

22.     On April 20, 2015, ColFin Bulls Funding A, LLC ("Lender") filed an adversary

complaint against Chapter 11 Trustee, Adv. No. 15-00264 (the "Adversary Proceeding") seeking

a declaration that, among other things, Chapter 11 Trustee breached an earlier agreement to sell

certain property.  Thereafter, Chapter 11 Trustee filed a counterclaim against Lender seeking a

declaration that, among other things, Lender is obligated to consensually release a mortgage.

Chapter 11 Trustee and Lender thereafter filed cross-motions for partial summary judgment in

the Adversary Proceeding.  On November 25, 2015, the Bankruptcy Court entered a

Memorandum Decision denying Lender's motion for partial summary judgment, granting

Chapter 11 Trustee's motion for partial summary judgment in part, and staying the remainder of

Chapter 11 Trustee's motion pending the completion of discovery.  On August 24, 2016, after

completion of discovery and supplemental briefing, the Bankruptcy Court heard argument on

Chapter 11 Trustee's motion for partial summary judgment and then took the matter under

advisement

23.     On May 7, 2015, over the objections of Lender and other creditors, the

Bankruptcy Court entered an order approving the amended disclosure statement filed by Chapter

11 Trustee and the Equity Interest Holders in support of the Plan

24.     On June 30, 2015, over the objections of Lender and other creditors, the

Bankruptcy Court entered an order (the "Confirmation Order") confirming the Plan.  On July 9,

2015, Lender filed an appeal of the Confirmation Order.  On March 29, 2016, the District Court

entered a Memorandum Opinion (the "Confirmation Appellate Order") reversing the

Confirmation Order in part and remanding the matter to the Bankruptcy Court for further

proceedings to determine, among other things, the appropriate rate of post-petition interest to be

awarded to Lender in light of its opinion (the "Confirmation Order Remand Proceeding" and,

together with the Purchase Approval Order Remand Proceeding, the "Remand Proceedings").

On April 28, 2016, Chapter 11 Trustee filed a motion to certify (the "Motion to Certify") the

Confirmation Appellate Order for an interlocutory appeal to the U.S. Circuit Court of Appeals

for the Seventh Circuit (the "Seventh Circuit").  After briefing by Chapter 11 Trustee and

Lender, the District Court took the Motion to Certify under advisement.

25.     On November 19, 2015, over the objection of Lender, the Bankruptcy Court

entered an order (the "Claim Objection Order") sustaining Chapter 11 Trustee's objection to the

portion of Lender's Amended Proof of Claim consisting of post-petition interest.  On November

20, 2015, Lender filed an appeal of the Claim Objection Order, Appellate Case No. 1:15-cv-

10512, to the District Court.  On August 23, 2016, the District Court entered an Order (the

"Claim Objection Appellate Order") sustaining the Claim Objection Order.  On September 23,

2016, Lender filed an appeal of the Claim Objection Appellate Order, Appellate Case No. 16-

3512 (the "Claim Objection Appellate Order Appeal"), to the Seventh Circuit.  The Claim

Objection Appellate Order Appeal remains pending.

26.     On November 25, 2015, the Bankruptcy Court entered an order (the "ASM Claim

Objection Order") overruling Lender's objection to proof of claim no. 14 filed by ASM (the

"ASM Claim").  On December 8, 2015, Lender filed an appeal of the ASM Claim Objection

Order.  On April 26, 2016, the District Court entered a Memorandum Opinion and Order and

related Order (collectively, the "ASM Claim Objection Appellate Order") reversing the ASM

Claim Objection Order as set forth therein.  On May 24, 2016, Chapter 11 Trustee filed an appeal

of the ASM Claim Objection Appellate Order, to the Seventh Circuit.

27.     On January 26, 2017, the Trustee and Lender entered into a settlement agreement

to resolve all claims between Lender, the Estate, and Affiliates.  The settlement agreement

22

required that numerous conditions be fulfilled before effectiveness, including vacating orders on appeal, dismissing appeals, escrowing settlement funds, and releasing mortgages.  The settlement agreement has been fully implemented.

28.    With the resolution of Lender's claims against the Estate, Chapter 11 Trustee is prepared to vest remaining property of the Estate with the reorganized Debtor and take steps to complete the administration of the Estate.

29.    The Trustee and the Estate in their capacity as agent for the various Land Trusts under powers of direction, the Nondebtor LLCs as manager thereof, and other entities (collectively referred to as the "Affiliates") owned or controlled, in whole or in part, by the Estate as disclosed in the amended bankruptcy schedules and statement of financial affairs have undertaken the sale of assets, including real property, owned by such Affiliates and the ongoing wind-up of such Affiliates.

## ANALYSIS

A.    **BAPCPA Amendments to Chapter 11 Trustee Compensation.**

30.    Bankruptcy Code sections 326(a) and 330(a) of the Bankruptcy Code guide bankruptcy courts in determining the amount of compensation to be awarded to trustees.  *See Staiano v. Cain (In re Lan Assocs. XI, L.P.)*, 192 F.3d 109, 115 (3d Cir. 1999);  *In re Jenkens*, 130 F.3d 1335, 1337 (9th Cir. 1997).  BAPCPA revised trustee compensation standards through amendments to Bankruptcy Code section 330.  BAPCPA left the provisions of Bankruptcy Code section 326(a) unchanged.

31.    Section 326(a) limits the maximum amount of compensation that may be awarded to a Chapter 7 trustee.  *In re Churchfield Mgmt. & Inv. Corp.*, 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.).This amount is "calculated by a percentage of the moneys brought into the Estates by the trustee's services."*Id.*  In this respect, § 326(a) provides:

23

> In a case under chapter 7 or 11 . . . the court may allow reasonable compensation
> under section 330 of this title of the trustee for the trustee's services, payable after
> the trustee renders such services, not to exceed 25 percent on the second $5,000 or
> less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5
> percent on any amount in excess of $50,000 but not in excess of $1,000,000, and
> reasonable compensation not to exceed 3 percent of such moneys in excess of
> $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to
> parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).  The general standard for approving requests for compensation is stated in

§330(a)(1), as follows:

> After notice to the parties in interest and the United States Trustee and a hearing,
> and subject to sections 326, 328, and 329, the court may award to a trustee, [or to]
> a professional person employed under section 327 or 1103–
>
>      (A) reasonable compensation for actual, necessary services
> rendered by the trustee, examiner, professional person, or attorney and by
> any paraprofessional person employed by any such person.

11 U.S.C. § 330(a)(1).

32.     BAPCPA left Bankruptcy Code section 330(a)(1) unchanged.  Therefore, the

Court has the power to determine the reasonableness of the compensation requested by a chapter

11 trustee, up to the limit set forth in Section 326.  *See i.e. In re The Landing, Inc.*, 142 B.R. 169,

171 (Bankr. N.D. Ohio 1992) (collecting cases).  As such, reasonableness remains the touchstone

of the analysis.

33.     However, BAPCPA added Bankruptcy Code section 330(a)(7), which provides:

"In determining the amount of *reasonable* compensation to be awarded to a trustee, the court

shall treat such compensation as a commission, based on section 326." 11 U.S.C. section

330(a)(7) (emphasis added).  Therefore, Section 330(a)(7) makes clear that Courts "shall" use

the Section 326 commission calculation as a starting point for its reasonable analysis.  3 COLLIER

ON BANKRUPTCY ¶ 330.03[1][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

34.     Bankruptcy Code section 330(a)(3) contains certain additional factors a Court is to consider in undertaking any reasonableness analysis for chapter 11 trustees.  Thus, where "chapter 11 trustee fees are at issue, the bankruptcy court may be called upon … to determine whether there exists a rational relationship between the amount of the [Section 326] commission and the type and level of services rendered." *Salgado-Nava,* 473 B.R. at 921.  Section 330(a)(3) provides the following:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;  and
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title 11 U.S.C. § 330(a)(3).

11 U.S.C. § 330(a)(3).

## B.     Calculation of the Trustee's Compensation.

35.     The Trustee has collected $32,795,217.86 in Estate funds.  To date, the Trustee has distributed $31,246,235.97 from the Estate.[1]  These figures do not include any receipts and

---

[1]This amount includes distributions issued by the Trustee under the Joint Amended Plan.

35841951v.1

disbursements made by the Debtor's affiliated entities.  The Trustee will return cash to the

Debtor in the case after payment of all final allowed professional claims.

36.    The maximum compensation allowable to the Trustee, based upon the

$32,795,217.86 in distributions to date, and based upon Section 326(a) of the Code, is

$1,007,106.54 calculated as follows:

| | | |
|---|---|---|
| 25% of the second $5,000.00 | = | $1,250.00 |
| 10% of the next $45,000.00 | = | $4,500.00 |
| 5% of the next $950,000.00 | = | $47,500.00 |
| 3% of $31,795,217.86 | =$ | 953,856.54 |
| **MAXIMUM COMPENSATION ALLOWABLE** | =$ | 1,007,106.54 |
| PREVIOUS COMPENSATION ALLOWED AND PAID | = $ | 834,735.72 |
| **UNPAID COMPENSATION AVAILABLE** | = $ | 172,370.82 |

**C.     Prior Applications Filed by the Trustee.**

37.    This Application is the Trustee's second and final application.  The Trustee has

made one prior application for compensation in this case.

**D.     Reasonableness of the Services Rendered by the Trustee During the Application
Period.**

38.    Pursuant to Section 330(a)(7), reasonableness analysis under Section 330(a)(1)

now begins with the Section 326 commission calculation set forth above.  Pursuant to Section

330(a)(3), reasonableness analysis also includes the Lodestar factors, the level of skill exhibited,

the necessity of the services, the results achieved, the customary compensation charged by

comparably skilled practitioners, and other factors.  Based on the reasonableness analysis set

forth below, the Trustee should be awarded the full commission under Section 326.

35841951v.1

39.    For purposes of the Lodestar analysis, during the Application Period, the Trustee performed 215.10 hours of actual and necessary services on behalf of the Estate, with a total hourly value of $76,752.50.  An itemized and detailed statement describing the Trustee's services is attached hereto as **Exhibit A**.  Those services include, but are not limited, to the following:

- Overseeing case administration; instructing counsel to prepare necessary pleadings and motions in the case;

- Monitoring and developing strategy, in connection with Trustee's counsel and special counsel, in connection with prosecution and settlement of adversary proceedings and dismissals of appeals;

- Attending to the Estate's tax obligations, including filing of Estate tax returns;

- Finalizing claim distribution;

- Managing the Estate's cash on hand, including investing the Estate's funds in interest bearing accounts; consolidating estate accounts; reconciling accounts; and maintaining a report of cash receipts and disbursements;

- Preparing semi-annual and annual reports to the United States Trustee's Office;

- Filing annual reports for estate entities; and

- Effectuating the Plan.

40.    The services performed by the Trustee also included the oversight and administration of the Estate's interests in approximately 70 Affiliates that hold or held title to numerous real properties constituting the Estate's primary assets and source of liabilities.  One of the Trustee's primary functions in this capacity was coordinating the sale of interests in 27 real properties which, over the course of the case, resulted in recoveries for the Estate in the aggregate amount of $14,696,972.90.  Furthermore, 25 of the 27 real property sale transactions were by the Affiliates and therefore took place outside of the Estate.  This is significant, because the non-equity distributions associated with those 25 sales outside of the Estate are not included

in the Section 326 commission set forth above even though many of the disbursements made in those transactions satisfied or reduced claims against the Estate, such as mortgages guaranteed by the Debtor.  The amount of distributions made in the 25 real property sales that are not included in the Section 326 commission total $16,523,115.15 which would have generated an additional $442,443.46 in compensation for the Trustee.

41.     In addition, because the Debtor is a holding company, nearly all of the receipts and disbursements of cash related to ordinary course operations took place outside the Estate at the Affiliate level and are therefore not included in the compensation sought by the Trustee.  The ordinary course receipts and disbursements were monitored by the Trustee and total in the millions of dollars.

42.     Also relevant to the reasonable analysis, is that the Trustee negotiated the sale of real property located at 444 N. Wabash, Chicago, IL without a broker for $8,150,000.  *See* Dkt. No. 376.  The Debtor scheduled the value of its interest in the property at $2,280,000.  The Trustee procured a sale of the property for a difference of $5,870,000 greater than the scheduled value.  Based on the commission rates for real estate brokers retained by the Estate, the sale of the 444 N. Wabash real property with a broker would have generated a brokerage commission equal to $336,000.

43.     During the Case, the Trustee also reached a court-approved settlement with Craig Golden and Golden Holdings, LLC regarding the sale of interests in jointly-own investments consisting mostly of minority positions in LLCs.  *See* Dkt. No. 533.  Pursuant to the Agreement, the Estate received (i) cash in the amount of $8,250,000 and (ii) authority to cause the sale of the real property which resulted in a distribution to the Estate of greater than $1,250,000.  The Trustee achieved the settlement and sale without the use of a broker.  Based on the commission

28

rates for brokers retained by the Estate, the sale of the interests in the jointly owned interests would have resulted in a commission equal to $340,000.

44.    On June 17, 2013, the Trustee obtained Bankruptcy Court approval for a settlement with defendant Blue Star Gearing, LLC (Dkt. No. 263) whereby cash with a value of $1,360,000 and certain promissory notes, mortgages and related loans with an estimated value of $6,500,000 were transferred to DH Mortgage Holder, LLC, a wholly-owned affiliate of the Debtor. These assets either have been, or could be, utilized to achieve substantial consummation of the Joint Amended Plan.

45.    The Trustee resolved extensive litigation with Lender with respect to claims arising from mortgages on several Estate properties. The Estate's litigation with Lender was extensive, and resulted in a favorable settlement for the Estate, reducing a maximum Lender claim of $3,732,545.25 to a claim of $1,900,000.00, for a total benefit to the Estate of $1,832,545.25.

46.    The Trustee also reduced the value of the 29 proofs of claim from $64,966,667.88 to an amount less than $25,000,000. All allowed claims have been, or will be, paid in full with post-petition interest equal to the federal judgment rate. The Trustee further expects to re-vest assets in the Debtor including case and interests in LLCs and Trusts that hold real property.

47.    Accordingly, the Trustee submits that final compensation equal to the requested Section 326 commission of $1,007,106.54, of which $834,735.72 has previously been awarded, is reasonable based on the facts and circumstances of the Case.

## NOTICE

48.    On November 9, 2017, the Trustee served copies of this Application and the Notice of Application on The Office of the United States Trustee, in care of Stephen G. Wolfe, and the parties on the attached CM/ECF Service List. In addition, the Trustee served the Notice

35841951v.1

of Application on the parties on the attached Service List, which includes: (1) the twenty (20) largest creditors, (2) parties that have requested service, and (3) administrative and priority claimants.  The Notice of Application informs the creditors that they can request a copy of the Application from the Trustee.  Pursuant to Bankruptcy Rule 2002(a)(2) and (a)(6), and due to the expense that would be incurred by the Estate in serving this Application upon all creditors in the Case, the Trustee respectfully submits that sufficient notice has been provided.

## NO PRIOR REQUEST

49.      No prior request for the relief requested by this Application has been made to this Court or to any other court.

## CONCLUSION

WHEREFORE, Gus A. Paloian, as Chapter 11 Trustee of the Estate of Dvorkin Holdings, LLC respectfully requests that the Court enter an Order:

A.      Allowing and awarding compensation to the Trustee in the amount of $172,370.82 for the Application Period;

B.      Allowing and awarding final compensation in the Case to the Trustee in the amount of $1,007,106.54;

C.      Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate; and

D.      Granting such other and further relief as the Court deems just and proper.

Dated: November 9, 2017                    Respectfully submitted,

                                           GUS A. PALOIAN, not individually or
                                           personally, but solely in his capacity as the
                                           Chapter 11 Trustee of Debtor's Estate


                                           By:/s/ Bret M. Harper
                                               Gus A. Paloian (6188186)
                                               Bret M. Harper (6299968)
                                               SEYFARTH SHAW LLP
                                               233 South Wacker Drive, Suite 8000
                                               Chicago, Illinois 60606
                                               Telephone:  (312) 460-5000

                                               *Counsel to Chapter 11 Trustee Gus A. Paloian*

35841951v.1